IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

FLORIDA GAMING CENTERS, INC.,
*et al.,*[1]

_____ Debtors.    /

Chapter 11

Case No. 13-29597-RAM
(Joint Administration Requested)

### EMERGENCY APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING EMPLOYMENT AND RETENTION OF SALAZAR JACKSON, LLP AS GENERAL COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO PETITION DATE

#### BASIS FOR EMERGENCY RELIEF

**Miami Jai-Alai** requests an immediate emergency hearing in this matter in order for Miami Jai-Alai to retain counsel as soon as possible. Miami Jai-Alai respectfully requests that the Court waive the provisions of Local Rule 9075-1(B), as the relief requested herein is urgent in nature and does not lend itself to advance resolution, and further submits that the relief sought herein satisfies the requirements of Federal Rule of Bankruptcy Procedure 6003(a) and is necessary to avoid immediate and irreparable harm notwithstanding that this Motion is being filed within 21 days of the filing of the petition.

Debtors, Florida Gaming Centers, Inc. ("**Florida Gaming Centers**"), Florida Gaming Corporation ("**Florida Gaming Corp.**"), Tara Club Estates, Inc. ("**Tara**") and Freedom Holding, Inc. ("**Freedom**")(collectively, "**Miami Jai-Alai**") files this *Emergency Application for Entry of Interim and Final Orders Authorizing Employment and Retention of Salazar Jackson, LLP as General Counsel for Debtors and Debtors-in-Possession, Nunc Pro Tunc to Petition Date* (the "**Application**") through which Miami Jai-Alai respectfully requests, pursuant to Bankruptcy

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

Code Section 327(a), Federal Rules of Bankruptcy Procedure 2014, 2016, and 6003, and Local Rule 9075-1, the immediate entry of an interim order authorizing the employment and retention of Luis Salazar and the law firm of Salazar Jackson, LLP (**"Salazar Jackson"**), as general bankruptcy counsel to Miami Jai-Alai, *nunc pro tunc* to the Petition Date (defined below), and the further entry of a final order authorizing the employment and retention of Salazar Jackson on a final basis at such time as permitted under Bankruptcy Rule 6003(a). The facts and circumstances supporting this Application are set forth herein and in the Affidavit of Luis Salazar, a partner with Salazar Jackson (the **"Salazar Affidavit"**) attached hereto as **Exhibit "A."** In support of this Application, Miami Jai-Alai respectfully states:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.       The statutory predicates for the relief requested herein are Bankruptcy Code Section 327(a), Federal Rules of Bankruptcy Procedure 2014, 2016 and 6003, and Local Rule 9075-1.

## BACKGROUND

3.      On the date hereof (the **"Petition Date"**), Miami Jai-Alai filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the Southern District of Florida.

4.      Since that time Miami Jai-Alai has operated as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, no trustee or examiner having been

sought or appointed.  As of the date of this Application, an official committee of creditors has not been appointed.

**RELIEF REQUESTED**

5.      Miami Jai-Alai seeks the (a) immediate entry of an interim order authorizing the employment and retention of Salazar Jackson as general bankruptcy counsel in connection with these Chapter 11 cases and related matters and proceedings; and (b) entry of a further order authorizing the employment and retention of Salazar Jackson on a final basis at such time as permitted under Bankruptcy Rule 6003(a).

6.      Miami Jai-Alai seeks to retain Salazar Jackson in connection with this case because it believes the firm is well qualified to act as its general counsel.  In particular, Mr. Salazar is well-suited for the representation of Miami Jai-Alai in this case as he has successfully represented debtors in Chapter 11 cases before this Court and others prior to founding Salazar Jackson.  On the basis of Mr. Salazar's reputation and substantial experience, and Salazar Jackson's reputation in the community and its ability to respond quickly to clients' needs, Miami Jai-Alai believes that Salazar Jackson has the qualifications necessary to represent it in this case, and that the employment of Salazar Jackson as its general counsel is in the best interests of its estate and parties in interest.

