ENTERED in the Southern District of Florida on August 22, 2013



_____
Robert A. Mark, Judge
United States Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                               Chapter 11

                                                     Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                        (Jointly Administered)
et al.,[1]

_____ Debtors.   /

**\*Amended INTERIM ORDER (I) APPROVING CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF
PREPETITION BANK ACCOUNTS AND BUSINESS FORMS AND
(III) WAIVING CERTAIN REQUIREMENTS OF THE UNITED STATES
TRUSTEE, AND (IV) WAIVING THE REQUIREMENTS OF 11 U.S.C. §345(B)
AND SETTING FURTHER HEARING**   /RM

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order

(i) authorizing and approving the Debtors' continued use of the Cash Management System, (ii)

authorizing the Debtors to continue using prepetition bank accounts and business forms, (iii)

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

\* Amended to include further hearing date

waiving certain requirements set forth in the UST Guidelines; and (iv) waiving the requirements of 11 U.S.C. § 345(b) with respect to the Debtors' deposit practices; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is:

ORDERED that:

1.  The Motion is GRANTED on an interim basis;

2.  The Debtors are authorized, in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of their respective operating, disbursement and other bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on **Exhibit A** to the Motion (collectively, the "**Bank Accounts**"); (ii) use, in their present form, all other documents related to the Bank Accounts; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession including the collateralization of all funds in excess of FDIC insurance limits.

3.  The Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash and to pay any fees, costs and expenses owed to their

Banks that arise in the ordinary course of business, in a manner consistent with the Debtors' prepetition practices.

4. That except as otherwise expressly provided in this order, the Cash Management Banks and Wells Fargo are hereby authorized to continue to maintain, service and administer all such accounts as accounts of the relevant Debtor as debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests and automated clearing house transfers made on, said account after the Petition Date by the holders or makers thereof, as the case may be, to the extent that funds are available in the Bank Account upon which such checks, drafts, or wire, electronic, or automated clearing house transfers are drawn, and, with respect to automated clearing house transfers, only to the extent that such transfers are pre-funded.

5. All checks and other debits presented to the Bank Accounts in respect of checks, drafts, wire transfers or automated clearing house transfers issued or initiated by the Debtors prior to the Petition Date shall not be processed, honored or paid by the Cash Management Banks, except for checks authorized to be paid pursuant to order of this Court and identified to the Cash Management Banks by check number and the Cash Management Banks are entitled to rely on Debtors' instructions and shall be indemnified by Debtors with respect to any and all claims or losses arising from the Cash Management Banks' good faith reliance on such instructions, except Debtors shall not indemnify the Cash Management Banks for their gross negligence or malfeasance;

6. Notwithstanding any other provision of this Order to the contrary, no Cash Management Bank that honors a prepetition check or other item drawn on any bank account that

is the subject of this Order: (a) upon authorization by the Debtors; (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order

7. The Debtors are authorized to pay to the Cash Management Banks any fees payable under the account agreements with respect to the Bank Accounts in the ordinary course of business as an administrative expense pursuant to the same payment procedures employed prior to the Petition Date, and that the automatic stay is modified to the extent necessary to allow the Cash Management Banks to set off against amounts on deposit in the Bank Accounts any such fees and that in such event the Cash Management Banks shall provide Debtors with written notice thereof within five (5) business days.

8. The Debtors are authorized, but not required, to: (i) pay prepetition amounts outstanding as of the date hereof, if any, owed to their Cash Management Banks as service charges for the maintenance of the Cash Management System; and (ii) reimburse the Cash Management Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts.

9. Each Debtor is authorized to continue to use its existing business and correspondence forms without alteration and without the designation "Debtor-in-Possession" imprinted upon them.

10. The Debtors are authorized to make disbursements from the Bank Accounts other than by check, to the extent consistent with the Debtors' existing cash management practices and the terms hereof.

11. The Debtors are relieved from the obligations of section 345(b) of the Bankruptcy Code until a Final Order is entered.

12. The Debtors shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five business days of the date hereof.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

###

17. The Court will conduct a final hearing on the Motion on September 11, 2013 at 2:30 p.m., Location 51 SW 1st Ave, Room 1406. /RAM/

Submitted by:
Luis Salazar, Esq.
SALAZAR JACKSON, LLP
2 South Biscayne Boulevard
Suite 3760
Miami, Florida 33131
Phone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com

(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)