

**ORDERED in the Southern District of Florida on August 23, 2013.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                                 Chapter 11

                                                                            Case No. 13-13-29597-RAM
FLORIDA GAMING CENTERS, INC.,            (Jointly Administered)
*et al.*,[1]

_____ Debtors.      /

**ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY (A) PREPETITION EMPLOYEE WAGES, SALARIES AND RELATED ITEMS; (B) PREPETITION EMPLOYEES BUSINESS EXPENSE; (C) PREPETITION CONTRIBUTION TO AND BENEFITS UNDER EMPLOYEE BENEFITS PLANS; (D) PREPETITION EMPLOYEE PAYROLL DEDUCTIONS AND WITHHOLDINGS; AND (E) ALL EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (II) AUTHORIZING AND DIRECTING BANKS AND FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING**

THIS MATTER came before the Court on the August 21, 2013, at 3:00 p.m. in Miami,

Florida, upon the *Debtors' Emergency Motion For An Order (I) Authorizing Debtors To Pay (A)*

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Centers, Inc. (5893), Florida Gaming Corporation (0533), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929 ).

*Prepetition Employee Wages And Related Items; (B) Prepetition Contributions To And Benefits Under Employee Benefit Plans; (D) Prepetition Employee Payroll Deductions And Withholdings; And (E) All Expenses Incident To The Foregoing; And (Ii) Authorizing And Directing All Financial Institutions To Pay All Related Checks And Electronic Payment Requests* (ECF No. 9) (the **"Employee Wage Motion"**) filed by Debtors, Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, **"Miami Jai-Alai"**) for entry of an order authorizing, but not directing, Miami Jai-Alai to pay: (a) prepetition employee contractor wages, salaries and related items; (b) prepetition employee business expenses; (c) prepetition contributions to and benefit under employee benefit plans; (d) prepetition employee payroll deductions and withholdings; and (e) all costs and expenses incident to the foregoing payments and contributions; and (ii) authorizing and directing banks and financial institutions to pay all checks and electronic payment requests made by Miami Jai-Alai relating to the foregoing.

The Court having reviewed the Employee Wage Motion and having heard the statements of counsel in support of the relief requested in the Employee Wage Motion at the hearing before the Court (the **"Hearing"**); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Employee Wage Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Employee Wage Motion and at the Hearing establish just cause for the relief granted herein, it is hereby

**ORDERED** that:

1. The Employee Wage Motion is GRANTED.

2. Miami Jai-Alai is authorized, but not directed, in accordance with their stated policies (as such policies may be modified from time to time) and in its sole discretion, to pay the Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings and Benefits that are presently due and owing or accrued but remained unpaid as of the Petition Date to or for the benefit of the Employees.

3. No individual person will receive payment of compensation and benefits in excess of $12,475, pursuant to this Order. Nothing in this Order shall preclude Miami Jai-Alai from seeking authority from this Court to allow payment of compensation and benefits exceeding the amount set forth herein.

4. Miami Jai-Alai's banks and other financial institutions (collectively, the **"Banks"**) are authorized and directed, when requested by Miami Jai-Alai in its sole discretion, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by Miami Jai-Alai related to Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings and Benefits, whether such checks were presented or electronic payment requests were submitted prior to or after the Petition Date, provided that funds are available in Miami Jai-Alai's accounts to cover such checks and funds transfers. The Banks are authorized to rely on Miami Jai-Alai's designation of any particular check or funds transfer as approved by this Order without any duty of further inquiry and without liability for following Miami Jai-Alai's instructions.

5. Nothing in the Employee Wage Motion or this Order, nor Miami Jai-Alai's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to

the validity of any claim against Miami Jai-Alai; (b) a waiver of Miami Jai-Alai's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim for Prepetition Compensation, Prepetition Business Expenses, Withholdings or Benefits; or (e) a request to assume any executory contract or unexpired lease, pursuant to Bankruptcy Code Section 365.

6. Notwithstanding anything to the contrary, the terms of this Order shall be subject to the terms of any post-petition financing order and budgets that may be entered in these Chapter 11 cases.

7. Miami Jai-Alai is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6003, 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

###

**Submitted by:**
Luis Salazar, Esq.
SALAZAR JACKSON, LLP
2 South Biscayne Boulevard
Suite 3760
Miami, Florida 33131
Phone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*