IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Chapter 11

                                                         Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                            (Jointly Administered)
*et al.*,[1]

_____ Debtors.     /

### DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRANSFERS OF, OR CLAIMS OF WORTHLESSNESS WITH RESPECT TO, CERTAIN COMMON STOCK, AND (II) GRANTING RELATED RELIEF

**(Emergency Hearing Requested on August 27, 2013 at 2:00 p.m.)**

**Basis for Emergency Hearing**

**Miami Jai-Alai** requests an immediate emergency hearing in this matter to establish procedures that are critical to preserve valuable net operating losses. Miami Jai-Alai also respectfully requests that the Court waive the provisions of Rule 9075-1(B), as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Debtors, Florida Gaming Centers, Inc. ("**Florida Gaming Centers**"), Florida Gaming Corporation ("**Florida Gaming Corp.**"), Tara Club Estates, Inc. ("**Tara**") and Freedom Holding, Inc. ("**Freedom**")(collectively, "**Miami Jai-Alai**"), respectfully move, pursuant to Bankruptcy Code Sections 105(a), 362(a)(3), and 541 for entry of an Order, substantially in the form attached hereto as **Exhibit "A,"** establishing notification and hearing procedures that must be satisfied before certain transfers of, or claims of worthlessness with respect to, common stock of

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

---

Florida Gaming Corp. or of any beneficial interest therein (the common stock of Florida Gaming Corp. and any beneficial interest therein, including Options (as defined herein) to acquire such stock, the **"Common Stock"**) are deemed effective.  The procedures would impose restrictions and notification requirements to be effective *nunc pro tunc* to the Petition Date.  In support of this Motion, Miami Jai-Alai states:

### INTRODUCTION

1.      Florida Gaming Corp. has approximately $42 million in net operating losses.  To the extent trading or transfers of Florida Gaming Corp.'s Common Stock, or claims of worthlessness with respect thereto, result in an "ownership change" within the meaning of the Internal Revenue Code, such trading, transfers or claims of worthlessness could severely limit or even eliminate Florida Gaming Corp.'s ability to use its net operating losses and other tax attributes, resulting in significant negative consequences for Florida Gaming Corp., its estate, and creditors.

2.      An "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more shareholders holding 5% of the stock increases by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the three-year testing period ending on the date of the ownership change.  Likewise, if a 50% or greater shareholder were to treat its Common Stock as worthless for federal or state tax purposes during the course of these chapter 11 cases, then such a claim could trigger an ownership change and eviscerate the tax attributes.

3.      Courts have routinely held that a debtor's tax attributes, including net operating losses, constitute property of the estate under Bankruptcy Code Section 541 and that any action that triggers an "ownership change" under the Internal Revenue Code is properly subject to the

automatic stay provisions of Bankruptcy Code Section 362. As such, bankruptcy courts have the authority to implement certain protective measures to preserve those tax attributes, such as those set forth in this motion.

4.      Here, the largest shareholder of Florida Gaming Corp. is Freedom, which is owned and controlled by W. Bennett Collett and W. Bennett Collett, Jr. Upon information and belief, there are no other individuals or entities that currently own 5% or more of the Florida Gaming Common Stock  or who would otherwise have the ability to impair and/or destroy Florida Gaming Corp.'s ability to preserve its net operating losses or other tax attributes discussed at length in this Motion.

5.      While Miami Jai-Alai does not believe that there are any Substantial Shareholders or 50% Shareholders (as defined herein) of the Florida Gaming Corp. Common Stock (other than its affiliate Freedom), it files this Motion in an abundance of caution to establish the procedures and safeguards set forth herein in the exercise of its statutory and fiduciary duties to protect and preserve valuable assets – in the form of net operating losses and other tax attributes – of these bankruptcy estates.

**JURISDICTION**

6.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a), 362(a)(3).

<u>**BACKGROUND**</u>

9.       On August 19, 2013 (the **"Petition Date"**), Miami Jai-Alai commenced these voluntary cases under chapter 11 of the Bankruptcy Code in this Court.   Miami Jai-Alai is authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.   No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

10.       For a description of Miami Jai-Alai's business operations and the events leading up to the chapter 11 filing, see the *Declaration of Daniel Licciardi in Support of the Chapter 11 Petitions and First Day Motions and Applications* (the **"Licciardi Declaration"**) filed on the Petition Date and incorporated herein by reference.

<u>**RELIEF REQUESTED**</u>

11.       Miami Jai-Alai estimates that, as of the date hereof, Florida Gaming Corp. has net operating losses (**"NOLs"**) worth an estimated $42 million.   By this motion, Miami Jai-Alai seeks authorization to protect and preserve these valuable tax attributes, including the NOLs and certain other tax and business credits (**"Tax Credits"** and with the NOLs, the **"Tax Attributes"**) by (a) establishing notification and hearing procedures regarding the trading of Common Stock (the **"Procedures for Trading in Common Stock"**) that must be complied with before trades or transfers of such securities become effective and (b) establishing similar notification and hearing procedures regarding the claiming of a worthlessness deduction for federal or state tax purposes with respect to Common Stock (the **"Procedures for Claiming a Worthless Stock Deduction"**).

12.       Pursuant to Internal Revenue Code (the **"IRC"**) Sections 39(a), 59(e), l72(b) and 904(c), Florida Gaming Corp. is able to carry back and then forward the Tax Attributes to offset

future taxable income and tax liability, thereby resulting in a cash refund of recent taxes paid and improved liquidity in the future.  For instance, Florida Gaming Corp. can carry back its NOLs five taxable years to obtain a cash refund of federal income taxes previously paid in those years, with any remaining NOLs being carried forward to offset its future taxable income for up to 20 taxable years, thereby potentially recovering cash for the benefit of its estate and potentially reducing its future aggregate tax obligations to the extent NOLs remain available to be carried forward.  See 26 U.S.C. § 172. Florida Gaming Corp. may also use the NOLs to offset any taxable income generated by transactions completed during these chapter 11 cases.

13.     Florida Gaming Corp. currently expects to report significant tax losses for the current taxable year and into the next fiscal year.  Assuming that these NOLs are fully available to Florida Gaming Corp., it should be able to carry these losses back to the prior five preceding taxable years to generate a tax refund or to carry them forward to apply to future earnings.  Thus, Florida Gaming Corp.'s Tax Attributes are an extremely valuable asset of its estate whose availability will serve to improve creditor recoveries.

14.     To the extent trading or transfers of Florida Gaming Corp.'s stock, or claims of worthlessness with respect thereto, result in an "ownership change" within the meaning of IRC Section 382, such trading, transfers or claims of worthlessness could severely limit or even eliminate Florida Gaming Corp.'s ability to use its Tax Attributes (including its NOLs) and lead to significant negative consequences for Florida Gaming Corp., its estate, and creditors.

15.     Generally, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more shareholders holding 5% of the stock increases by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time

during the three-year testing period ending on the date of the ownership change.[2]  For example, an ownership change would occur in the following situation:

> An individual ("U") owns 50.1% of the stock of corporation XYZ. U sells her 50.1 % interest to another individual ("B"), who owns 5% of XYZ's stock. Under section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5% to 55.1%) during the testing period. The same result would follow even if B owned no XYZ stock prior to the transaction with U because B both becomes a 5% shareholder and increases his ownership by more than 50% percentage points during the testing period.

