ORDERED in the Southern District of Florida on August 23, 2013



Robert A. Mark, Judge
United States Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

FLORIDA GAMING CENTERS, INC.,
et al.,[1]

Debtors.          /

Chapter 11

Case No. 13-29597-RAM
(Jointly Administered)

INTERIM ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF SALAZAR JACKSON LLP, AS GENERAL COUNSEL
FOR DEBTORS AND DEBTORS-IN-POSSESSION
NUNC PRO TUNC TO PETITION DATE
AND SETTING FINAL HEARING

THIS MATTER came before the Court for hearing on August 21, 2013 at 3:00 p.m. on

the *Emergency Application for Entry of Interim and Final Orders Authorizing Employment and

Retention of Salazar Jackson LLP, as General Counsel for Debtors and Debtors-in-Possession, Nunc

Pro Tunc to Petition Date* (the "**Application**") (ECF No. 7), filed on August 19, 2013 by Debtors,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, "**Miami Jai-Alai**") and upon the Affidavit of Luis Salazar (the "**Salazar Affidavit**"), a partner of Salazar Jackson LLP ("**Salazar Jackson**"), attached to the Application as Exhibit "A." The Application requests entry of an order, on an interim basis, authorizing the employment and retention of Salazar Jackson *nunc pro tunc* to the Petition Date and further entry of a final order authorizing such employment and retention on a final basis at such time as permitted under Fed. R. Bankr. P. 6003(a).

The Court having read the Application and the Salazar Affidavit, and having found that Mr. Salazar is duly qualified to practice in this Court pursuant to Local Rule 2090-1(A); that the Salazar Affidavit makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and 2016; and that the Salazar Affidavit contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating the disinterestedness of Mr. Salazar and Salazar Jackson. For the reasons stated on the record and it appearing that the relief requested in the Application is in the best interests of Miami Jai-Alai's estates, their creditors, and other parties in interest, and is necessary to avoid immediate and irreparable harm to Miami Jai-Alai and their estates; and the Court having jurisdiction to consider the matters raised in the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and the Court having reviewed the Application and the Salazar Affidavit, finds and determines that: (a) Salazar Jackson does not hold or represent any interest adverse to Miami Jai-Alai's estates; and (b) Salazar Jackson is a disinterested person as required by 11 U.S.C. § 327(a) and within the meaning of 11 U.S.C. §

101(14) and Local Rule 2014-1. Due and proper notice of the Application having been provided to all parties entitled thereto, and it appearing that no other or further notice is necessary or required, it is

**ORDERED** as follows:

1. The Application is GRANTED, on an interim basis, *nunc pro tunc* to the Petition Date.

2. Miami Jai-Alai is authorized to employ and retain Luis Salazar and the law firm of Salazar Jackson as general counsel in this case to represent it in general bankruptcy matters and other proceedings that may arise during the course of the representation as set forth in the Application and in accordance with the terms of this Interim Order.

3. Salazar Jackson shall maintain contemporaneous time records with the rendition of services, and shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with Miami Jai-Alai's Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules, Guidelines for Fees Applications for Professionals in the Southern District of Florida in Bankruptcy Cases, and such other applicable procedures and orders of this Court.

4. The Court shall conduct a final hearing on the Application on **September 11, 2013** at ~~3:00~~ 2:30 p.m. at Claude Pepper Federal Building, 51 S.W. First Avenue, Room 1406, Miami, Florida 33130 (the **"Final Hearing"**). Any party in interest objecting to the relief sought in the Application shall file written objections with the Clerk of the United States Bankruptcy Court, and serve copies upon: (a) Salazar Jackson, LLP, Attention: Luis Salazar, Esq.; (b) Office of the

3

United States Trustee for the Southern District of Florida; (c) all entities identified on any Master Service List filed with the Court pursuant to Local Rule 2002-1(H); and (d) counsel to any Official Committee of Creditors Holding Unsecured Claims (collectively, the "**Notice Parties**"). Objections shall be filed with the Clerk such that they are received by no later than 4:30 p.m. Eastern Time at least two days prior to the Final Hearing.

5. In the event that Salazar Jackson's employment and retention is not approved on a final basis, Salazar Jackson is authorized to apply for compensation and reimbursement of expenses, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary and customary rates, as may be adjusted from time to time, for services rendered and expenses incurred on behalf of Miami Jai-Alai from the Petition Date through the date of the Final Hearing. Any party in interest may object to the Salazar Jackson application for compensation and reimbursement of expenses provided that such party files such objection with this Court and serves a copy of the objection on the Notice Parties.

6. Miami Jai-Alai has satisfied the requirements for relief requested earlier than the 21-day interim period set forth in Fed. R. Bankr. P. 6003 to justify entry of this Interim Order.

7. Miami Jai-Alai is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order and in accordance with the Application.

8. The entry of this Interim Order is without prejudice to the rights of any party in interest to object to the approval of the Application on a final basis, and any such objection will be subject to a *de novo* standard of review at the Final Hearing.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

# # #

Submitted by:
Luis Salazar, Esq.
SALAZAR JACKSON LLP
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-4848
Fax: (305) 397-1021
Email: Salazar@SalazarJackson.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

5