IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| FLORIDA GAMING CENTERS, INC., *et al.*,[1] | Case No. 13-29597-RAM (Jointly Administered) |
| Debtors. / | |

# APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT OF HUDSON & CALLEJA, LLC, AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

**[HEARING REQUESTED: SEPTEMBER 11, 2013 AT 2:30 P.M.]**

Debtors, Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, "**Miami Jai-Alai**" or the "**Debtors**"), file this application (the "**Application**"), pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 327(e) and 328(a), and Federal Rule of Bankruptcy Procedure 2014, for the entry of an Order authorizing the employment of Hudson & Calleja, LLC ("**Hudson & Calleja**") as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date. The facts and circumstances supporting this Application are set forth herein and in the Declaration of Robert W. Hudson, a partner with Hudson & Calleja (the "**Hudson Declaration**") attached hereto as **Exhibit "A."** In support of this Application, the Debtors state:

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

**BACKGROUND**

1. On August 19, 2013 (the "**Petition Date**"), Miami Jai-Alai commenced these voluntary Chapter 11 cases. Miami Jai-Alai is authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

**RELIEF REQUESTED**

2. By this Application, Miami Jai-Alai seeks authority to employ Hudson & Calleja as its special litigation counsel in these Chapter 11 cases to provide legal services as set forth below, *nunc pro tunc* to the Petition Date.

3. Miami Jai-Alai believes that it is in the best interest of the estates to employ Hudson & Calleja as its special litigation counsel. Hudson & Calleja is particularly well-suited for the type of representation required by the Debtors, having served as general litigation counsel to Miami Jai-Alai prior to the filing of these Chapter 11 cases, and becoming intimately familiar with historical and background information with respect to the Debtors and the legal issues that may arise in the context of these cases.

4. Miami Jai-Alai believes that the services of Hudson & Calleja will not duplicate the services that its general bankruptcy counsel is providing to the Debtors in these Chapter 11 cases or the services any other professional who may be retained in these Chapter 11 cases will provide. Miami Jai-Alai anticipates that Hudson & Calleja will perform unique functions and will use reasonable efforts to coordinate with the Debtors and other professionals retained in these Chapter 11 cases to avoid unnecessary duplication of effort and use of the Debtors' resources.

## SERVICES TO BE PROVIDED

5. Miami Jai-Alai expects that Hudson & Calleja will render professional services to the Debtors including, without limitation, the following:

a. provide legal services and advice with respect to general litigation matters; and

b. within the scope of the special counsel engagement, performing all other legal services for, and providing all other necessary legal advice to, the Debtors which may be necessary and proper in these Chapter 11 cases.

## HUDSON & CALLEJA DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

6. To the best of Miami Jai-Alai's knowledge, information, and belief, other than disclosed herein and in the Hudson Declaration, which is incorporated herein by reference, Hudson & Calleja (i) does not have any connection with the Debtors, their creditors, this Court, the United States Trustee, any person employed in the Office of the United States Trustee for Region 21, or any other party in interest, or their respective attorneys or accountants, and (ii) does not hold or represent any interest adverse to the estate with respect to the matters on which Hudson & Calleja is to be employed.

## COMPENSATION FOR SERVICES TO BE PROVIDED

7. Section 328(a) of the Bankruptcy Code authorizes the employment of counsel for a special purpose on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code and Rules, the Local Rules of this Court, and other procedures that may be established by this Court, the Debtors request that Hudson & Calleja be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred,

in accordance with its ordinary and customary rates in effect on the date the services are rendered.

