IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Chapter 11

                                                          Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                             (Jointly Administered)
*et al.*, [1]

_____ Debtors.  /

## Debtors' Motion To Establish Procedures To Permit Monthly Payment Of Interim Fee Applications Of Chapter 11 Professionals

### [Hearing Requested:  September 11, 2013 at 2:30 p.m.]

Debtors, Florida Gaming Centers, Inc., Florida Gaming Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, "**Miami Jai-Alai**" or the "**Debtors**"), pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-1(B)(3)(b), move this Court for the entry of an Order establishing procedures to permit monthly payment of interim fee applications of Chapter 11 professionals, and state:

## BACKGROUND

1.      On August 19, 2013 (the "**Petition Date**"), Miami Jai-Alai commenced these voluntary Chapter 11 cases.  Miami Jai-Alai is authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108.  No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

---

[1] The debtors in these chapter 11 cases, and the last four digits of their federal tax identification number, are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

**S** **J**   **Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

## RELIEF REQUESTED

2.      Miami Jai-Alai seeks the entry of an Order establishing procedures for compensating and reimbursing professionals on a monthly basis (the "**Monthly Compensation Procedure**"), comparable to those established in many other large Chapter 11 cases in this and other districts.  In this way, the Court and parties-in-interest can more effectively monitor the fees incurred, and Miami Jai-Alai will be able to spread out its payments of professional fees, rather than suffer larger depletions to its cash flow on an irregular basis.

3.      In connection with these Chapter 11 cases, Miami Jai-Alai has filed applications to retain (i) Salazar Jackson, LLP as its general counsel; and (ii) Hudson & Calleja, LLC as its special litigation counsel, and will file applications to retain (i) Frost Brown Todd, LLC as special corporate counsel; and (ii) Kapila & Co. as financial consultants and accountants.  Because the process of professional fee applications may well be burdensome on Miami Jai-Alai, those professionals, and this Court, Miami Jai-Alai seeks the implementation of compensation procedures to provide a streamlined and otherwise efficient method for compensating professionals and, as stated, such procedures will allow the Court and parties interest to monitor fees sought by and paid to such professionals.

4.      The Monthly Compensation Procedure would require all professionals retained by separate Court order (the "**Retained Professionals**") to present detailed statements of services rendered and expenses incurred each month.  If no timely objection is filed, Miami Jai-Alai would promptly pay 80% of the amount of fees incurred for the month, with a 20% holdback, and 100% of out-of-pocket expenses for the month.  These payments would be subject to the Court's

2

subsequent approval as part of the traditional interim fee application process (approximately every 120 days).

5.    Miami Jai-Alai proposes that the monthly payment of compensation and reimbursement of expenses of the Retained Professionals be structured as follows:

a.    On or before the 15th day of each month following the month for which compensation is sought, each Retained Professional will serve a monthly statement, by hand-delivery, overnight delivery, or electronic mail upon (i) Miami Jai-Alai, c/o Daniel Licciardi, Executive Vice-President, 3500 NW 37th Avenue, Miami, Florida 33142 or dlicciardi@casinomiami.net; (ii) Miami Jai-Alai's general counsel, c/o Salazar Jackson, LLP, Two South Biscayne Boulevard, Suite 3760, Miami, Florida 33131 (Attn: Luis Salazar, Esq.) or salazar@salazarjackson.com (iii) the Office of the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; (iv) counsel for the Official Committee of Unsecured Creditors, if one is established; and (v) any other party the Court may designate (collectively, the "**Service Parties**").

b.    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this procedure is not intended to alter the fee application requirements outlines in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.    Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

d.    Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties by the **25th** day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object not only to the portion of the statement that is deemed to be objectionable.

