**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 13-29597-RAM |
| FLORIDA GAMING CENTERS, INC., | Chapter 11 |
| Debtor. _____/ | |

**OBJECTION TO ENTRY OF FINAL ORDER ON CASH COLLATERAL AND MOTION OF MIAMI DADE COUNTY, FLORIDA, FOR ADEQUATE PROTECTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

Miami-Dade County, Florida (the "County"), by and through undersigned counsel, hereby files this objection to the entry of a final order granting use of cash collateral, ECF 8, 49 (the "Objection") and motion (the "Motion") for adequate protection pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and in support of the Motion, respectfully represents as follows:

**PRELIMINARY STATEMENT**

The County is a properly perfected secured lender of the Debtor and is owed in excess of $14.6 million. The County made two purchase money loans to the Debtor to enable it to purchase certain land from the County which the Debtor uses as its parking lot. Each of the two loans is evidenced by a promissory note (each a "Note") that is secured by a first position mortgage and security interests on the property. It is black letter law that section 363 of the Bankruptcy Code entitles a secured lender to adequate protection against the diminution in the value of its collateral. The Interim Cash Collateral Order (ECF 49) provides only for replacement liens and a purported equity cushion, but does not provide for payment on the

Notes. Despite its acknowledgment that the parking lot is vital to its operations, the Debtor has failed to offer the County appropriate adequate protection for the use of its collateral. *See* First Day Declaration ¶ 17. Accordingly, the County requests the Court direct the Debtor to make the monthly payments to the County that are required under the Notes, and to modify the Cash Collateral Budget to enable the Debtor to make such payments.

## BACKGROUND

In December 2008, the County entered into a settlement agreement with the Debtor which authorized the County to, among other things, sell to the Debtor 10.982 acres of land that is contiguous to the Debtor's casino. The Debtor borrowed over $14.4 from the County to purchase the property from the County. The sale occurred in two phases. In the first phase, the County transferred 2.283 acres to the Debtor on April 6, 2009. The Debtor executed a promissory Note dated as of March 27, 2009 in favor of the County in the principal amount of $3,013,586, which is secured by that certain Mortgage and Security Agreement of even date.. In the second phase, the County transferred the remaining acres to the Debtor on June 17, 2011. The Debtor executed a second promissory Note dated as of June 16, 2011 in favor of the County in the principal amount of $12,054,344, which is secured by that certain Mortgage and Security Agreement of even date.

In 2013, the County has been working in good faith with the Debtor to consummate a sale of its shares to a prospective buyer, who intended to assume the County's debt as part of the transaction. On the eve of the closing, however, the County learned that the Debtor withdrew from the transaction, and the sale and assumption of the County's debt did not occur.

**BASIS FOR RELIEF**

**I.    THE COUNTY IS ENTITLED TO ADEQUATE PROTECTION WITH RESPECT TO ITS COLLATERAL**

1.    The County is entitled to adequate protection against the diminishment in the value of its collateral by reason of the Debtor's use of it.  "A secured creditor has a constitutional right to have the value of its secured claim on the petition date preserved."  *In re Keystone Camera Prods. Corp.*, 126 B.R. 177, 183 (Bankr. D.N.J. 1991).  A debtor may not use a secured lender's collateral unless the secured lender consents or the bankruptcy court after notice and a hearing authorizes the use.  *See* 11 U.S.C. § 363(e) ("[O]n request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.").

2.    The requirement of adequate protection is not an insubstantial, technical requirement; but rather "[t]he whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained pre-bankruptcy[.]"  *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citations omitted).  Adequate protection is designed "to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization."  *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *see also In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180 (Bankr. D. Del. 1993) (noting that all forms of adequate protection are designed to protect secured creditors from diminution in the value of their collateral); *accord In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006) ("The purpose of adequate protection is to assure that the lender's economic position is not worsened because of the bankruptcy case.").

3. A debtor seeking to use a creditor's collateral bears the burden of establishing that the adequate protection it proposes is in fact adequate to protect against the risk that the value of the collateral will be diminished by the debtor's use of it. 11 U.S.C. § 363(p)(1) ("In any hearing under this section – (1) the trustee has the burden of proof on the issue of adequate protection."). In this case, the Debtor has failed to discharge such burden because it has not provided for adequate protection payments as required under the Notes. Moreover, the Budget does not provide for maintenance expenses or property tax payments that are required in order to preserve the County's collateral. The only "adequate protection" that the Debtor proposes to provide to the County is a replacement lien and a purported equity cushion. The replacement lien granted under the Interim Cash Collateral order is inadequate because it does not take into account property taxes that could end up being charged against the collateral. The County does not have the protection that it is entitled to under section 363 of the Bankruptcy Code. Accordingly, if the Debtor wishes to continue using the County's collateral, it must provide the County some real protection against the consequential diminishment in their collateral – specifically, in the form of monthly payments under the Notes.

## II. THE COUNTY OBJECTS TO THE CASH COLLATERAL BUDGET TO THE EXTENT IT DOES NOT PROVIDE FOR ADEQUATE PROTECTION PAYMENTS

4. While the County does not object to Debtor's use of cash collateral in general, it objects to the Cash Collateral Budget on the grounds that the current interim cash collateral order provides only for replacement liens, but does not provide the County with any adequate protection payments. The County is an oversecured creditor, and is therefore entitled to payment of both principal and interest due under the Notes.

WHEREFORE, the County respectfully requests that the Court enter an order directing the Debtor to pay to the County the amounts due under the Notes on a monthly basis, and to modify the Cash Collateral Budget to provide for such payments, and granting such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document is being filed electronically via the Clerk's CM/ECF website.  Copies of the document will be furnished on September 9, 2013, by Notice of Electronic Filing ("NEF") via the CM/ECF program to those parties and counsel authorized to receive NEF.

Respectfully submitted,
R. A. CUEVAS, JR.

Miami-Dade County Attorney
Stephen P. Clark Center, Suite 2810
111 N.W. First Street
Miami, FL  33128-1993

By*:    /s/ Ileana Cruz*
Ileana Cruz
Assistant County Attorney
Florida Bar No. 419140
Telephone:     (305) 375-5151
Facsimile:      (305) 375-5611
E-mail (*Direct*):         ileanac@miamidade.gov
E-mail (*CM/ECF*):     cao.bkc@miamidade.gov