**SCOPE OF EMPLOYMENT OF SALAZAR JACKSON**

7.      The professional services that Salazar Jackson is expected to render to Miami Jai-Alai include, but are not limited to, the following:

    (a)      advise Miami Jai-Alai with respect to its powers and duties as debtor and debtor-in-possession and the continued management and operation of its business;

    (b)      advise Miami Jai-Alai in connection with post-petition financing and

cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to Miami Jai-Alai  in connection with emergency financing and capital structure, and negotiate and draft documents relating thereto;

(c)     advise Miami Jai-Alai on matters relating to the evaluation of unexpired leases and executory contracts to be assumed, rejected or assigned;

(d)     advise Miami Jai-Alai with respect to legal issues arising in or relating to Miami Jai-Alai's ordinary course of business including, as may or may not arise: meetings of Miami Jai-Alai's Board of Directors, senior management, or other professionals to be retained by separate application and order of this Court, and provide advice and counsel on matters involving employees, employee benefits, tax, insurance, corporate, business operation, contracts, real property, media, press releases, and public affairs;

(e)     take all necessary action to protect and preserve Miami Jai-Alai's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which Miami Jai-Alai may be involved and objections to claims filed against the estate;

(f)     prepare all motions, pleadings, orders, applications, responses, adversary proceedings, and other legal documents necessary in the administration of this case;

(g)     negotiate on Miami Jai-Alai's behalf and prepare a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of Miami Jai-Alai to obtain confirmation of such plan;

(h)     attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of this case, including all of the legal and administrative requirements of operating in Chapter 11;

(i)     attend meetings with third parties and participate in negotiations with respect to the matters described above;

(j)     appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of Miami Jai-Alai's estate before such courts and the United States Trustee;

(k)     provide advice to Miami Jai-Alai with respect to its responsibilities in

complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of this Court; and

(l)   perform all other necessary legal services and provide all other necessary legal advice to Miami Jai-Alai in connection with these Chapter 11 cases.

### SALAZAR JACKSON DOES NOT HOLD OR REPRESENT ANY INTEREST ADVERSE TO MIAMI JAI-ALAI OR ITS ESTATE

8.     As set forth in the Salazar Affidavit, based on information provided by Miami Jai-Alai, Salazar Jackson has reviewed the names of: (a) Florida Gaming Centers, Florida Gaming Corp., Tara, and Freedom; (b) Florida Gaming Centers, Florida Gaming Corp., Tara, and Freedom's known affiliates; (c) Florida Gaming Centers, Florida Gaming Corp., Tara, and Freedom's officers, directors, and agents; (d) Florida Gaming Centers, Florida Gaming Corp., Tara, and Freedom's creditors identified on the List of Creditors Holding the 20 Largest Unsecured Claims; (e) Florida Gaming Centers, Florida Gaming Corp. Tara, and Freedom's unsecured creditors; (f) parties to agreements with Florida Gaming Centers, Florida Gaming Corp., Tara, and Freedom, including, but not limited to, lessors and secured lenders; and (g) to the extent known, certain significant parties in interest in this case. Salazar Jackson compared the information obtained with the information contained in the firm's conflicts check index system, which includes the firm's current and former clients and client affiliates and, where practical, the known affiliates of those clients, as well as adverse parties.

9.     Mr. Salazar has also caused to be conducted: (a) computerized search of Salazar Jackson's records with respect to all of the names of the parties referenced in paragraph 8 above; and (b) disseminated a written request for information to all attorneys at Salazar Jackson regarding connections to Miami Jai-Alai and its creditors.

10.     Salazar Jackson's current and former clients, known affiliates of those affiliates, and adverse party conflicts check index system is comprised of records maintained in the course of regularly conducted business of the firm, and reflects entries and notations in the conflicts check index system made at or near the time information becomes known by persons whose regular duties and responsibilities include recording and maintaining such information on behalf of Salazar Jackson. Salazar Jackson regularly uses and relies upon the information contained in the conflicts check index system in rendering legal services to its current, former, and potential clients and their affiliates.