16.     Likewise, if a shareholder holding 50% or more of Florida Gaming Corp. stock were to treat its Common Stock as becoming worthless, for federal or state tax purposes, during the course of these chapter 11 cases, such a claim likely would trigger an ownership change under IRC Section 382(g)(4)(D), thus triggering an adverse effect on the Tax Attributes.

17.     If an ownership change were to occur during the course of these chapter 11 cases, IRC Section 382 would limit the amount of taxable income that Florida Gaming Corp. could offset by its "pre-change losses" in taxable years (or a portion thereof) to an annual amount equal to the value of the corporation prior to the ownership change multiplied by the long-term tax exempt rate. See 26 U.S.C. § 382(b). Florida Gaming Corp.'s "pre-change losses" would include the NOLs.

18.     Similarly, if an ownership change were to occur, IRC Section 383 would limit the amount of tax liability that Florida Gaming Corp. could offset by their Tax Credits to the liability attributable to the amount of income that could have been offset by pre-change losses but was not so

---

[2]  In general, under IRC Section 382(g)(4)(A), all stockholders who individually hold less than 5% of the stock of a company are deemed to be a single 5% stockholder throughout the three-year testing period and transfers between such shareholders are disregarded for purposes of determining whether an ownership change has occurred (the "public group rule").  Thus, so long as 50% or more of the stock is owned by less than 5% stockholders throughout the three-year testing period, there will be no change of control under Section 382.  Accordingly, Miami Jai-Alai does not seek to impose the requested notice and hearing procedures on trading by stockholders holding less than 4.5% of Florida Gaming Corp. stock except if such stockholders have an intent to accumulate a 4.5% or greater block of stock or add or sell shares to or from such a block.



offset.

19.    Thus, unrestricted trading of Common Stock could adversely affect Florida Gaming Corp.'s NOLs (a) if too many 5% or greater blocks of Common Stock are created or (b) if too many shares are added to or sold from such blocks such that, together with previous trading by 5% shareholders during the preceding three-year period, an ownership change within the meaning of section 382 of the IRC is triggered prior to emergence and outside the context of a confirmed chapter 11 plan.  Likewise, if a 50% or greater shareholder were to treat its Common Stock as becoming worthless, for federal or state tax purposes, during the course of these chapter 11 cases, such a claim could trigger an ownership change under IRC Section 382(g)(4)(D), and thus adversely affect Florida Gaming Corp.'s NOLs.

## A.    EQUITY TRADING

20.    To preserve the ability to maximize the value of its Tax Attributes, Miami Jai-Alai respectfully requests that the Court enter an order (a) establishing the Procedures for Trading in Common Stock to enable Miami Jai-Alai to closely monitor certain transfers of Common Stock and, if necessary, to act expeditiously to prevent such transfers and preserve the Tax Attributes; (b) ordering that any purchase, sale or other transfer of Common Stock in violation of the Procedures for Trading in Common Stock shall be void *ab initio* as an act in violation of, among other things, the automatic stay; and (c) approving the form and notice thereof.

## PROPOSED PROCEDURES FOR TRADING IN COMMON STOCK

21.    The proposed Procedures for Trading in Common Stock are as follows:

a.    Any entity (as defined in Bankruptcy Code Section 101(15)) who currently is or becomes a Substantial Shareholder (as such term is defined in

paragraph (d) below) must file with the Court and serve on the Notice Parties (as defined below) a declaration of such status, substantially in the form of **Exhibit 1** annexed to Exhibit "A" hereto, on or before the later of (i) 40 days after the date of the Notice of Order (as defined herein) and (ii) ten (10) days after becoming a Substantial Shareholder.

b.      Before effectuating any transfer of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties an advance written declaration of the intended transfer of Common Stock in the form of **Exhibit 2** annexed to Exhibit A hereto (each, a **"Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Common Stock"**).

c.      Before effectuating any transfer of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties an advance written declaration of the intended transfer of Common Stock in the form of **Exhibit 3** annexed to Exhibit A hereto (each, a **"Declaration of Intent to Sell, Trade or Otherwise Transfer Common Stock"** and with a Declaration of Intent to Purchase, Acquire or Accumulate Common Stock, each, a **"Declaration of Proposed Transfer"**).

d.      Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder and the Notice Parties an objection to any proposed transfer of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect Miami Jai-Alai's ability to utilize their Tax Attributes.  If Miami Jai-Alai files an objection, such transaction would not be effective unless such objection is withdrawn by Miami Jai-Alai or such transaction is approved by a final order of the Court that becomes nonappealable. If Miami Jai-Alai does not object within such 30-day period, such transaction could proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of these procedures, the following terms shall be defined as follows: (i) a **"Substantial Shareholder"** is any entity that has Beneficial Ownership of at least 180,000 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares[3]); (ii) **"Beneficial Ownership"** of Common Stock includes direct and indirect ownership (i.e., a

---

[3] Based on approximately 4,000,000 shares of Corp. common stock outstanding as of August 19, 2013.



holding company would be considered to own beneficially all shares owned or acquired by its subsidiaries), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (iii) an **"Option"** to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

      f.     The **"Notice Parties"** are: (i) Miami Jai-Alai, c/o Salazar Jackson, LLP, Esq., 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida (the **"U.S. Trustee"**); (iii) the entities listed on the 20 Largest Unsecured Claims of the Miami Jai-Alai debtors in these cases filed pursuant to Bankruptcy Rule 1007(d); (v) counsel to Miami Jai-Alai's secured lenders; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

      g.     Miami Jai-Alai may waive in writing, in their sole discretion, any and all restrictions, stays and notification procedures contained in this motion or in any order entered with respect hereto.

## B.   WORTHLESSNESS DEDUCTIONS

22.    To preserve their ability to maximize the use of the Tax Attributes, Miami Jai-Alai respectfully request that the Court enter an order restricting the ability of shareholders that own or have owned 50% or more of the Common Stock to claim a deduction for the worthlessness thereof on their federal or state tax returns for a tax year ending before Miami Jai-Alai emerges from chapter 11 protection. Under IRC Section 382(g)(4)(D), any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthlessness deduction with respect to such securities. It is therefore essential that shareholders that own or have owned 50% or more of the Common Stock defer claiming such worthlessness deduction until after Miami Jai-Alai has emerged from bankruptcy.

## PROPOSED PROCEDURES FOR CLAIMING A WORTHLESS STOCK DEDUCTION



23.     The proposed Procedures for Claiming a Worthless Stock Deduction are as follows:

a.     Any entity (as defined in Bankruptcy Code Section 101(15)) who has been or currently is a 50% Shareholder (as such term is defined in paragraph (e) below) must file with the Court and serve on the Notice Parties (as defined below) a declaration of such status, substantially in the form of **Exhibit 4** annexed to Exhibit A hereto, on or before the later of (i) 40 days after the date of the Notice of Order (as defined herein) and (ii) ten (10) days after becoming a 50% Shareholder.

b.     Prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of Common Stock of Florida Gaming Corp., for a tax year ending before Miami Jai-Alai's emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve on the Notice Parties written declaration of the intended claim of worthlessness in the form of **Exhibit 5** annexed to Exhibit A attached hereto (each, a **"Notice of Intent to Claim a Worthless Stock Deduction"**).

c.     Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder and the Notice Parties an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such transfer might adversely affect Miami Jai-Alai's ability to utilize the Tax Attributes. If Miami Jai-Alai files an objection, the filing of the return with such claim would not be permitted unless approved by a final and nonappealable order of the Court. If Miami Jai-Alai does not object within such 30-day period, such claim could proceed solely as set forth in Notice of Intent to Claim a Worthless Stock Deduction. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Notice of Intent to Claim a Worthless Stock Deduction.