8. Hudson & Calleja has advised Miami Jai-Alai that the hourly rates applicable to the attorneys and paralegals to render services on behalf of the Debtors are:

| | |
|---|---|
| Robert W. Hudson | $450.00 per hour |
| Alexis A. Calleja | $450.00 per hour |
| Dania Battle | $300.00 per hour |
| Terry Charlton | $140.00 per hour |

9. Except as otherwise provided herein, Hudson & Calleja intends to apply to the Court for interim and final payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

10. Other than as set forth herein, there is no proposed arrangement to compensate Hudson & Calleja. Hudson & Calleja has not shared, nor agreed to share any compensation it has received or may receive with any other party or person, other than with the partners and associates of Hudson & Calleja, or to share in or receive any compensation or fee with or from any other person in connection with these cases.

11. Miami Jai-Alai requests that the proposed employment be approved *nunc pro tunc* to the Petition Date in order to allow Hudson & Calleja to seek compensation for services rendered on behalf of the Debtors since the Petition Date and periods thereafter. Prior to the Court's consideration of this Application, Hudson & Calleja has provided historical and

background information with respect to the Debtors to general bankruptcy counsel in these Chapter 11 cases. Miami Jai-Alai submits that any inadvertent delay in submission of this Application and the Hudson Declaration is not through error or omission on the part of Hudson & Calleja, and that, particularly in light of the invaluable historical and background information with respect to the Debtors that Hudson & Calleja has provided and will provide in these cases, and its reasonable hourly rates for such services, retroactive approval is warranted in this instance.

**WHEREFORE**, Miami Jai-Alai, L.C. respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit "B"** (i) granting this Application; (ii) authorizing the employment of Hudson & Calleja as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: August 29, 2013

Respectfully submitted,

**SALAZAR JACKSON, LLP**
*Counsel for Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc.*
Two South Biscayne Boulevard, Suite 3760
Miami, FL 33131
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: Salazar@SalazarJackson.com
Jackson@SalazarJackson.com
Honaker@SalazarJackson.com

By: /s/ Luis Salazar
Luis Salazar
Florida Bar No. 147788
Linda Worton Jackson
Florida Bar No. 843164
Aaron P. Honaker
Florida Bar No. 48749

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Master Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those parties who are not registered to receive notices electronically.

/s/ Luis Salazar
Luis Salazar

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

## DEBTORS

Florida Gaming Centers, Inc.
Florida Gaming Corporation
Freedom Holding, Inc.
Tara Club Estates, Inc.
Attn: W. Bennett Collett, Jr.
3500 NW 37th Avenue
Miami, FL 33142

## DEBTORS COUNSEL / PROFESSIONALS

Luis Salazar, Esq.
Linda Worton Jackson, Esq.
Aaron P. Honaker, Esq.
SALAZAR JACKSON, LLP
Two S. Biscayne Blvd., Suite 3760
Miami, FL 33131
Email: Salazar@SalazarJackson.com
Email: Jackson@SalazarJackson.com
Email: Honaker@SalazarJackson.com
*Counsel for Debtors*

VIA EMAIL ONLY
Robert W. Hudson, Esq.
HUDSON & CALLEJA, LLC
3211 Ponce de Leon Boulevard, Suite 102
Coral Gables, FL 33134
Email: rhudson@hudsoncalleja.com
*Proposed Special Counsel for Debtors*

VIA EMAIL ONLY
R. James Straus, Esq.
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Email: jstraus@fbtlaw.com
*Proposed Special Counsel for Debtors*

## U.S TRUSTEE

Office of the United States Trustee
51 Southwest First Avenue, Room 1204
Miami, FL 33130
Email:USTPRegion21.MM.ECF@usdoj.gov

## SECURED CREDITORS

Drew Dillworth
150 West Flagler Street
Miami, FL 33130
Email: ddillworth@stearnsweaver.com
*Local Counsel for ABC Funding, LLC*

Marissa D. Kelley, Eq.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Blvd., Suite 2100
Fort Lauderdale, FL 33301
Email: mkelley@stearnsweaver.com
*Counsel for ABC Funding, LLC*

Andrew F. O'Neill
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: aoneill@sidley.com
*Counsel for ABC Funding, LLC*

Dennis M. Twomey
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: dtwomey@sidley.com
*Counsel for ABC Funding, LLC*