3

e.     In the absence of any timely objection, Miami Jai-Alai is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with sub-paragraph (d) above.

f.     If Miami Jai-Alai receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e).  All Retained Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (j) below and after order of this Court.

g.     Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in sub-paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then Miami Jai-Alai is authorized to pay, in accordance with sub-paragraph (e) above, that portion of the fee statement which is no longer subject to an objection.

h.     All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court pursuant to sub-paragraph (j) below.

i.     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

j.     Unless the Court orders otherwise, each of the Retained Professionals utilizing the procedures described herein shall file interim fee applications, for the amount of fees and costs sought in sub-paragraph (e) above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

   i.     First Interim Fee Applications may be filed on **December 20, 2013** (the "**First Interim Fee Applications**"). The First Interim Fee Applications shall represent fees and costs incurred by Retained Professionals from the **Petition Date through December 19, 2013.**

4

      ii.      Second Interim Fee Applications may be filed on **April 21, 2014** (the "**Second Interim Fee Applications**"). The Second Interim Fee Applications shall represent fees and costs incurred by Retained Professionals from **December 20, 2013 through April 19, 2014.**

      iii.      Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All interim fee applications shall comply with the *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases.* The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

k.      A Retained Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Retained Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

l.      The first statement shall be served by each of the Retained Professionals by the **13th day of September, 2013**, and shall cover the period from the **Petition Date through August 31, 2013** (the **"Initial Statement"**). Objections, if any, to the Initial Statement shall be served on the Service Parties by **September 23, 2013.**

m.      A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. Miami Jai-Alai will include all payments made to Retained Professionals as contemplated herein in their monthly operating reports, identifying the amount paid to each Retained Professional.

6.      The procedures suggested herein will enable all parties to closely monitor costs of administration and will enable Miami Jai-Alai to maintain a more level cash flow availability and implement efficient cash management.

5

## AUTHORITY FOR RELIEF

7.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits . . . ." 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Local Rule 2016-1(B)(3)(b) specifically authorizes the use of interim compensation procedures in larger Chapter 11 cases, like here.  Comparable procedures to those set forth herein have been adopted in other Chapter 11 cases in this district.  *See, e.g., In re Town Center at Doral, LLC, et al.*, Case No. 11-35884-RAM (Bankr. S.D. Fla. Dec. 8, 2011); *In re Carpenter Contractors of America, Inc. d/b/a R & D Thiel, et al.*, Case No. 10-42604-RBR (Bankr. S.D. Fla. Nov. 17, 2010); *In re Medical Staffing Network Holdings, Inc., et al.,* Case No. 10-29101-BKC-EPK (Bankr. S.D. Fla. July 22, 2010); *In re Protective Products of America, Inc., et al.,* Case No. 10-10711-BKC-JKO (Bankr. S.D. Fla. Feb. 11, 2010); *In re Gemini Cargo Logistics, Inc., et al.,* Case No. 08-18173-BKC-PGH (Bankr. S.D. Fla. June 20, 2008); *In re First NLC Financial Services, LLC, et al.,* Case No. 08-10632-BKC-PGH (Bankr. S.D. Fla. Feb. 13, 2008); *In re Tousa, Inc., et al.,* Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008); and *In re Levitt and Sons, LLC et al.,* Case No. 07-19845-BKC-RBR (Bankr. S.D. Fla. Nov. 14, 2007).

S J    **Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

**WHEREFORE,** Miami Jai-Alai respectfully requests that the Court enter an Order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) establishing procedures to permit monthly payment of interim fee applications of Retained Professionals as set forth herein; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  August 30, 2013                           Respectfully submitted,

                                                  **SALAZAR JACKSON, LLP**
                                                  *Counsel for Florida Gaming Centers, Inc.,*
                                                  *Florida Gaming Corporation, Tara Club Estates, Inc.,*
                                                  *and Freedom Holding, Inc.*
                                                  Two South Biscayne Boulevard, Suite 3760
                                                  Miami, FL 33131
                                                  Telephone: (305) 374-4848
                                                  Facsimile:  (305) 397-1021
                                                  Email:  Salazar@SalazarJackson.com
                                                             Jackson@SalazarJackson.com
                                                             Honaker@SalazarJackson.com

                                                  By:_____/s/  Luis Salazar_____
                                                             Luis Salazar
                                                             Florida Bar No. 147788
                                                             Linda Worton Jackson
                                                             Florida Bar No. 843164
                                                             Aaron P. Honaker
                                                             Florida Bar No. 48749

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the Master Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those parties who are not registered to receive notices electronically.