11.     To the best of Miami Jai-Alai's knowledge, based upon the Salazar Affidavit and except as set forth therein, Salazar Jackson (a) does not hold or represent any interest adverse to Miami Jai-Alai or the Chapter 11 estates, or any other party in interest that would constitute a conflict of interest or otherwise impair the disinterestedness of Salazar Jackson; and (b) is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14). Miami Jai-Alai is aware that Salazar Jackson may represent, or may have represented, certain creditors or other parties in interest in matters wholly unrelated to Miami Jai-Alai or this case, all of which are disclosed in Exhibit "1" to the Salazar Affidavit to the best of the firm's knowledge and based upon information available. None of Salazar Jackson's representations of parties in interest in this case comprise a material component of its practice. In the event that any conflicts arise in this case as it moves forward through the bankruptcy process, Miami Jai-Alai anticipates that, as may be necessary, it would seek this Court's approval to retain special counsel.

12.     To the best of Miami Jai-Alai's knowledge (i) Salazar Jackson's connections with the estates, significant creditors, and other professionals to be retained in this case are disclosed

**Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

in Exhibit 1 to the Salazar Affidavit, and (ii) the Salazar Jackson attorneys and other professionals who will work on this matter are not related to the United States Trustee for Region 21, or any person employed in the Office of the United States Trustee.  Miami Jai-Alai understands that Salazar Jackson will supplement the Salazar Affidavit as additional information becomes available throughout the course of this case and additional disclosures are deemed necessary in accordance with Federal Rule of Bankruptcy Procedure 2014.

### PROFESSIONAL COMPENSATION

13.     Bankruptcy Code Section 327(a) authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 327(a).  Because the costs of the legal services that Miami Jai-Alai will require Salazar Jackson to render cannot be estimated, subject to this Court's approval and in accordance with Bankruptcy Code Sections 330 and 331, the applicable Bankruptcy Rules, the Local Rules of this Court, and other procedures that may be fixed by this Court, Miami Jai-Alai requests that Salazar Jackson be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Salazar Jackson incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

14.     The expenses for which Salazar Jackson may seek payment or reimbursement may include, but are not limited to, photocopies, facsimiles, courier service, computer assisted research, docket and court filing fees, telecommunications, travel and related expenses, court reporting charges, and any other incidental costs advanced by the firm specifically for this matter, all at the prevailing rates commonly charged for such costs to other Salazar Jackson clients.  In addition, Salazar Jackson has advised Miami Jai-Alai that it intends to seek compensation for all

time and expenses associated with (i) its retention as a Section 327(a) professional, including the preparation of this Application, the Salazar Affidavit, and related documents, and (ii) the preparation of any monthly fee statements or interim or final fee applications.

15.    Salazar Jackson has advised Miami Jai-Alai that the hourly rates applicable to the principal attorneys, law clerks, and paralegals proposed to represent Miami Jai-Alai are:

| | | |
|---|---|---|
| (a) | Luis Salazar | $450.00 per hour |
| (b) | Linda Jackson | $450.00 per hour |
| (c) | Aaron Honaker | $350.00 per hour |
| (c) | Celi Aguilar | $285.00 per hour |
| (d) | Ali-Marcelle Lee-Sin | $140.00 per hour |

Other attorneys, law clerks, paralegals, and paralegal clerks may render services to Miami Jai-Alai as needed and to maintain a low blended billable rate. Salazar Jackson's hourly rates are generally in the following ranges:

| TITLE | RATE PER HOUR |
|---|---|
| Partners | $450 |
| Of Counsel | $350.00 to $425.00 |
| Associates | $285.00 to $325.00 |
| Law Clerks | $210.00 to $270.00 |
| Paralegals | $185.00 |
| Junior Paralegal | $140.00 |

Miami Jai-Alai understands that the hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

16.    Salazar Jackson intends to file interim and final applications for compensation and reimbursement of expenses in accordance with Bankruptcy Code Sections 330 and 331, and

reserves the right to seek approval from the Court for payment of a retainer if deemed necessary and appropriate in connection with the final approval of its proposed engagement.

17.     Other than as set forth herein, there is no proposed arrangement to compensate Salazar Jackson.  Salazar Jackson has not shared, nor agreed to share any compensation it has received or may receive with any other party or person, other than with the partners, counsel and associates of Salazar Jackson, or to share in or receive any compensation or fee with or from any other person in connection with this case.