d.     For purposes of these procedures, the following terms shall be defined as follows: (i) a **"50% Shareholder"** is any entity that has had at any time since December 31, 2004 Beneficial Ownership of at least 2,000,000 shares of Common Stock (representing approximately 50% of all issued and outstanding shares); (ii) **"Beneficial Ownership"** of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to own beneficially all shares owned or acquired by its subsidiaries), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (iii) an **"Option"** to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

e.    The **"Notice Parties"** are: (i) Miami Jai Alai, c/o Salazar Jackson, LLP, Esq., 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida (the **"U.S. Trustee"**); (iii) the entities listed on the 20 Largest Unsecured Claims of the Miami Jai-Alai debtors in these cases filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

### Notice of Procedures for Trading in Common Stock and Procedures for Claiming a Worthless Stock Deduction

24.    To ensure parties in interest receive appropriate notice of the Procedures for Trading in Common Stock and Procedures for Claiming a Worthless Stock Deduction, Miami Jai-Alai requests that the Court approve the following notice provisions for the Procedures for Trading in Common Stock and Procedures for Claiming a Worthless Stock Deduction:

a.    No later than two (2) business days following entry of an Order granting the relief requested herein, Miami Jai-Alai shall serve by first class mail, postage prepaid, a notice of the Procedures for Trading in Common Stock and Procedures for Claiming a Worthless Stock Deduction, substantially in the form of **Exhibit 6** annexed to Exhibit A attached hereto (the **"Notice of Order"**) to the Notice Parties.

b.    All transfer agents for any Common Stock shall serve the Notice of Order on all holders of shares of Common Stock in excess of 180,000 shares registered with such transfer agent (collectively, the **"Registered Holders"**) no later than five business days after being served with the Notice of Order; provided, however, that if any transfer agent provides Miami Jai-Alai with the names and addresses of the Registered Holders no later than three business days after being served with the Notice of Order, Miami Jai-Alai shall be required to serve the Notice of Order on such Registered Holders.

c.    All Registered Holders shall serve the Notice of Order on any holder for whose account such Registered Holder holds Common Stock in excess of 180,000 shares and so on down the chain of ownership for all such holders of Common Stock in excess of 180,000 shares.

d.    Any entity or broker or agent acting on such entity's behalf who sells in excess of 75,000 shares of Common Stock to another entity shall serve a

copy of the Notice of Order on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

e.     Miami Jai-Alai shall publish the Notice of Order (modified for publication) in The Wall Street Journal as soon as practicable after entry of the Order.

f.     At least on the first business day of each calendar quarter after the date of the entry of the Order during these chapter 11 cases, all transfer agents for any Common Stock shall serve the Notice of Order upon all holders of shares of Common Stock in excess of 180,000 shares registered with such transfer agent; provided, however, that if any transfer agent provides Miami Jai-Alai's undersigned counsel with the names and addresses of all holders of such shares of Common Stock registered with such transfer agent no later than five business days prior to the expiration of an applicable calendar quarter, Miami Jai-Alai shall be required to serve the Notice of Final Order on such holders.

## BASIS FOR RELIEF

### A.     THE NOLS, BUILT-IN LOSSES AND TAX CREDITS ARE PROPERTY OF FLORIDA GAMING CORP.'S ESTATE

25.     Courts have uniformly held that a debtor's Tax Attributes constitute property of the estate under Bankruptcy Code Section 541 and, as such, courts have the authority to implement certain protective measures to preserve the NOLs. The seminal case articulating this rule is *Official Comm. of Unsecured Creditors v. PSS Steamship Co., Inc.* (*In re Prudential Lines, Inc.*), 107 B.R. 832 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991). In *Prudential Lines*, the United States Bankruptcy Court for the Southern District of New York enjoined a parent corporation from taking a worthless stock deduction with respect to its wholly-owned debtor subsidiary on the grounds that allowing the parent to do so would destroy its debtor-subsidiary's NOLs. In issuing the injunction, the court held that the "debtor's potential ability to utilize NOLs is property of an estate" *Id.* at 839, and that "the taking of a worthless stock deduction is an exercise of control over a debtor's NOLs." *Id.* at 842.

26.     Thus, the Court held the stock deduction was properly subject to the automatic



stay provisions of Bankruptcy Code Section 362 of the. *See Id.*  Bankruptcy Courts in this district have since followed and applied the holding in *Prudential Lines*.  *See, e.g.*, *In re Piccadilly Cafeterias, Inc.*, No. 03-27976 (Bankr. S.D. Fla. Oct. 31, 2003) (debtor's interest in its NOLs "constitutes property of the estate within the scope of section 541(a)(1) of the Bankruptcy Code and is entitled to the protection of the automatic stay imposed pursuant to section 362(a)(3) of the Bankruptcy Code); *In re Coppercom, Inc.*, No. 03-33326 (Bankr. S.D. Fla. July 9, 2003).

27.    Florida Gaming Corp.'s Tax Credits are also property of its estate under Bankruptcy Code Section 541.  *See, e.g.*, *In re Delta Air Lines, Inc.*, No. 05- 17923 (Bankr. S.D.N.Y. Sept. 16, 2005) (finding that tax credit carry forwards are property of the debtors' estate and approving notification procedures and restrictions on certain transfers of claims against and interests in the debtors to protect, among other things, $346 million in non-NOL tax credits).

28.    Since Florida Gaming Corp.'s Tax Attributes are property of its estate, Miami Jai-Alai has a duty to take steps to preserve them, and this Court has the authority under Bankruptcy Code Section 362 to enforce the automatic stay by restricting transfers of Common Stock and the claiming of worthlessness deductions that could jeopardize the existence of these valuable assets.  To that end, in similar situations, courts have often established procedures to restrict or enjoin transfers of common stock or claims, or issued other injunctive relief to protect a debtor against the possible loss of tax attributes. See, e.g., *In re Dura Auto. Sys., Inc.*, No. 06-11202 (Bankr. D. Del. Nov. 20, 2006) (approving notification procedures and restricting certain transfers of equity interests); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005) (same); *In re Delta Air Lines, Inc.*, No. 05-17923 (Bankr. S.D.N.Y. Sept. 16, 2005) (same).

**B.    THE REQUESTED RELIEF IS NECESSARY TO AVOID IRREPARABLE HARM TO MIAMI JAI-ALAI**

29.    Once a Tax Attribute is limited under IRC Section 382, its use is limited forever if it is an NOL.  Once an equity interest is transferred, or a claim of worthlessness is made, that transfer or claim cannot be undone for tax purposes. Accordingly, the Procedures for Trading in Common Stock and Procedures for Claiming a Worthless Stock Deduction are necessary to help Florida Gaming Corp. prevent an irrevocable loss of its Tax Attributes and avoid the irreparable harm that may result from unrestricted trading in Common Stock or claims of worthlessness with respect thereto.

30.    Absent granting the relief requested herein on an immediate basis, Florida Gaming Corp. could be irreparably harmed by the mere fact of this motion having been filed.  If this motion were heard in accordance with the usual notice procedures set forth in the Bankruptcy Rules, a flurry of trading in Common Stock might follow or holders may immediately attempt to claim a worthlessness deduction with respect to their Common Stock.  Parties holding Common Stock could rush to transfer, or attempt to claim a worthlessness deduction with respect to, such Common Stock before the Court imposes restrictions on such trading or deductions. Such trading or deductions could put the Tax Attributes in jeopardy, as described above, and would therefore be counterproductive to Miami Jai-Alai's objectives in seeking this relief.