ABC Funding, LLC
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

Canyon Distressed Opportunity Master Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon-GRF Master Fund II, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Fund, L.P.
c/o Canyon Capital Advisors LLC
Attn: Chaney Sheffield
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Master Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

J.P. Morgan Securities LLC
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

JPMorgan Chase Bank, N.A.
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

Locust Street Funding LLC
c/o GSO/Blackstone Debt Funds Management
Attn: James Roche
345 Park Avenue, 31st Floor
New York, NY 10154

Summit Partners Subordinated Debt Fund IV-A, L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-A, L.P.
Summit Partners Subordinated Debt Fund IV-B, L.P.
ABC Funding, LLC
Attn: Summit Partners SD IV, L.P.,
Attn: Robin W. Devereux, General Partner
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-B, L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Ileana Cruz
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128-1993
Email: ileanac@miamidade.gov
Email: cao.bkc@miamidade.gov
*Counsel for Miami Dade County-County Tax Collector*

Miami Dade County Tax Collector
Darely Garcia-Lopez
c/o Miami Dade County Paralegal Unit
Miami Dade Bankruptcy Unit
140 West Flagler Street, Suite 1403
Miami, FL 33130-1575
Email: dgjp@miamidade.gov
Email: MDTCBKC@miamidade.gov

Thomas P. Abbott, Assistant County Attorney
PO Box 025504
Miami, FL 33102-5504
Facsimile: 305-876-7294
Email: TABBOTT@miami-airport.com

## 20 LARGEST CREDITORS

Andrew R. Herron, Esq. Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Email: aherron@herronortiz.com
Email: ndrubin@herronortiz.com
*Counsel for Miami Gaming Ventures, LLC*

Allied Health Plans
Attn: Vdayan Sen
9400 South Dadeland Blvd. Suite 510
Miami, FL 33156

American Gaming Systems, LLS
Attn: Lisa Begay-Jennings
6680 Amelia Earhart Court
Las Vegas, NV 89119

Aristocrat Technologies
Attn: Tatiana Janevski
7230 Amigo Street
Las Vegas, NV 89119

Andrea Neiman
1333 St. Tropez Circle #406
Weston, FL 33326

Broadridge ICS
PO Box 416423
Boston, MA 02241

Chase Credit Cardmember
P.O. Box 94014
Palatine, IL 60094

Construct Design/Florida Lemark
20470 NW 94th Avenue
Miami, FL 33172
Continental Stock Transfer
17 Battery Place
New York, NY 10004

Cousins, Chipman, and Brown
The Nemours Building
Attn: Joseph Cicero
1007 North Orange Street, Ste 1110
Wilmington, DE 19801

Dania Jai-Alai
Attn: Clint Morris
301 East Dania Beach Blvd
P.O. Box 96
Dania, FL 33004

Derby Lane
Attn: Sandra Halbert
10490 Gandy Blvd. N.
Saint Petersburg, FL 33702

Edmunds Direct Mail, Inc.
Attn: K. Biglin
301 Tilton Road
Northfield, NJ 08225

Farmers Bank
P.O. Box 231
Hardinsburg, KY 40143

Freedom Financial Corporation
2669 Charlestown Road #D
New Albany, IN 47150

Florida Legislative Consultants, Inc.
Attn: Jim Tillman
522 East Jefferson Street
Tallahassee, FL 32302

George Galloway
2399 Mountain Tops Road
Blue Ridge, GA 30513

Gulfstream Park
Attn: Carl Ng Mon
901 South Federal Highway
Hallandale, FL 33009

H. Hewitt Brown
600 East Main Street
Louisville, KY 40202

IGT-Eastern Operating
Attn: Dea Drummond
6355 South Buffalo Drive
Las Vegas, NV 89113

International Sound Corporation
Attn: Dale Walter
7130 Milford Industrial Rd.
Pikesville, MD 21208