/s/   Luis Salazar
Luis Salazar

8

**Salazar Jackson** | 2 South Biscayne Boulevard, Suite 3760 | Miami, Florida 33131

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

## Debtors

Florida Gaming Centers, Inc.
Florida Gaming Corporation
Freedom Holding, Inc.
Tara Club Estates, Inc.
Attn: W. Bennett Collett, Jr.
3500 NW 37th Avenue
Miami, FL 33142

## Debtors Counsel / Professionals

Luis Salazar, Esq.
Linda Worton Jackson, Esq.
Aaron P. Honaker, Esq.
SALAZAR JACKSON, LLP
Two S. Biscayne Blvd., Suite 3760
Miami, FL 33131
Email: Salazar@SalazarJackson.com
Email: Jackson@SalazarJackson.com
Email: Honaker@SalazarJackson.com
*Counsel for Debtors*

VIA EMAIL ONLY
Robert W. Hudson, Esq.
HUDSON & CALLEJA, LLC
3211 Ponce de Leon Boulevard, Suite 102
Coral Gables, FL 33134
Email: rhudson@hudsoncalleja.com
*Proposed Special Counsel for Debtors*

VIA EMAIL ONLY
R. James Straus, Esq.
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Email: jstraus@fbtlaw.com
*Proposed Special Counsel for Debtors*

## U.S Trustee

Office of the United States Trustee
51 Southwest First Avenue, Room 1204
Miami, FL 33130
Email: USTPRegion21.MM.ECF@usdoj.gov

## Secured Creditors

Drew Dillworth
150 West Flagler Street
Miami, FL 33130
Email: ddillworth@stearnsweaver.com
*Local Counsel for ABC Funding, LLC*

Marissa D. Kelley, Eq.
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
200 East Las Olas Blvd., Suite 2100
Fort Lauderdale, FL 33301
Email: mkelley@stearnsweaver.com
*Counsel for ABC Funding, LLC*

Andrew F. O'Neill
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: aoneill@sidley.com
*Counsel for ABC Funding, LLC*

Dennis M. Twomey
 Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: dtwomey@sidley.com
*Counsel for ABC Funding, LLC*

ABC Funding, LLC
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

1

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc.** *et al.*

Canyon Distressed Opportunity Master
Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon-GRF Master Fund II, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Fund, L.P.
c/o Canyon Capital Advisors LLC
Attn: Chaney Sheffield
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Master Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

J.P. Morgan Securities LLC
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

JPMorgan Chase Bank, N.A.
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

Locust Street Funding LLC
c/o GSO/Blackstone Debt Funds Management
Attn: James Roche
345 Park Avenue, 31st Floor
New York, NY 10154

Summit Partners Subordinated Debt Fund IV-A,
L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-
A, L.P.
Summit Partners Subordinated Debt Fund IV-
B, L.P.
ABC Funding, LLC
Attn: Summit Partners SD IV, L.P.,
Attn: Robin W. Devereux, General Partner
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-B,
L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Ileana Cruz
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128-1993
Email: ileanac@miamidade.gov
Email: cao.bkc@miamidade.gov
*Counsel for Miami Dade County-County Tax*
*Collector*

Miami Dade County Tax Collector
Darely Garcia-Lopez
c/o Miami Dade County Paralegal Unit
Miami Dade Bankruptcy Unit
140 West Flagler Street, Suite 1403
Miami, FL 33130-1575
Email: dgjp@miamidade.gov
Email: MDTCBKC@miamidade.gov

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

Thomas P. Abbott, Assistant County Attorney
PO Box 025504
Miami, FL 33102-5504
Facsimile: 305-876-7294
Email: TABBOTT@miami-airport.com

**20 Largest Creditors**

Andrew R. Herron, Esq. Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Email: aherron@herronortiz.com
Email: ndrubin@herronortiz.com
*Counsel for Miami Gaming Ventures, LLC*