### BASIS FOR RELIEF SOUGHT

18.     Bankruptcy Code Section 327(a) provides that a debtor-in-possession, subject to Court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title." 11 U.S.C. §§ 327(a), 1107 and 1108.

19.     Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

20.     Pursuant to Bankruptcy Rule 6003(a), a court may grant relief regarding an application to retain and employ a professional under Rule 2014 within 21 days after the filing of the petition (the **"21-day Interim Period"**) only to the extent such relief is

necessary to avoid immediate and irreparable harm. Rule 6003(a), however, does not expressly forbid courts from entering an *interim* order approving retention and employment of professionals during the 21-day Interim Period.

21. The advisory committee note accompanying Rule 6003 indicates that Rule 6003 is "intended to alleviate some of the time pressures present at the start of the case so that full and close consideration can be given to matters that may have a fundamental impact on the case." Fed. R. Bankr. P. 6003 advisory committee's note (2007). The advisory committee note also provides that the "immediate and irreparable harm" standard is taken from Rules 4001(b)(2) and (c)(2), and decisions interpreting those provisions should provide guidance for the application of Rule 6003. *Id.*

22. Further, the relief sought is justified and necessary to avoid immediate and irreparable harm to Miami Jai-Alai, and to allow Miami Jai-Alai to fulfill obligations imposed on it within the 21-day Interim Period.

23. Pursuant to Local Rule 9010-1(B)(1), a debtor, as a corporation, must appear and be heard only through counsel permitted to practice in this Court pursuant to Local Rule 2090-1, and cannot appear or act on its own behalf. Miami Jai-Alai is a corporation that is required to be represented by counsel in order to appear in court. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (stating that "[c]orporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel"); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (stating that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed

pro se"); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (stating that "[t]he law is clear that a corporation as a fictional legal person can only be represented by licensed counsel").

24.    Moreover, this Court has granted, on an interim basis, a debtors' application, filed within the first 20[2] days after the filing of the petition, to employ counsel.  *See In re First NLC Fin. Servs, LLC*, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008).  Specifically, this Court held that interim relief should be granted because (a) Rules 4001(b)(2) and (c)(2) provide for the bifurcation of interim and final relief; and (b) nothing in the text of Rule 6003 precludes entry of interim relief.  The court further reasoned that if interim relief was not granted, "counsel may not be paid if its employment is not first approved by the court." *Id.*  If interim relief was not granted and Miami Jai-Alai's application was not approved at the final hearing, "the court would have to first enter an order approving the professional's employment back to the petition date, then allow the compensation for the work performed, and then deny approval of further employment.  This is a most unwieldy and peculiar procedural two-step, which is ill advised and is unnecessary as this Court reads the Rule." *Id.  See also In re TOUSA, Inc.*, No. 08-10928 (Bankr. S.D. Fla. Jan. 31, 2008) (authorizing and approving interim retentions of legal counsel on interim basis within the first 20 days of chapter 11 case on similar terms as set forth in the proposed order attached hereto as Exhibit A); *In re BankUnited Financial Corp.*, No. 09-19940 (Bankr. S.D. Fla. June 9, 2009) (same).

25.    Based on the standards applicable under Rule 4001 and incorporated into Rule 6003 through the advisory committee note referenced above, the employment and retention

---

[2]    Rule 6003 was amended in 2009 to implement changes in connection with the amendment to Rule 9006(a) and the manner by which time is computed under the Federal Rules of Bankruptcy Procedure.  The deadline in Rule 6003 was amended to substitute a deadline that is a multiple of seven days.  Thus, deadlines previously calculated as 20-day periods are now 21-day periods.

S | J    **Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

of Salazar Jackson should be authorized and approved on an interim basis as requested herein. Such interim relief will allow Miami Jai-Alai to be represented before the Court during the 21-day Interim Period. The interim relief will also allow Miami Jai-Alai to utilize Salazar Jackson's available resources as necessary. Absent the guidance and benefit of counsel, Miami Jai-Alai cannot proceed with these Chapter 11 cases and its efforts in seeking protection under the Bankruptcy Code will be materially and irreparably harmed as the 21-day Interim Period is a particularly critical period of any Chapter 11 reorganization.