31.    Miami Jai-Alai does not believe that the Procedures for Trading in Common Stock or Procedures for Claiming a Worthless Stock Deduction will impose an undue burden on any party.  At this early juncture, Miami Jai-Alai only seeks to establish procedures to monitor those types of stock trading and restrict those types of worthlessness deductions that would pose a serious risk under the ownership change test under IRC Section 382 and to preserve their ability to seek substantive relief if it appears that a proposed trade will jeopardize the use of their Tax Attributes.

32.     Importantly, the Procedures for Trading in Common Stock do not bar all trading of Common Stock, and they only directly affect holders of more than 180,000 shares of Common Stock and parties who are interested in purchasing sufficient Common Stock to result in such party becoming a holder of at least 180,00 shares.  As such, the procedures requested by Miami Jai-Alai in this motion would permit most stock trading to continue, subject to applicable law.  The Procedures for Claiming a Worthless Stock Deduction would apply only to 50% shareholders and even then would not prohibit such deductions entirely but would merely require them to be postponed to taxable years ending after Miami Jai-Alai emerges from chapter 11 protection.

## C.     WAIVER OF BANKRUPTCY RULE 6004

33.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days from entry of the order, unless the court orders otherwise."

34.     To implement the foregoing successfully and insure Florida Gaming Corp.'s Tax Attributes are not jeopardized, Miami Jai-Alai seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

35.     The Tax Attributes are an extremely valuable asset of Florida Gaming Corp.'s estate whose availability will facilitate these chapter 11 cases and serve to improve creditor recoveries.  Unrestricted trading in the Common Stock with no advance warning of such trades jeopardizes these assets and could impair the estate's value.  Accordingly, Miami Jai-Alai requests a waiver of the notice and stay requirements of Bankruptcy Rule 6004.

## NOTICE

36.    Miami Jai-Alai has provided notice of this motion to: (a) the U.S. Trustee; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims for each of the Miami Jai-Alia Debtors in these cases; (c) counsel for Miami Jai-Alai's secured lender; (d) any transfer agent(s) for the Common Stock; (e) the Internal Revenue Service; and (f) the Securities and Exchange Commission.   In light of the nature of the relief requested, Miami Jai-Alai respectfully submits that no further notice is necessary.

WHEREFORE, for the reasons based on the authorities set forth above, Miami Jai-Alai respectfully requests that the Court (i) grant the Motion in its entirety; (ii) enter the proposed form of Order attached hereto as Exhibit A; and (ii) grant such other and further relief as may be just and proper.

Dated: August 26, 2013                    Respectfully submitted,


SALAZAR JACKSON, LLP
*Counsel for Counsel for Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc.*
2 South Biscayne Boulevard, Suite 3760
Miami, Florida 33131
Phone:  (305) 374-4848
Fax:  (305) 397-1021
Email:  Salazar@SalazarJackson.com
Email:  Jackson@SalazarJackson.com
Email:  Honaker@SalazarJackson.com

By:_____/s/ Luis Salazar_____
               Luis Salazar
               Florida Bar No. 147788
               Linda Worton Jackson
               Florida Bar No. 843164
               Aaron P. Honaker
               Florida Bar No. 48749



**Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Master Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____/s/Luis Salazar_____
Luis Salazar
Florida Bar No. 147788
Linda Worton Jackson
Florida Bar No. 843164
Aaron P. Honaker
Florida Bar No. 48749

---

**MASTER SERVICE LIST AS OF AUGUST 22, 2013**
**Florida Gaming Centers, Inc. *et al.***

**VIA EMAIL ONLY**
Luis Salazar, Esq.
Linda Worton Jackson, Esq.
Aaron Honaker, Esq.
SALAZAR JACKSON, LLP
Two S. Biscayne Blvd., Ste 3760
Miami, FL 33131
Email: Salazar@SalazarJackson.com
Email: Jackson@SalazarJackson.com
Email: Honaker@SalazarJackson.com

**VIA EMAIL ONLY**
Marissa D. Kelley, Eq.
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
200 East Las Olas Blvd., Suite 2100
Fort Lauderdale, Florida 33301
Email: mkelley@stearnsweaver.com

**VIA EMAIL ONLY**
Lance A. Schildkraut, Esq.
DiConza Traurig LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Email: las@dtlawgroup.com

**VIA EMAIL ONLY**
Robert W. Hudson, Esq.
HUDSON & CALLEJA, LLC
3211 Ponce de Leon Boulevard, Suite 102
Coral Gables, FL 33134
Email: rhudson@hudsoncalleja.com

**VIA EMAIL ONLY**
Gerald D. Kelly, Esq.
Claire E. W. Stewart, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
Email: gkelly@sidley.com

**VIA EMAIL ONLY**
Benjamin R. Nagin, Esq.
Adam McClay, Esq.
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
Email: bnagin@sidley.com
Email: amcclay@sidley.com

**VIA EMAIL ONLY**
Alexander D. Silverman, Member
William S. Kogan, General Counsel
SILVERMARK LLC
430 Park Avenue, 5th Floor
New York, NY 10022
Email: alexs@andalex.com
Email: wkogan@andalex.com

**VIA EMAIL ONLY**
Linda A. Conahan
GUNSTER, YOAKLEY & STEWART, P.A.
450 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
Email: lconahan@gunster.com

**VIA EMAIL ONLY**
R. James Straus, Esq.
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Email: jstraus@fbtlaw.com

**VIA EMAIL ONLY**
Etan Mark, Esq.
BERGER SINGERMAN, LLP
1450 Birckell Avenue, Suite 1900
Miami, FL 33131
Email: emark@bergersingerman.com

**VIA EMAIL ONLY**
David Jonas
4 Overlook Ct.
Medford, NJ 08055
Email: davesjonas@gmail.com

Thomas P. Abbott
Assistant County Attorney
PO Box 025504
Miami, Florida 33102-5504
Telephone: 305-876-7040
Facsimile: 305-876-7294
Email: TABBOTT@miami-airport.com

**MASTER SERVICE LIST AS OF AUGUST 22, 2013**
**Florida Gaming Centers, Inc. *et al.***

Office of the United States Trustee
51 Southwest First Avenue, Room 1204
Miami, Florida 33130
Email: USTPRegion21.MM.ECF@usdoj.gov

Andrew R. Herron, Esq.
Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Email: aherron@herronortiz.com
Email: ndrubin@herronortiz.com

Ileana Cruz
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128-1993
Email: ileanac@miamidade.gov
Email: cao.bkc@miamidade.gov

Drew Dillworth
150 West Flagler Street
Miami, Florida 33130
Email: ddillworth@stearnsweaver.com

Andrew F. O'Neill
Sidley Austin LLP
One South Dearborn
Chicago, Il 60603
Email: aoneill@sidley.com

Dennis M. Twomey
Sidley Austin LLP
One South Dearborn
Chicago, Il 60603
Email: dtwomey@sidley.com

ABC Funding, LLC
Attn:  James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, Massachusetts 02116

Allied Health Plans
9400 South Dadeland Blvd. Suite 510
Miami, FL 33156

American Gaming Systems, LLS
6680 Amelia Earhart Court
Las Vegas, NV 89119

Aristocrat Technologies
7230 Amigo Street
Las Vegas, NV 89119

Broadridge ICS
PO Box 416423
Boston, MA 02241

Canyon Distressed Opportunity Master Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, California 90067