James Stuckert/Solomon Howell
7308 Shadwell Lane
Prospect, KY 40059

Kim Tharp
2669 Charlestown Rd #D
New Albany, IN 47150

King & Company
Attn: Jim King
32400 Dutchmans Lane
Louisville, KY 40205

Miami Casino Management, LLC
Attn: Dave Jonas
21001 North Tatun Blvd. Suite 1630-256
Phoenix, AZ 85050

Palm Beach Kennel
Attn: Le Ruth DeMunn
1111 North Congress Avenue
West Palm Beach, FL 33409

Roberts Communication Network, Inc.
Attn: Joanne Colon
4175 Cameron Street Suite B-10
Las Vegas, NV 89103

Roland Howell Estate
Attn: Alex Rosa
555 NE 15th Street
Miami, FL 33132

Staples Credit Card
P.O. Box 689020
Des Moines, IA 50368

SHFL Entertainment, Inc.
Attn: Amy Lawrence
1106 Palms Airport Drive
Las Vegas, NV 89119

Sportech, Inc.
Attn: Albashir Haji
1095 Winward Ridge Parkway, Suite 170
Alpharetta, GA 30005

Tampa Bay Downs
Attn: Greg Gelyon
11225 Race Track Road
Tampa, FL 33626

Tom Tew
Four Seasons Tower
1435 Brickell Avenue 15th Floor
Miami, FL 33131

Vintage Filings
350 Hudson Street, Suite 300
New York, NY 10014

William Haddon Estate
Attn: Betty Haddon
196 Atlanta Country Club Drive
SE Marietta, GA 30067

**GOVERNMENTAL AGENCIES / TAXING AUTHORITIES**

Division of Alcoholic Beverages and Tobacco
Attn: Allen Douglas, Director
1940 North Monroe Street
Tallahassee, FL 32399
Facsimile: 850.922.5175

Division of Pari-Mutuel Wagering
Southern Division
1400 West Commercial Boulevard, Suite 165
Ft. Lauderdale, FL 33309-3787

Division of Pari-Mutuel Wagering
Attn: Leon M Biegalski, Director
1940 North Monroe Street
Tallahassee, FL 32399-1035
Facsimile: 850.488.0550

Florida Department of Revenue
Attn: Bankruptcy Unit
P.O Box 6668
Tallahassee, FL 32314-6668

Florida Department of Revenue
c/o Agency Clerk
501 S. Calhoun Street
Room 201, Carlton Building
Tallahassee, FL 32399

Florida Department of Revenue
8175 NW 12th St, Suite 119
Miami Service Center
Miami, FL 33126-1828

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedures- Insolvency
7850 SW 6th Court
Plantation, FL 33324

David Baddley
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces N.E, Suite 900
Atlanta, GA 30326-1382
Email: atlreorg@sec.gov
*Counsel for U.S. Securities and Exchange Commission*

Securities and Exchange Commission
Eric I Bustillo, Regional Director
801 Brickell Ave., Suite 1800
Miami, FL 33131

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, FL 33130

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

Eric Holder, US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**PARTIES IN INTEREST**

VIA EMAIL ONLY
Lance A. Schildkraut, Esq.
DiConza Traurig LLP
630 Third Avenue, 7th Floor
New York, NY 10017
Email: las@dtlawgroup.com

VIA EMAIL ONLY
Gerald D. Kelly, Esq.
Claire E. W. Stewart, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
Email: gkelly@sidley.com

VIA EMAIL ONLY
Benjamin R. Nagin, Esq.
Adam McClay, Esq.
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
Email: bnagin@sidley.com
Email: amcclay@sidley.com

VIA EMAIL ONLY
Alexander D. Silverman, Member
William S. Kogan, General Counsel
SILVERMARK LLC
430 Park Avenue, 5th Floor
New York, NY 10022
Email: alexs@andalex.com
Email: wkogan@andalex.com