Allied Health Plans
Attn: Vdayan Sen
9400 South Dadeland Blvd. Suite 510
Miami, FL 33156

American Gaming Systems, LLS
Attn: Lisa Begay-Jennings
6680 Amelia Earhart Court
Las Vegas, NV 89119

Aristocrat Technologies
Attn: Tatiana Janevski
7230 Amigo Street
Las Vegas, NV 89119

Andrea Neiman
1333 St. Tropez Circle #406
Weston, FL 33326

Broadridge ICS
 PO Box 416423
Boston, MA 02241

Chase Credit Cardmember
P.O. Box 94014
Palatine, IL 60094

Construct Design/Florida Lemark
20470 NW 94th Avenue
Miami, FL 33172
Continental Stock Transfer
17 Battery Place
New York, NY 10004

Cousins, Chipman, and Brown
The Nemours Building
Attn: Joseph Cicero
1007 North Orange Street, Ste 1110
Wilmington, DE 19801

Dania Jai-Alai
Attn: Clint Morris
301 East Dania Beach Blvd
P.O. Box 96
Dania, FL 33004

Derby Lane
Attn: Sandra Halbert
10490 Gandy Blvd. N.
Saint Petersburg, FL 33702

Edmunds Direct Mail, Inc.
Attn: K. Biglin
301 Tilton Road
Northfield, NJ 08225

Farmers Bank
P.O. Box 231
Hardinsburg, KY 40143

Freedom Financial Corporation
2669 Charlestown Road #D
New Albany, IN 47150

Florida Legislative Consultants, Inc.
Attn: Jim Tillman
522 East Jefferson Street
Tallahassee, FL 32302

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

George Galloway
2399 Mountain Tops Road
Blue Ridge, GA 30513

Gulfstream Park
Attn: Carl Ng Mon
901 South Federal Highway
Hallandale, FL 33009

H. Hewitt Brown
600 East Main Street
Louisville, KY 40202

IGT-Eastern Operating
Attn: Dea Drummond
6355 South Buffalo Drive
Las Vegas, NV 89113

International Sound Corporation
Attn: Dale Walter
7130 Milford Industrial Rd.
Pikesville, MD 21208

James Stuckert/Solomon Howell
7308 Shadwell Lane
Prospect, KY 40059

Kim Tharp
2669 Charlestown Rd #D
New Albany, IN 47150

King & Company
Attn: Jim King
32400 Dutchmans Lane
Louisville, KY 40205

Miami Casino Management, LLC
Attn: Dave Jonas
21001 North Tatun Blvd. Suite 1630-256
Phoenix, AZ 85050

Palm Beach Kennel
Attn: Le Ruth DeMunn
1111 North Congress Avenue
West Palm Beach, FL 33409

Roberts Communication Network, Inc.
Attn: Joanne Colon
4175 Cameron Street Suite B-10
Las Vegas, NV 89103

Roland Howell Estate
Attn: Alex Rosa
555 NE 15th Street
Miami, FL 33132

Staples Credit Card
P.O. Box 689020
Des Moines, IA 50368

SHFL Entertainment, Inc.
Attn: Amy Lawrence
1106 Palms Airport Drive
Las Vegas, NV 89119

Sportech, Inc.
Attn: Albashir Haji
1095 Winward Ridge Parkway, Suite 170
Alpharetta, GA 30005

Tampa Bay Downs
Attn: Greg Gelyon
11225 Race Track Road
Tampa, FL 33626

Tom Tew
Four Seasons Tower
1435 Brickell Avenue 15th Floor
Miami, FL 33131

Vintage Filings
350 Hudson Street, Suite 300
New York, NY 10014

4

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc. *et al.***

William Haddon Estate
Attn: Betty Haddon
196 Atlanta Country Club Drive
SE Marietta, GA 30067

### Governmental Agencies / Taxing Authorities

Division of Alcoholic Beverages and Tobacco
Attn: Allen Douglas, Director
1940 North Monroe Street
Tallahassee, FL 32399
Facsimile: 850.922.5175