26.    No creditors or parties in interest are prejudiced by the interim relief sought as the proposed order granting such relief preserves objections of any creditors and parties in interest at the final hearing on this Application, and further provides that any such objections will be considered *de novo*.

27.    Miami Jai-Alai respectfully submits that it has satisfied the requirements of Rule 6003 to support immediate entry of an interim order, substantially in the form attached hereto as **Exhibit "B**," authorizing Miami Jai-Alai to employ and retain Salazar Jackson on an interim basis and to compensate Salazar Jackson for any services rendered during that interim period in accordance with the Bankruptcy Code and interim compensation procedures that may be established in this case.

### REQUEST FOR APPROVAL OF EMPLOYMENT AND RETENTION OF SALAZAR JACKSON *NUNC PRO TUNC* TO PETITION DATE

28.    Miami Jai-Alai respectfully requests that the proposed employment and retention be approved *nunc pro tunc* to the Petition Date to allow Salazar Jackson to seek compensation for services rendered on its behalf as of the Petition Date and periods thereafter. Prior to the Court's consideration of this Application, Salazar Jackson has been required immediately to turn its

attention to urgent matters including, without limitation, preparation of various applications and motions (*e.g.,* use of cash collateral, use of existing business forms and cash management system, and payment of prepetition lien claims); retention and employment of professionals; and strategic planning for other time-sensitive deadlines.

WHEREFORE, Miami Jai-Alai respectfully requests that the Court: (i) enter an interim Order authorizing the employment and retention of Salazar Jackson as general counsel in this Chapter 11 case, *nunc pro tunc* to Petition Date; (ii) enter a final Order authorizing the employment and retention of Salazar Jackson on a final basis at such time as permitted under Fed. R. Bankr. P. 6003(a); and (iii) grant such other and further relief as this Court deems just and proper.

Dated: August 18, 2013.

Respectfully submitted,

Florida Gaming Centers, Inc.,

By: William B. Collett Jr
Its: CEO

Florida Gaming Corporation

By: William B. Collett, Jr
Its: CEO

Tara Club Estates, Inc.

By: William B. Collett, Jr
Its: CEO

Freedom Holding, Inc.

By: William B. Collett JF
Its: President

### CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Master Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SALAZAR JACKSON, LLP
*Proposed Counsel for Counsel for Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc.*
2 South Biscayne Boulevard, Suite 3760
Miami, Florida 33131
Phone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com
Email: Jackson@SalazarJackson.com
Email: Honaker@SalazarJackson.com

By: _____ /s/ Luis Salazar _____
        Luis Salazar
        Florida Bar No. 147788
        Linda Worton Jackson
        Florida Bar No. 843164
        Aaron P. Honaker
        Florida Bar No. 48749

---

## Exhibit A

### Salazar Affidavit

**Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                          Chapter 11

                                                Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                   (Joint Administration Requested)
*et al.*,[1]

_____ Debtors.      /

**AFFIDAVIT OF LUIS SALAZAR, ESQ. IN SUPPORT OF EMERGENCY
APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
EMPLOYMENT AND RETENTION OF SALAZAR JACKSON LLP, AS
COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION,
*NUNC PRO TUNC* TO PETITION DATE**

STATE OF FLORIDA            )
                            )   ss.:
COUNTY OF MIAMI-DADE        )

LUIS SALAZAR, being duly sworn, says:

1.      I am an attorney, duly admitted to practice in the State of Florida, the United

States District Court for the Southern District of Florida, and am qualified to practice in the

United States Bankruptcy Court for the Southern District of Florida.

2.      I am the co-founder and a partner of Salazar Jackson LLP (**"Salazar Jackson"**)

which maintains its office for the practice of law at Two South Biscayne Boulevard, Suite 3760,

Miami, Florida 33131.

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

3.      Neither I nor the firm hold or represent any interest adverse to the bankruptcy estate (the **"Estate"**) of Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, **"Miami Jai-Alai"**) and we are disinterested persons as required by 11 U.S.C. § 327(a).

## SALAZAR JACKSON'S DISINTERESTEDNESS

4.      To the best of my knowledge and information after due inquiry, Salazar Jackson does not represent any entity having an adverse interest in connection with this case, except as disclosed herein.  For so long as it represents Miami Jai-Alai, Salazar Jackson will not represent any other entity in connection with this case.