Canyon-GRF Master Fund II, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, California 90067

Canyon Value Realization Fund, L.P.
c/o Canyon Capital Advisors LLC
Attn:  Chaney Sheffield
2000 Avenue of the Stars, 11th Floor
Los Angeles, California 90067

Canyon Value Realization Master Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, California 90067

Chase Credit Cardmember
P.O. Box 94014
Palatine, IL 60094

Construct Design/Florida Lemark
20470 NW 94th Avenue
Miami, FL 33172

Continental Stock Transfer
17 Battery Place
New York, NY 10004

Cousins, Chipman, and Brown
The Nemours Building
1007 North Orange Street, Ste 1110
Wilmington, DE 19801

Dania Jai-Alai
301 East Dania Beach Blvd
P.O. Box 96
Dania, FL 33004

**MASTER SERVICE LIST AS OF AUGUST 22, 2013**
**Florida Gaming Centers, Inc.** *et al.*

Derby Lane
10490 Gandy Blvd. N.
Saint Petersburg, FL 33702

Edmunds Direct Mail, Inc.
301 Tilton Road
Northfield, NJ 08225

Farmers Bank
P.O. Box 231
Hardinsburg, KY 40143

Freedom Financial Corporation
2669 Charlestown Road #D
New Albany, IN 47150

Florida Legislative Consultants, Inc.
522 East Jefferson Street
Tallahassee, FL 32302

George Galloway
2399 Mountain Tops Road
Blue Ridge, GA 30513

Gulfstream Park
901 South Federal Highway
Hallandale, FL 33009

H. Hewitt Brown
600 East Main Street
Louisville, KY 40202

IGT-Eastern Operating
6355 South Buffalo Drive
Las Vegas, NV 89113

International Sound Corporation
7130 Milford Industrial Rd.
Pikesville, MD 21208

J.P. Morgan Securities LLC
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, New York 10017

James Stuckert/Solomon Howell
7308 Shadwell Lane
Prospect, KY 40059

JPMorgan Chase Bank, N.A.
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, New York 10017

King & Company
32400 Dutchmans Lane
Louisville, KY 40205

Locust Street Funding LLC
c/o GSO/Blackstone Debt Funds Management
Attn:  James Roche
345 Park Avenue, 31st Floor
New York, New York 10154

Miami Casino Management, LLC
21001 North Tatun Blvd.
Suite 1630-256
Phoenix, AZ 85050

Miami Gaming Ventures, LLC
235 Caatalonia Avenue
Miami, FL 33134

Andrea Neiman
1333 St. Tropez Circle #406
Weston, FL 33326

Palm Beach Kennel
1111 North Congress Avenue
West Palm Beach, FL 33409

Roberts Communication Network, Inc.
4175 Cameron Street Suite B-10
Las Vegas, NV 89103

Roland Howell Estate
555 NE 15th Street
Miami, FL 33132

Staples Credit Card
P.O. Box 689020
Des Moines, IA 50368

SHFL Entertainment, Inc.
1106 Palms Airport Drive
Las Vegas, NV 89119

**MASTER SERVICE LIST AS OF AUGUST 22, 2013**
**Florida Gaming Centers, Inc. *et al.***

Sportech, Inc.
1095 Winward Ridge Parkway, Suite 170
Alpharetta, GA 30005

Summit Partners Subordinated Debt Fund IV-A,
L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, Massachusetts 02116

Summit Partners Subordinated Debt Fund IV-A, L.P.
Summit Partners Subordinated Debt Fund IV-B, L.P.
ABC Funding, LLC
Attn: Summit Partners SD IV, L.P., General Partner
Attn: Robin W. Devereux
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-B,
L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, Massachusetts 02116

Tampa Bay Downs
11225 Race Track Road
Tampa, FL 33626

Tom Tew
Four Seasons Tower
1435 Brickell Avenue 15th Floor
Miami, FL 33131

Vintage Filings
350 Hudson Street, Suite 300
New York, NY 10014

William Haddon Estate
196 Atlanta Country Club Drive
SE Marietta, GA 30067

Division of Pari-Mutuel Wagering
Southern Division
1400 West Commercial Boulevard, Suite 165
Ft. Lauderdale, FL 33309-3787

Division of Pari-Mutuel Wagering
Attn: Leon M Biegalski, Director
1940 North Monroe Street
Tallahassee, FL 32399-1035
Facsimile: 850.488.0550

Florida Department of Revenue
P.O Box 6668
Tallahassee, Fl 32314-6668

Florida Department of Revenue
c/o Agency Clerk
501 S. Calhoun Street
Room 201, Carlton Building
Tallahassee, FL 32399

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Internal Revenue Service Centralized
Insolvency Operations P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures- Insolvency
7850 SW 6th Court
Plantation, FL 33324

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, Fl 33130

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

**MASTER SERVICE LIST AS OF AUGUST 22, 2013**
**Florida Gaming Centers, Inc. *et al.***

Wells Fargo Bank Deposits Bankruptcy
Wells Fargo Bank NA
2701 NW Vaughn St, 5th Floor
 Portland, OR 97210

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                              Chapter 11

                                                    Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                       (Jointly Administered)
*et al.*,

_____ Debtors.    /

### INTERIM ORDER (I) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRANSFERS OF, OR CLAIMS OF WORTHLESSNESS WITH RESPECT TO, CERTAIN COMMON STOCK, AND (B) GRANTING RELATED RELIEF

THIS MATTER came before the Court on _____, 2013, at ___:___ a.m./ p.m.

in Miami, Florida, upon the *Debtors' Emergency Motion For An Order (I) Establishing Notification*

*and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common*

*Stock, and (II) Granting Related Relief* (ECF No. ___) (the **"Motion"**) filed by Debtors, Florida

Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom

Holding, Inc. (collectively, **"Miami Jai-Alai"**) for entry of an order establishing notification and

hearing procedures that must be satisfied before certain transfers of, or claims of worthlessness with

respect to, common stock of Florida Gaming Corporation (the **"Common Stock"**) or of any

beneficial interest therein deemed effective, and for related relief.

The Court having reviewed the Motion and having heard the statements of counsel in

support of the relief requested in the Motion at the hearing before the Court (the

**"Hearing"**); and the Court finding that: (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28

U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the

Motion and the Hearing was sufficient under the circumstances; (e) the relief requested in the Motion is in the best interest of Miami Jai-Alai's estates, their creditors, and all parties in interest, and (f) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is hereby

**ORDERED** that:

1.      The Motion is GRANTED, and is effective *nunc pro tunc* to the Petition Date.

2.      Any purchase, sale, or other transfer of the Common Stock, at any time after the Petition Date, in violation of the procedures set forth in the Motion and in this Order (including the notice requirements set forth below) shall be null and void *ab initio*.

### PROCEDURES FOR TRADING IN COMMON STOCK

3.      The following Procedures for Trading in Common Stock [4] are hereby approved:

a.      Any entity (as defined in Bankruptcy Code Section 101(15)) who currently is or becomes a Substantial Shareholder must file with the Court and serve on the Notice Parties a declaration of such status, substantially in the form of **Exhibit 1** annexed hereto, on or before the later of (i) 40 days after the date of the Notice of Order and (ii) ten (10) days after becoming a Substantial Shareholder.

b.      Before effectuating any transfer of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties an Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Common Stock in the form of **Exhibit 2** annexed hereto.

c.      Before effectuating any transfer of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties a

---

[4]  Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Declaration of Intent to Sell, Trade or Otherwise Transfer Common Stock in the form of **Exhibit 3** annexed hereto and with a Declaration of Proposed Transfer.

d.      Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder and the Notice Parties an objection to any proposed transfer of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect Miami Jai-Alai's ability to utilize their Tax Attributes. If Miami Jai-Alai files an objection, such transaction would not be effective unless such objection is withdrawn by Miami Jai-Alai or such transaction is approved by a final order of the Court that becomes nonappealable. If Miami Jai-Alai does not object within such 30-day period, such transaction could proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

e.      Miami Jai-Alai may waive in writing, in their sole discretion, any and all restrictions, stays and notification procedures contained in this motion or in any order entered with respect hereto.