VIA EMAIL ONLY
Linda A. Conahan
GUNSTER, YOAKLEY & STEWART, P.A.
450 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
Email: lconahan@gunster.com

VIA EMAIL ONLY
Etan Mark, Esq.
BERGER SINGERMAN, LLP
1450 Birckell Avenue, Suite 1900
Miami, FL 33131
Email: emark@bergersingerman.com

VIA EMAIL ONLY
David Jonas
4 Overlook Ct.
Medford, NJ 8055
Email: davesjonas@gmail.com

Wells Fargo Bank Deposits Bankruptcy
Wells Fargo Bank NA
2701 NW Vaughn St, 5th Floor
Portland, OR 97210

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: Chapter 11

FLORIDA GAMING CENTERS, INC., *et al.*,[1]

Case No. 13-29597-RAM
(Jointly Administered)

Debtors. /

## DECLARATION OF ROBERT W. HUDSON IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT OF HUDSON & CALLEJA, LLC, AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

I, ROBERT W. HUDSON, being duly sworn, state the following under penalty of perjury:

1. I am an attorney admitted to practice in the State of Florida, and a partner with the law firm of Hudson & Calleja, LLC ("**Hudson & Calleja**") located at 3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134

2. I submit this Declaration in support of the *Application for Entry of an Order Authorizing Employment of Hudson & Calleja, LLC as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "**Application**") filed by Debtors, Florida Gaming Centers, Inc. ("**Florida Gaming Centers**"), Florida Gaming Corporation ("**Florida Gaming Corp.**"), Tara Club Estates, Inc. ("**Tara**") and Freedom Holding, Inc. ("**Freedom**") (collectively, "**Miami Jai-Alai**") to employ Hudson & Calleja as special litigation counsel in these Chapter 11 cases. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

3. Hudson & Calleja is particularly well-suited for the type of representation required by the Debtors, having served as general litigation counsel prior to the filing of these Chapter 11 cases, and becoming intimately familiar with the historical information and background of the Debtors and the legal issues that may arise in the context of these cases. I have represented Florida Gaming Centers and Florida Gaming Corp. as general outside counsel since 2005.

4. Prior to the filing of these Chapter 11 cases, I temporarily served as registered agent for Miami Casino Management, LLC ("**Miami Casino Management**"), a general unsecured creditor of Florida Gaming Centers, Inc. holding a claim of $1,125,000.

5. Miami Casino Management is a limited liability company affiliated with David Jones in his capacity as the Court-appointed Receiver in the state court case styled *ABC Funding, LLC v. Florida Gaming Centers, Inc., et al.*, Case No. 12-35064 CA 58, filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. I have resigned as registered agent and no longer serve as the registered agent of Miami Casino Management.

6. Further, Hudson & Calleja has represented Miami Casino Management in a limited capacity in negotiating the departure of a member of Miami Casino Management in a matter wholly unrelated to these Chapter 11 cases, which concluded approximately one year ago. No litigation was filed and the representation was limited to negotiating terms for the resignation of a former member of Miami Casino Management.

7. To the best of my knowledge, other than disclosed herein, Hudson & Calleja (i) does not have any connection with the Debtors, their creditors, this Court, the United States Trustee, any person employed in the Office of the United States Trustee for Region 21, or any

other party in interest, or their respective attorneys or accountants, and (ii) does not hold or represent any interest adverse to the estate with respect to the matters on which Hudson & Calleja is to be employed. During the course of its engagement, Hudson & Calleja will not represent any entity other than the Debtors in connection with these Chapter 11 cases.

8. The professional services that Hudson & Calleja expects to render to the Debtors include, without limitation, the following:

a. provide legal services and advice with respect to general litigation matters; and

b. within the scope of the special counsel engagement, performing all other legal services for, and providing all other necessary legal advice to, the Debtors which may be necessary and proper in these Chapter 11 cases.

9. Hudson & Calleja intends to apply for compensation for professional services rendered in connection with these cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and Rules and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Hudson & Calleja.