Division of Pari-Mutuel Wagering
Southern Division
1400 West Commercial Boulevard, Suite 165
Ft. Lauderdale, FL 33309-3787

Division of Pari-Mutuel Wagering
Attn: Leon M Biegalski, Director
1940 North Monroe Street
Tallahassee, FL 32399-1035
Facsimile: 850.488.0550

Florida Department of Revenue
Attn: Bankruptcy Unit
P.O Box 6668
Tallahassee, FL 32314-6668

Florida Department of Revenue
c/o Agency Clerk
501 S. Calhoun Street
Room 201, Carlton Building
Tallahassee, FL 32399

Florida Department of Revenue
8175 NW 12th St, Suite 119
Miami Service Center
Miami, FL 33126-1828

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedures- Insolvency
7850 SW 6th Court
Plantation, FL 33324

David Baddley
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces N.E, Suite 900
Atlanta, GA 30326-1382
Email: atlreorg@sec.gov
*Counsel for U.S. Securities and Exchange Commission*

Securities and Exchange Commission
Eric I Bustillo, Regional Director
801 Brickell Ave., Suite 1800
Miami, FL 33131

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, FL 33130

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906

**MASTER SERVICE LIST AS OF AUGUST 28, 2013**
**Florida Gaming Centers, Inc.** *et al.*

Eric Holder, US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**PARTIES IN INTEREST**

VIA EMAIL ONLY
Lance A. Schildkraut, Esq.
DiConza Traurig LLP
630 Third Avenue, 7th Floor
New York, NY 10017
Email: las@dtlawgroup.com

VIA EMAIL ONLY
Gerald D. Kelly, Esq.
Claire E. W. Stewart, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
Email: gkelly@sidley.com

VIA EMAIL ONLY
Benjamin R. Nagin, Esq.
Adam McClay, Esq.
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
Email: bnagin@sidley.com
Email: amcclay@sidley.com

VIA EMAIL ONLY
Alexander D. Silverman, Member
William S. Kogan, General Counsel
SILVERMARK LLC
430 Park Avenue, 5th Floor
New York, NY 10022
Email: alexs@andalex.com
Email: wkogan@andalex.com

VIA EMAIL ONLY
Linda A. Conahan
GUNSTER, YOAKLEY & STEWART, P.A.
450 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
Email: lconahan@gunster.com

VIA EMAIL ONLY
Etan Mark, Esq.
BERGER SINGERMAN, LLP
1450 Birckell Avenue, Suite 1900
Miami, FL 33131
Email: emark@bergersingerman.com

VIA EMAIL ONLY
David Jonas
4 Overlook Ct.
Medford, NJ 8055
Email: davesjonas@gmail.com

Wells Fargo Bank Deposits Bankruptcy
Wells Fargo Bank NA
2701 NW Vaughn St, 5th Floor
Portland, OR 97210

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                               Chapter 11

                                                     Case No. 13-29597-RAM
FLORIDA GAMING CENTERS, INC.,                        (Jointly Administered)
*et al.*,[1]

_____ Debtors.      /

ORDER ESTABLISHING PROCEDURES TO PERMIT MONTHLY PAYMENT
OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

        **THIS CAUSE** came for hearing before the Court on _____ at _____

a.m/p.m. upon the *Motion to Establish Procedures to Permit Monthly Payment of Interim Fee*

*Applications of Chapter 11 Professionals* filed by Florida Gaming Centers, Inc., Florida Gaming

---

[1] The debtors in these chapter 11 cases and the last four digits of their federal tax identification number are: Florida Gaming Corporation (0533), Florida Gaming Centers, Inc. (5893), Tara Club Estates, Inc. (9545), and Freedom Holding, Inc. (4929).