5.      As more fully described hereinafter, Salazar Jackson maintains a conflicts check index system containing the names of all of its current and former clients and, where practical, the known affiliates of those clients, as well as adverse parties.  In connection with preparing this Affidavit, I caused to be submitted to, and checked against, that conflicts check index system the names of: (a) Miami Jai-Alai; (b) Miami Jai-Alai's known affiliates; (c) Miami Jai-Alai's officers, directors, and agents; (d) Miami Jai-Alai's creditors identified on the List of Creditors Holding the 20 Largest Unsecured Claims; (e) Miami Jai-Alai's unsecured creditors; (f) parties to agreements with Miami Jai-Alai including, but not limited to, lessors and secured lenders; and (g) to the extent known, certain significant parties in interest in this case (collectively, "**Potential Conflicts of Interest List**").  This inquiry revealed that none of the parties on the Potential Conflicts of Interest List are current or former clients of Salazar Jackson.

6.      I caused to be conducted: (a) a computerized search of Salazar Jackson's records with respect to all of the names of the parties referenced in paragraph 5 above; and (b) a

disseminated a written request for information to all attorneys at Salazar Jackson regarding connections to Miami Jai-Alai, the Estate, and its creditors.

7.      To the best of my knowledge (i) Salazar Jackson's connections with Miami Jai-Alai, the Estate, its significant creditors and parties in interest in this case are disclosed on Exhibit 1 hereto; and (ii) the Salazar Jackson attorneys and other professionals who will work on this matter are not related to the United States Trustee for Region 21, or any person employed in the Office of the United States Trustee.

8.      Insofar as I have been able to ascertain based on the information currently available to me, neither I, Salazar Jackson, nor any partner, counsel, or associate thereof, represents any interest adverse to the Estate in the matters upon which Salazar Jackson is to be engaged.  To the best of my knowledge, information and belief, Salazar Jackson is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14) in that Salazar Jackson, its shareholders, counsel and associates:

(a)      are not creditors, equity security holders or insiders of Miami Jai-Alai;

(b)      are not and were not, within 2 years before the date of the filing of the petition, a director, officer, or employee of Miami Jai-Alai; and

(c)      do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Miami Jai-Alai, or for any other reason.

### SCOPE OF EMPLOYMENT OF SALAZAR JACKSON

9.      The professional services that Salazar Jackson is expected to render to Miami Jai-Alai, include, but shall not be limited to, the following:

(a)      advise Miami Jai-Alai with respect to its powers and duties as debtors

and debtors-in-possession and the continued management and operation of its businesses;

(b)     advise Miami Jai-Alai in connection with post-petition financing and cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to Miami Jai-Alai in connection with emergency financing and capital structure, and negotiate and draft documents relating thereto;

(c)     advise Miami Jai-Alai on matters relating to the evaluation of unexpired leases and executory contracts to be assumed, rejected or assigned;

(d)     advise Miami Jai-Alai with respect to legal issues arising in or relating to Miami Jai-Alai's ordinary course of business including, as may or may not arise: meetings of Officers and Directors, senior management, or other professionals to be retained by separate application and order in this Court, and provide advice and counsel on matters involving employees, employee benefits, tax, insurance, corporate, business operation, contracts, real property, media, press releases, and public affairs;

(e)     take all necessary action to protect and preserve Miami Jai-Alai's Estates, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which Miami Jai-Alai may be involved and objections to claims filed against the estates;

(f)     prepare all motions, pleadings, orders, applications, responses, adversary proceedings, and other legal documents necessary in the administration of this case;

(g)     negotiate on Miami Jai-Alai's behalf and prepare a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of Miami Jai-Alai to obtain confirmation of such plan;

(h)     attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of this case, including all of the legal and administrative requirements of operating in Chapter 11;

(i)     attend meetings with third parties and participate in negotiations with respect to the matters described above;

(j)    appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of Miami Jai-Alai's Estates before such courts and the United States Trustee;

(k)    provide advice to Miami Jai-Alai with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of this Court; and

(l)    perform all other necessary legal services and provide all other necessary legal advice to in connection with this Chapter 11 case.