### PROCEDURES FOR CLAIMING A WORTHLESS STOCK DEDUCTION

4.      The following procedures claiming a Worthless Stock Deduction are hereby approved:

a.      Any entity (as defined in Bankruptcy Code Section 101(15)) who has been or currently is a 50% Shareholder must file with the Court and serve on the Notice Parties a declaration of such status, substantially in the form of **Exhibit 4** annexed hereto, on or before the later of (i) 40 days after the date of the Notice of Order and (ii) ten (10) days after becoming a 50% Shareholder.

b.      Prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of Common Stock of Florida Gaming Corp., for a tax year ending before Miami Jai-Alai's emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve on the Notice Parties a Notice of Intent to Claim a Worthless Stock Deduction in the form of **Exhibit 5** annexed hereto.

c.      Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder and the Notice Parties an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock

Deduction on the grounds that such transfer might adversely affect Miami Jai-Alai's ability to utilize the Tax Attributes. If Miami Jai-Alai files an objection, the filing of the return with such claim would not be permitted unless approved by a final and nonappealable order of the Court. If Miami Jai-Alai does not object within such 30-day period, such claim could proceed solely as set forth in Notice of Intent to Claim a Worthless Stock Deduction. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Notice of Intent to Claim a Worthless Stock Deduction.

### NOTICE OF PROCEDURES FOR TRADING IN COMMON STOCK AND PROCEDURES FOR CLAIMING A WORTHLESS STOCK DEDUCTION

5.      No later than two (2) business days following entry of this Order, Miami Jai-Alai shall serve by first class mail, postage prepaid, the Notice of Order, substantially in the form of **Exhibit 6** annexed hereto to the Notice Parties.

6.      All transfer agents for any Common Stock shall serve the Notice of Order on all Registered Holders no later than five business days after being served with the Notice of Order; provided, however, that if any transfer agent provides Miami Jai-Alai with the names and addresses of the Registered Holders no later than three business days after being served with the Notice of Order, Miami Jai-Alai shall be required to serve the Notice of Order on such Registered Holders.

7.      All Registered Holders shall serve the Notice of Order on any holder for whose account such Registered Holder holds Common Stock in excess of 180,000 shares and so on down the chain of ownership for all such holders of Common Stock in excess of 180,000 shares.

8.      Any entity or broker or agent acting on such entity's behalf who sells in excess of 75,000 shares of Common Stock to another entity shall serve a copy of the Notice of Order on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

9.      Miami Jai-Alai shall publish the Notice of Order (modified for publication) in The Wall Street Journal The Wall Street Journal as soon as practicable after entry of the Order.

10.     At least on the first business day of each calendar quarter after the date of the entry of the Order during these chapter 11 cases, all transfer agents for any Common Stock shall serve the Notice of Order upon all holders of shares of Common Stock in excess of 180,000 shares registered with such transfer agent; provided, however, that if any transfer agent provides Miami Jai-Alai's undersigned counsel with the names and addresses of all holders of such shares of Common Stock registered with such transfer agent no later than five business days prior to the expiration of an applicable calendar quarter, Miami Jai-Alai shall be required to serve the Notice of Final Order on such holders.

11.     Miami Jai-Alai shall serve by overnight mail, a notice of the entry of this order substantially in the form of Exhibit 6 attached hereto to: (a) holders of shares of Common Stock in excess of 180,000; (b) the entities listed on each of the Miami Jai-Alai debtors' List of Creditors Holding the 20 Largest Unsecured Claims; (c) transfer agents for any Common Stock; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; and (f) those parties who have requested service of paper pursuant to Bankruptcy Rule 2002.

12.     Any entity, broker or agent acting on such entity's behalf who sells Common Stock in excess of 180,000 shares to another entity shall serve a copy of the Notice of Order on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

13.     The entry of this Order is conditional on the terms set forth herein.  This Order shall remain in effect until further order of the Court.  The modification or vacation of this Order shall not impair any action taken pursuant to it prior to its modification or vacation.

14.     If this Order becomes final, Miami Jai-Alai shall serve the Notice of Order (modified as appropriate, the "**Notice of Final Order**") to the Notice Parties.

15.     All transfer agents for any Common Stock shall serve the Notice of Final Order on all Registered Holders of such Common Stock registered with such transfer agent no later than three (3) business days after being served with the Notice of Final Order; provided, however, that if any transfer agent provides Miami Jai-Alai's undersigned counsel with the names and addresses of all holders of such Common Stock registered with such transfer agent no later than three (3) business days after being served with the Notice of Final Order, Miami Jai-Alai shall serve the Notice of Final Order on such holders.

16.     At least on the first business day of each calendar quarter after the date of the entry of this Order during these Chapter 11 Cases, all transfer agents for any Common Stock shall serve the Notice of Order until a Notice a Final Order has been served, and then the Notice a Final Order, on all Registered Holders; provided, however, that if any transfer agent provides Miami Jai-Alai's counsel with the names and addresses of all holders of such shares of Common Stock registered with such transfer agent no later than two (2) business days prior to the expiration of an applicable calendar quarter, Miami Jai-Alai shall serve the Notice of Final Order on such holders.

17.     After this Order becomes final as set forth herein, any entity or broker or agent acting on such entity's behalf who sells shares of Common Stock in excess of 180,000 to another entity shall serve a copy of the Notice of Final Order on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

18.     The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

19.     Miami Jai-Alai is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     Miami Jai-Alai is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

###

**Submitted by:**
Aaron P. Honaker
SALAZAR JACKSON, LLP
2 South Biscayne Boulevard
Suite 3760
Miami, Florida 33131
Phone: (305) 374-4848
Fax: (305) 397-1021
Email: Honaker@SalazarJackson.com

*(Attorney Honaker shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                              Chapter 11

                                                    Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                       (Jointly Administered)
*et al.*,

_____ Debtors.      /

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER [1]

PLEASE TAKE NOTICE that _____ is/has become a Substantial Shareholder with respect to the common stock of Florida Gaming Corporation or any beneficial interest therein (the common stock of Florida Gaming Corporation and any beneficial interest therein, including Options (as defined in the Interim Order) to acquire such stock, the **"Common Stock"**).  Florida Gaming Corporation is a debtor and debtor in possession in Case No. 1329597-RAM (joint administered) pending the United States Bankruptcy Court for the Southern District of Florida.