10. Hudson & Calleja has advised Miami Jai-Alai that the hourly rates applicable to the attorneys and paralegals to render services on behalf of the Debtors are:

| | |
|---|---|
| Robert W. Hudson | $450.00 per hour |
| Alexis A. Calleja | $450.00 per hour |
| Dania Battle | $300.00 per hour |
| Terry Charlton | $140.00 per hour |

11. The hourly rates set forth above are Hudson & Calleja' standard hourly rates for work of this nature and are routinely adjusted on an annual basis. These rates are set at a level designed to compensate Hudson & Calleja fairly for the professional services rendered to its

clients.

12. During the course of its representation of Miami Jai-Alai, Hudson & Calleja routinely billed and received payment for services rendered and reimbursement of necessary expenses incurred. Hudson & Calleja has advised Miami Jai-Alai that, as of the Petition Date, it is owed $13,080.00 in fees and costs for pre-petition services rendered on behalf of Miami Jai-Alai.

13. Hudson & Calleja has not received a retainer for post-petition fees and costs that may be awarded to Hudson & Calleja by the Court in these Chapter 11 cases.

14. Other than as set forth herein, there is no proposed arrangement to compensate Hudson & Calleja. Hudson & Calleja has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of Hudson & Calleja, or (b) any compensation another person or party has received or may receive.

15. Based upon the foregoing, I believe Hudson & Calleja is eligible for employment by the Debtors pursuant to section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules.

16. I will amend or supplement this Declaration upon my learning that any of the representations contained herein are inaccurate or to the extent that there are any changes of circumstances relating to said representations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29th, 2013

ROBERT W. HUDSON

# EXHIBIT “B”

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| FLORIDA GAMING CENTERS, INC., *et al.*,[1] | Case No. 13-29597-RAM (Jointly Administered) |
| Debtors. / | |

**ORDER AUTHORIZING EMPLOYMENT OF HUDSON & CALLEJA, LLC AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

**THIS CAUSE** came before the Court for hearing on ______________________ to consider the *Application for Entry of an Order Authorizing Employment of Hudson & Calleja, LLC as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "**Application**") (ECF No. _____), and upon the Declaration of Robert W. Hudson (the "**Hudson Declaration**"), a partner with the law firm of Hudson & Calleja, LLC ("**Hudson &**

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

**Calleja**"), attached to the Application as Exhibit A. The Application requests entry of an order authorizing the employment of Hudson & Calleja as special litigation counsel, *nunc pro tunc* to the Petition Date.

The Court having read the Application and Declaration, finds that the Hudson Declaration makes the relevant disclosures as required by Federal Rule of Bankruptcy Procedure 2014. For the reasons stated on the record and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the matters raised in the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Court having reviewed the Application and Declaration, finds and determines that: (a) Hudson & Calleja does not hold or represent any interest adverse to the Debtors' estates; and (b) Hudson & Calleja is eligible for employment by the Debtors pursuant to section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules. Due and proper notice of the Application having been provided to all parties entitled thereto, and it appearing that no other or further notice is necessary or required, it is

**ORDERED** that:

1. The Application is GRANTED, *nunc pro tunc* to the Petition Date.

2. The Debtors are authorized to employ Robert W. Hudson and the law firm of Hudson & Calleja, LLC as special litigation counsel in these Chapter 11 cases, pursuant to §§ 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 as set forth in the Application and in accordance with the terms of this Order.

3. Hudson & Calleja shall maintain contemporaneous time records with the rendition of services, and shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with these Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules, Guidelines for Fees Applications for Professionals in the Southern District of Florida in Bankruptcy Cases, and such other applicable procedures and orders of this Court.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

**Submitted by:**
Luis Salazar, Esq.
**SALAZAR JACKSON LLP**
Two S. Biscayne Boulevard, Suite 3760
Miami, Florida 33131
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: Salazar@SalazarJackson.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*