Corporation, Tara Club Estates, Inc., and Freedom Holding, Inc. (collectively, "**Miami Jai-Alai**" or the "**Debtors**") pursuant to Local Rule 2016-1 (B)(3) (the "**Motion to Establish Procedures**"). The Court, having determined that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtors, the estates, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures on all parties entitled to such notice, including all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; upon the representation of Miami Jai-Alai that it is administratively solvent; finding that good and sufficient cause exists to grant the Motion to Establish Procedures it is **ORDERED** as follows:

1.      The Motion to Establish Procedures is **GRANTED**.

2.      Interim compensation and reimbursement of the Chapter 11 professionals in these Chapter 11 cases shall be in accordance with this Order.

3.      Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these cases may seek monthly compensation in accordance with the following procedure:

    (a)      On or before the 15th day of each month following the month for which compensation is sought, each professional whose employment was approved by order of this Court authorized to seek compensation under this Order will serve a monthly statement, by hand delivery, overnight delivery, or electronic mail upon (i) Miami Jai-Alai, c/o Daniel Licciardi, Executive Vice-President, 3500 NW 37th Avenue, Miami, Florida 33142 or dlicciardi@casinomiami.net; (ii) Miami Jai-Alai's general counsel, c/o Salazar Jackson, LLP,

2

Two South Biscayne Boulevard, Suite 3760, Miami, Florida 33131 (Attn: Luis Salazar, Esq.) or salazar@salazarjackson.com (iii) the Office of the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, Florida 33130; (iv) counsel for the Official Committee of Unsecured Creditors, if one is established; and (v) any other party the Court may designate (collectively, the "**Service Parties**").

> (b)     The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

> (c)     Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

> (d)     Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on the **25th** day of the month in which the statement is received.  The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made.   The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be

3

objectionable.

(e)     In the absence of any timely objection, Miami Jai-Alai is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with sub-paragraph (d) above.

(f)     If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e).  All professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes.  Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in sub-paragraph (j) below and after order of this Court.

(g)     Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in sub-paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then Miami Jai-Alai is authorized to pay, in accordance with sub-paragraph (e) above, that portion of the fee statement which is no longer subject to an objection.

(h)     All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court in accordance with sub-paragraph (j) below.

(i)     The service of an objection in accordance with sub-paragraph (d) shall

not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

        (j)      Unless the Court orders otherwise, each of the professionals utilizing the procedures described in the Order shall file interim fee applications, for the amount of fees and costs sought in sub-paragraph (e) above, in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

        i)      First Interim Fee Applications may be filed on **December 20, 2013** (the "**First Interim Fee Applications**"). The First Interim Fee Applications shall represent fees and costs incurred by Retained Professionals from the **Petition Date through December 19, 2013.**

        ii)      Second Interim Fee Applications may be filed on **April 21, 2014** (the "**Second Interim Fee Applications**"). The Second Interim Fee Applications shall represent fees and costs incurred by Retained Professionals from **December 20, 2013 through April 19, 2014.**

        iii)      Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All interim fee applications shall comply with the *Guidelines for Fee Applications for Professionals in the Southern*

*District of Florida in Bankruptcy Cases.* The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(k)     The first statement shall be served by each of the Retained Professionals by the **13th day of September, 2013**, and shall cover the period from the **Petition Date through August 31, 2013** (the "**Initial Statement**"). Objections, if any, to the Initial Statement shall be served on the Service Parties by **September 23, 2013.**

(l)     A professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

(m)     A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

4.     Miami Jai-Alai shall include all payments to professionals on its monthly operating reports, detailed so as to state the amount paid to each of the professionals.

6

5.      Miami Jai-Alai may not make any payments under this Order if Miami Jai-Alai has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. §1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of these cases unless otherwise ordered by the Court.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtors or the Committee (if one is established) may be authorized to participate in modified interim compensation procedures as set forth in this Order.

8.      All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice:  *I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.*

# # #

**Submitted by:**
Luis Salazar, Esq.
**SALAZAR JACKSON LLP**
Two S. Biscayne Boulevard, Suite 3760
Miami, Florida 33131
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email: Salazar@SalazarJackson.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service conforming with Local Rule 2002-1(F))*

7