### PROFESSIONAL COMPENSATION

10.    Salazar Jackson intends to apply for compensation for professional services rendered in connection with this case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and Rules and Orders of this Court, on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.  Salazar Jackson will also seek reimbursement of actual and necessary expenses incurred including, but not limited to any costs advanced, at the rates commonly charged for such costs to other Salazar Jackson clients, or as otherwise allowed by this Court.

11.    Salazar Jackson has advised Miami Jai-Alai that the current hourly rates of the principal attorneys, law clerks, and paralegals proposed to represent the Debtors are:

| | | |
|---|---|---|
| (a) | Luis Salazar | $450.00 per hour |
| (b) | Linda Jackson | $450.00 per hour |
| (c) | Aaron Honaker | $350.00 per hour |
| (d) | Celi S. Aguilar | $285.00 per hour |
| (e) | Ali-Marcelle Lee-Sin | $140.00 per hour |

Other attorneys, law clerks, and paralegals will render services to as needed.  Generally, Salazar Jackson's hourly rates are in the following ranges:

| TITLE | RATE PER HOUR |
|---|---|
| Partners | $450.00 |
| Of Counsel | $350.00 - $425.00 |
| Associates | $285.00 to $325.00 |
| Law Clerks | $210.00 to $270.00 |
| Paralegals | $185.00 |
| Junior Paralegals | $140.00 |

Miami Jai-Alai understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

12.    Other than as set forth above, there is no proposed arrangement to compensate Salazar Jackson.  No promises have been received by Salazar Jackson nor by any partner, counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  Salazar Jackson has no agreement with any other entity in connection with this Chapter 11 case other than with the partners, of counsel, and associates of Salazar Jackson.

13.    Salazar Jackson has received a retainer for the proposed services to be rendered. Salazar Jackson intends to file interim and final applications for compensation and reimbursement of expenses in accordance with Bankruptcy Code Sections 330 and 331.

14.    Based upon the foregoing, I believe Salazar Jackson is eligible for employment and retention by the Debtors pursuant to Bankruptcy Code Section 327(a) and the applicable Bankruptcy Rules.

15. Salazar Jackson will review its disclosures periodically throughout the course of this case, and in the event that additional material connections are discovered, will supplement this Affidavit to disclose such information to the Court on notice to parties in interest and the United States Trustee.

FURTHER AFFIANT SAYETH NAUGHT.


LUIS SALAZAR
Florida Bar No. 147788
SALAZAR JACKSON LLP
2 South Biscayne Boulevard
Suite 3760
Miami, Florida 33131
Telephone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com


Sworn and subscribed before me
on this __19th__ day of August, 2013.


Notary Public, State of Florida
My Commission Expires: __6/25/2017__

ARACELI AGUILAR
Notary Public - State of Florida
My Comm. Expires Jun 25, 2017
Commission # FF 31019
Bonded Through National Notary Assn.

S | J    Salazar Jackson | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

EXHIBIT 1

Salazar Jackson's connections with Miami Jai-Alai, the Estate, its significant creditors and parties in interest in this case:

None.

**Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

E<small>XHIBIT</small> **B**

P<small>ROPOSED</small> O<small>RDER</small>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                          Chapter 11

                                                Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                   (Joint Administration Requested)
*et al.*,[1]

_____ Debtors.      /
_____

**INTERIM ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF SALAZAR JACKSON LLP, AS GENERAL COUNSEL
FOR DEBTORS AND DEBTORS-IN-POSSESSION
*NUNC PRO TUNC* TO PETITION DATE**

THIS MATTER came before the Court for hearing on August __, 2013 at _:__ a.m./

p.m. on the *Emergency Application for Entry of Interim and Final Orders Authorizing Employment*

*and Retention of Salazar Jackson LLP, as General Counsel for Debtors and Debtors-in-Possession,*

*Nunc Pro Tunc to Petition Date* (the "**Application**") (ECF No. ___), filed on August 19, 2013 by

_____

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc.
(9545), and Freedom Holding, Inc. (4929).