PLEASE TAKE FURTHER NOTICE that, as of ____, 2013, _____has Beneficial Ownership of shares of the Common Stock.   The following table sets forth the date(s) on   which _____ acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

---

[1]  For purposes of this Declaration: (a) a "Substantial Shareholder" is any entity (as defined by section 101(15) of title 11 of the United States Code that has Beneficial Ownership of at least 386,460 shares of Common Stock (as defined herein); (b) "Beneficial Ownership" of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries).

| NUMBER OF SHARES OF COMMON STOCK | DATE ACQUIRED |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order (I) Establishing Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common Stock, and (II) Granting Related Relief*, this Declaration is being: (a) filed with the United States Bankruptcy Court for the Southern District of Florida and (b) served on: (i) Florida Gaming Corporation, 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida; (iii) the entities listed on the Miami Jai-Alai debtors' 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile:  _____

Dated:_____

**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                              Chapter 11

                                                    Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                       (Jointly Administered)
*et al.*,

_____ Debtors.     /

**DECLARATION OF INTENT TO PURCHASE, ACQUIRE
OR OTHERWISE ACCUMULATE COMMON STOCK**

PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to purchase, acquire or otherwise accumulate one or more shares of the common stock of Florida Gaming Corporation or any beneficial interest therein (the common stock of Florida Gaming Corporation and any beneficial interest therein, including Options (as defined in the Interim Order) to acquire such stock, the **"Common Stock"**) (the **"Proposed Transfer"**).

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, _____, _____ filed a Declaration of Status as a Substantial Shareholder[1] with the United States Bankruptcy Court for the Southern District of Florida (the **"Bankruptcy Court"**) and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common Stock.

_____

[1] For purposes of this Declaration: (a) a "Substantial Shareholder" is any entity (as defined by section 101(15) of title 11 of the United States Code that has Beneficial Ownership of at least 180,000 shares of Common Stock (as defined herein); (b) "Beneficial Ownership" of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, _____ proposes to purchase, acquire or otherwise accumulate _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, _____ will have beneficial ownership of _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order (I) Establishing Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common Stock, and (II) Granting Related Relief*, this Declaration is being (a) filed with the United States Bankruptcy Court for the Southern District of Florida and (b) served on: (i) Florida Gaming Corporation, 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida; (iii) the entities listed on the Miami Jai-Alai debtors' 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that Florida Gaming Corporation has 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If Florida Gaming Corporation files an objection, such Proposed Transfer will not be effective unless approved by a final order of the Bankruptcy Court that becomes nonappealable. If Florida Gaming Corporation does not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by

_____ that may result in _____ purchasing, acquiring or otherwise

accumulating additional shares of Common Stock or an Option with respect thereto will each

require an additional notice filed with the Bankruptcy Court to be served in the same manner as

this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties

of perjury, _____ hereby declares that he or she has examined this Declaration and

accompanying attachments (if any), and, to the best of his or her knowledge and belief, this

Declaration and any attachments, which purport to be part of this Declaration, are true, correct

and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile:  _____

Dated:_____

# EXHIBIT 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                          Chapter 11

                                                Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                   (Jointly Administered)
*et al.*,

_____ Debtors.        /

## DECLARATION OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER COMMON STOCK

PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to sell, trade or otherwise transfer shares of the common stock of Florida Gaming Corporation or of any beneficial interest therein (the common stock of Florida Gaming Corporation and any beneficial interest therein, including Options (as defined in the Interim Order) to acquire such stock, the **"Common Stock"**) (the **"Proposed Transfer"**).

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, ____, _____ filed a Declaration of Status as a Substantial Shareholder[1] with the United States Bankruptcy Court for the Southern District of Florida (the **"Bankruptcy Court"**) and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1] For purposes of this Declaration: (a) a "Substantial Shareholder" is any entity (as defined by section 101(15) of title 11 of the United States Code that has Beneficial Ownership of at least 180,000 shares of Common Stock (as defined herein); (b) "Beneficial Ownership" of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, _____ proposes to sell, trade or otherwise transfer _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, will have beneficial ownership of _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order (I) Establishing Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common Stock, and (II) Granting Related Relief*, this Declaration is being (a) filed with the United States Bankruptcy Court for the Southern District of Florida and (b) served on: (i) Florida Gaming Corporation, 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida; (iii) the entities listed on the Miami Jai-Alai debtors' 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that Florida Gaming Corporation has 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If Florida Gaming Corporation files an objection, such Proposed Transfer will not be effective unless approved by a final order of the Bankruptcy Court that becomes nonappealable.  If Florida Gaming Corporation does not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by

_____ that may result in _____ purchasing, acquiring or otherwise

accumulating additional shares of Common Stock or an Option with respect thereto will each

require an additional notice filed with the Bankruptcy Court to be served in the same manner as

this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties

of perjury, _____ hereby declares that he or she has examined this Declaration and

accompanying attachments (if any), and, to the best of his or her knowledge and belief, this

Declaration and any attachments, which purport to be part of this Declaration, are true, correct

and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile:  _____

Dated:_____

## **EXHIBIT 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                        Chapter 11

                                              Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                 (Jointly Administered)
*et al.*,

_____ Debtors.     /

## **DECLARATION OF STATUS AS 50% SHAREHOLDER** [1]

PLEASE  TAKE  NOTICE  that  _____  is/has  become  a 50% Shareholder with

respect  to  the  common  stock  of  Florida  Gaming  Corporation  or  any  beneficial  interest  therein

(the common stock of Florida Gaming Corporation and any beneficial interest therein, including

Options  (as  defined  in  the  Interim  Order)  to  acquire  such  stock,  the  **"Common Stock"**).

Florida  Gaming  Corporation  is  a  debtor  and  debtor  in  possession  in  Case  No. 13-29597-RAM

(jointly administered) pending in the United States Bankruptcy Court for the Southern District of

Florida.

PLEASE TAKE FURTHER NOTICE that, as of _____, 2013, _____has

Beneficial Ownership of __ shares of the Common Stock.  The following table sets forth the

---

[1] For purposes of this Declaration: (a) a "50% Shareholder" is any entity (as defined by section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532) that has had at any time since December 31, 2004 Beneficial Ownership of at least 2,000,000 shares of Common Stock (as defined herein); (b) "Beneficial Ownership" of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (c) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

date(s) on which _____ acquired Beneficial Ownership or otherwise has Beneficial

Ownership of such Common Stock:

| NUMBER OF SHARES OF COMMON STOCK | DATE ACQUIRED |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer

identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order (I) Establishing*

*Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain*

*Common Stock, and (II) Granting Related Relief*, this Declaration is being (a) filed with the United

States Bankruptcy Court for the Southern District of Florida and (b) served on: (i) Florida

Gaming Corporation, 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis

Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida; (iii) the

entities listed on the Miami Jai-Alai debtors' 20 Largest Unsecured Claims filed pursuant to

Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal

Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any

Common Stock; and (viii) those parties who have requested service of papers pursuant to

Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile:  _____

Dated:_____

## EXHIBIT 5

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                              Chapter 11

                                                                    Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                                       (Jointly Administered)
*et al.*,

_____ Debtors.     /

### NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to claim a worthlessness deduction with respect to shares of the common stock of Florida Gaming Corporation or of any beneficial interest therein (the common stock of Florida Gaming Corporation and any beneficial interest therein, including Options (as defined in the Interim Order) to acquire such stock, the **"Common Stock"**) (the **"Proposed Worthlessness Claim"**).

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, __, _____ filed a Declaration of Status as a 50% Shareholder[1] with the United States Bankruptcy Court for the Southern District of Florida (the **"Bankruptcy Court"**) and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common Stock.