Debtors, Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, "**Miami Jai-Alai**") and upon the Affidavit of Luis Salazar (the "**Salazar Affidavit**"), a partner of Salazar Jackson LLP ("**Salazar Jackson**"), attached to the Application as Exhibit "A." The Application requests entry of an order, on an interim basis, authorizing the employment and retention of Salazar Jackson *nunc pro tunc* to the Petition Date and further entry of a final order authorizing such employment and retention on a final basis at such time as permitted under Fed. R. Bankr. P. 6003(a).

The Court having read the Application and the Salazar Affidavit, and having found that Mr. Salazar is duly qualified to practice in this Court pursuant to Local Rule 2090-1(A); that the Salazar Affidavit makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and 2016; and that the Salazar Affidavit contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating the disinterestedness of Mr. Salazar and Salazar Jackson. For the reasons stated on the record and it appearing that the relief requested in the Application is in the best interests of Miami Jai-Alai's estates, their creditors, and other parties in interest, and is necessary to avoid immediate and irreparable harm to Miami Jai-Alai and their estates; and the Court having jurisdiction to consider the matters raised in the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and the Court having reviewed the Application and the Salazar Affidavit, finds and determines that: (a) Salazar Jackson does not hold or represent any interest adverse to Miami Jai-Alai's estates; and (b) Salazar Jackson is a disinterested person as required by 11 U.S.C. § 327(a) and within the meaning of 11 U.S.C. §

101(14) and Local Rule 2014-1.  Due and proper notice of the Application having been provided

to all parties entitled thereto, and it appearing that no other or further notice is necessary or

required, it is

      **ORDERED** as follows:

      1.     The Application is GRANTED, on an interim basis, *nunc pro tunc* to the Petition

Date.

      2.     Miami Jai-Alai is authorized to employ and retain Luis Salazar and the law firm of

Salazar Jackson as general counsel in this case to represent it in general bankruptcy matters and

other proceedings that may arise during the course of the representation as set forth in the

Application and in accordance with the terms of this Interim Order.

      3.     Salazar Jackson shall maintain contemporaneous time records with the rendition

of services, and shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with Miami Jai-Alai's Chapter 11 cases in

compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy

Procedure, Local Rules, Guidelines for Fees Applications for Professionals in the Southern

District of Florida in Bankruptcy Cases, and such other applicable procedures and orders of this

Court.

      4.     The Court shall conduct a final hearing on the Application on _____,

**2013** at _____ **a.m./p.m.** at Claude Pepper Federal Building, 51 S.W. First Avenue, Room

_____, Miami, Florida 33130 (the **"Final Hearing"**).  Any party in interest objecting to the relief

sought in the Application shall file written objections with the Clerk of the United States

Bankruptcy Court, and serve copies upon:  (a) Salazar Jackson, LLP, Attention:  Luis Salazar,

Esq.; (b) Office of the United States Trustee for the Southern District of Florida; (c) all entities identified on any Master Service List filed with the Court pursuant to Local Rule 2002-1(H); and (d) counsel to any Official Committee of Creditors Holding Unsecured Claims (collectively, the **"Notice Parties"**).  Objections shall be filed with the Clerk such that they are received by no later than 4:30 p.m. Eastern Time at least two days prior to the Final Hearing.

5.     In the event that Salazar Jackson's employment and retention is not approved on a final basis, Salazar Jackson is authorized to apply for compensation and reimbursement of expenses, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary and customary rates, as may be adjusted from time to time, for services rendered and expenses incurred on behalf of Miami Jai-Alai from the Petition Date through the date of the Final Hearing.  Any party in interest may object to the Salazar Jackson application for compensation and reimbursement of expenses provided that such party files such objection with this Court and serves a copy of the objection on the Notice Parties.

6.     Miami Jai-Alai has satisfied the requirements for relief requested earlier than the 21-day interim period set forth in Fed. R. Bankr. P. 6003 to justify entry of this Interim Order.

7.     Miami Jai-Alai is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order and in accordance with the Application.

8.     The entry of this Interim Order is without prejudice to the rights of any party in interest to object to the approval of the Application on a final basis, and any such objection will be subject to a *de novo* standard of review at the Final Hearing.

9.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

# # #

Submitted by:
Luis Salazar, Esq.
SALAZAR JACKSON LLP
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*