_____

[1] For purposes of this Declaration: (a) a "50% Shareholder" is any entity (as defined by section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532) that has had at any time since December 31, 2004 Beneficial Ownership of at least 4,294,000 shares of Common Stock (as defined herein); (b) "Beneficial Ownership" of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (c) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, _____ proposes to declare for _____[federal/state] tax purposes that _____ shares of Stock, or a warrant or option with respect to _____ shares of Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order (I) Establishing Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common Stock, and (II) Granting Related Relief*, this Declaration is being (a) filed with the United States Bankruptcy Court for the Southern District of Florida and (b) served on: (i) Florida Gaming Corporation, 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida; (iii) the entities listed on the Miami Jai-Alai debtors' 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that Florida Gaming Corporation has 30 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If Florida Gaming Corporation files an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by Florida Gaming Corporation or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable. If Florida Gaming Corporation does not object within such 30-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this

Declaration.

PLEASE TAKE FURTHER NOTICE that any further actions contemplated by _____ that may result in _____ declaring for tax purposes that shares that shares of Common Stock or an Option with respect thereto have become worthless each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments, which purport to be part of this Declaration, are true, correct and complete.

Respectfully submitted,

(Name of Prospective Claimer)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile:  _____

Dated:_____

**EXHIBIT 6**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                  Chapter 11

                                                        Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,            (Jointly Administered)
*et al.*, [5]

_____ Debtors.     /

**NOTICE OF NOTIFICATION AND HEARING PROCEDURES
FOR TRANSFERS OF, OR CLAIMS OF WORTHLESSNESS
WITH RESPECT TO CERTAIN COMMON STOCK**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT HOLD COMMON STOCK OF FLORIDA GAMING CORPORATION**:

PLEASE TAKE NOTICE THAT on August 19, 2013 (the **"Petition Date"**), Florida

Gaming Corporation (**"Florida Gaming Corp."**)  and certain of its affiliates filed petitions with

the Court under title 11 of the United States Code (the **"Bankruptcy Code"**).  Subject to certain

exceptions, Bankruptcy Code Section 362 operates as a stay of any act to obtain possession of

property of Florida Gaming Corp.'s estate or property from Florida Gaming Corp.'s estate or to

exercise control over property of Florida Gaming Corp.'s estate.

PLEASE TAKE FURTHER NOTICE THAT on April 15, 2012, Florida Gaming Corp.

filed the *Emergency Motion for Entry of Interim and Final Orders (I) Establishing Notification and*

*Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Cretan Common Stock*

*and (II) Granting Related Relief.*

_____

[5] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida
Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom
Holding, Inc. (4929).

PLEASE TAKE FURTHER NOTICE THAT on August __, 2012, the United States Bankruptcy Court for the Southern District of Florida (the **"Bankruptcy Court"**) entered the Order Establishing Notification and Hearing Procedures for Transfers of, or Claims of Worthlessness with Respect to, Certain Common Stock and Granting Related Relief approving the procedures set forth below in order to preserve Florida Gaming Corp.'s NOLs and Tax Attributes (each as defined below) (the **"Order"**).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Order, the following procedures shall apply to holding and trading in Common Stock of Florida Gaming Corp.:

a.    Any entity (as defined in Bankruptcy Code Section 101(15)) who currently is or becomes a Substantial Shareholder (as such term is defined in paragraph (e) below) must file with the Court and serve on the Notice Parties (as defined below) a declaration of such status, on or before the later of (i) 40 days after the date of the Notice of Order (as defined herein) and (ii) ten (10) days after becoming a Substantial Shareholder.

b.    Before effectuating any transfer of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties an advance written declaration of the intended transfer of Common Stock (each, a **"Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Common Stock"**).

c.    Before effectuating any transfer of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve on the Notice Parties an advance written declaration of the intended transfer of Common Stock (each, a **"Declaration of Intent to Sell, Trade or Otherwise Transfer Common Stock"** and with a Declaration of Intent to Purchase, Acquire or Accumulate Common Stock, each, a **"Declaration of Proposed Transfer"**).

d.    Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder and the Notice Parties an objection to any proposed transfer of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect

Miami Jai-Alai's ability to utilize their Tax Attributes. If Miami Jai-Alai files an objection, such transaction would not be effective unless such objection is withdrawn by Miami Jai-Alai or such transaction is approved by a final order of the Court that becomes nonappealable. If Miami Jai-Alai does not object within such 30-day period, such transaction could proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

   e. For purposes of these procedures, the following terms shall be defined as follows: (i) a **"Substantial Shareholder"** is any entity that has Beneficial Ownership of at least 180,000 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares); (ii) **"Beneficial Ownership"** of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to own beneficially all shares owned or acquired by its subsidiaries), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (iii) an **"Option"** to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

   f. The **"Notice Parties"** are: (i) Miami Jai-Alai, c/o Salazar Jackson, LLP, Esq., 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida (the **"U.S. Trustee"**); (iii) the entities listed on the 20 Largest Unsecured Claims of the Miami Jai-Alai debtors in these cases filed pursuant to Bankruptcy Rule 1007(d); (v) counsel to Miami Jai-Alai's secured lenders; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Order, the following procedures shall apply to claims for federal or state tax purposes that Common Stock of Florida Gaming Corp. is worthless:

   a. Any entity (as defined in Bankruptcy Code Section 101(15)) who has been or currently is a 50% Shareholder (as such term is defined in paragraph (e) below) must file with the Court and serve on the Notice Parties (as defined below) a declaration of such status, on or before the later of (i) 40 days after the date of the Notice of Order (as defined

herein) and (ii) ten (10) days after becoming a 50% Shareholder.

b.    Prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of Common Stock of Florida Gaming Corp., for a tax year ending before Miami Jai-Alai's emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve on the Notice Parties written declaration of the intended claim of worthlessness (each, a **"Notice of Intent to Claim a Worthless Stock Deduction"**).

c.    Miami Jai-Alai shall have thirty (30) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder and the Notice Parties an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such transfer might adversely affect Miami Jai-Alai's ability to utilize the Tax Attributes. If Miami Jai-Alai files an objection, the filing of the return with such claim would not be permitted unless approved by a final and nonappealable order of the Court. If Miami Jai-Alai does not object within such 30-day period, such claim could proceed solely as set forth in Notice of Intent to Claim a Worthless Stock Deduction. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Notice of Intent to Claim a Worthless Stock Deduction.

d.    For purposes of these procedures, the following terms shall be defined as follows: (i) a **"50% Shareholder"** is any entity that has had at any time since December 31, 2004 Beneficial Ownership of at least 2,000,000 shares of Common Stock (representing approximately 50% of all issued and outstanding shares); (ii) **"Beneficial Ownership"** of Common Stock includes direct and indirect ownership (i.e., a holding company would be considered to own beneficially all shares owned or acquired by its subsidiaries), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (iii) an **"Option"** to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

e.    The **"Notice Parties"** are: (i) Miami Jai Alai, c/o Salazar Jackson, LLP, Esq., 2 South Biscayne Boulevard, Suite 3760, Miami, Florida 33131, Attn: Luis Salazar; (ii) the Office of the United States Trustee for the Southern District of Florida (the **"U.S. Trustee"**); (iii) the entities listed on the 20 Largest Unsecured Claims of the Miami Jai-Alai debtors in these cases filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to Miami Jai-Alai's secured lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the transfer agents for any Common Stock; and (viii) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE THAT, upon the request of any entity, Florida

Gaming Corp. or its transfer agent, will provide a form of each of the required declarations described above and a copy of the Order in a reasonable period of time.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF BANKRUPTCY CODE SECTION 362.**

**ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF, OR CLAIMS OF WORTHLESSNESS WITH RESPECT TO, COMMON STOCK IN THE DEBTORS OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE TERMS OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated: August __, 2013.