**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

FLORIDA GAMING CENTERS, INC.,
*et al.*,[1]

      Debtors.

_____/

Case No. 13-29597-BKC-RAM
(Jointly Administered)

Chapter 11

**MOTION BY THE OFFICIAL JOINT COMMITTEE OF UNSECURED CREDITORS**
**TO LIMIT THE CREDIT BID OF ABC FUNDING, LLC IN CONNECTION WITH THE**
**SALE OF SUBSANTIALLY ALL OF THE DEBTORS' ASSETS**

      The Official Joint Committee of Unsecured Creditors (the "Committee") of Florida Gaming Centers, Inc. ("Centers") and Florida Gaming Corporation ("Corp"), which cases are being jointly administered with Tara Club Estates, Inc. and Freedom Holding, Inc. (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves, pursuant to 11 U.S.C. § 363(k), to (i) limit the amount that ABC Funding, LLC ("ABC") may credit bid in connection with the pending sale of substantially all of the assets of Centers and Corp. (the "Motion"), and (ii) establish certain protections for ABC in connection therewith.  In support thereof, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

      1.      To the extent that this Court does not resolve the extent, validity, priority and/or enforceability of some or all of the ABC Claim[2] prior to the deadline for qualified bidders to submit bids in connection with the sale of the Debtors' assets pursuant to the Sales Procedure

---

[1] The following cases are being jointly administered under Case No. 13-29597:  (i) Florida Gaming Centers, Inc. (Case No. 13-29597); (ii) Florida Gaming Corporation (Case No. 13-29598); (iii) Tara Club Estates, Inc. (Case No. 13-29603); and (iv) Freedom Holding, Inc. (Case No. 13-29607).

[2] Capitalized terms not defined in this section shall have the same meaning ascribed to them below.

Order, then the Committee, through this Motion, seeks to limit the amount that ABC may credit bid pursuant to section 363(k) in connection with such sale in the event ABC elects to participate as a qualified bidder.  Even if the Court were to resolve certain, or all, of the issues raised in the ABC Adversary prior to the Bid Deadline, it is likely that one or both of the Debtors and/or ABC will appeal any such ruling, which appeal will create uncertainty as to the proper amount of the ABC credit bid.

2.      As set forth below, this Court has the express authority, pursuant to the Bankruptcy Code and supporting case law, to limit the credit bid of ABC as requested herein.  In particular, the Committee submits that the Court should, at a minimum, exclude from ABC's potential credit bid those components of the ABC Claim which relate to (i) the amount of the asserted warrant claim (approximately $33.6 million) (the "Warrant Claim"), (ii) the prepayment premium (approximately $1.744 million) (the "Prepayment Claim") and (iii) the original issue discount (approximately $1.7 million) (the "OID Claim").[3]

3.      The Committee is also mindful of the possibility that ABC's credit bid is limited pursuant hereto, but either this Court or an appellate court ultimately rules in ABC's favor in respect of allowance of the Warrant Claim, the Prepayment Claim and/or the OID Claim as part of its secured claim in these chapter 11 cases.  In that situation, the Court could require the cash component of any ABC bid (above the allowed amount of the credit bid) to be escrowed, or a letter a credit posted, by ABC, pending the final determination of the allowed amount of the ABC Claim, subject in all events to the payment of the Court approved break up fee, the investment bankers' fee and any required closing costs.

---

[3] Indeed, this Court has the express authority to exclude the entire amount of the ABC Claim from ABC's potential credit bid.  Solely for purposes of this Motion, however, the Committee is not asking this Court to go that far.

## BACKGROUND

4.        On August 19, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Since that time, the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.        On September 9, 2013, the Office of the United States Trustee constituted and formed the Committee.  The Committee thereafter retained Genovese, Joblove & Battista, PA as its counsel and Development Specialists, Inc. as its financial advisor.

### I.        The ABC Claim

6.        On April 25, 2011, the Debtors entered into a Credit Agreement (the "Credit Agreement," and together will all related documents, the "Loan Documents") with a syndicate of third party lenders, Summit Partners Subordinated Debt Fund IV-A, L.P., Summit Partners Subordinated Debt Fund IV-B, L.P., JPMorgan Chase Bank, N.A., Locust Street Funding LLC, Canyon Value Realization Fund, L.P., Canyon Value Realization Master Fund, L.P., Canyon Distressed Opportunity Master Fund, L.P., and Canyon-GRF Master Fund II, L.P. (collectively, the "Lenders"), with ABC as Administrative Agent for the Lenders.  Pursuant to the Credit Agreement, the Lenders agreed to make revolving loans available to the Debtors in an amount up to $87,000,000.

7.        On December 16, 2013, ABC filed its Proof of Claim [Claim Number 20] (the "ABC Claim").  As of the Petition Date, ABC asserts that it is due no less than $127,645,985.77.[4]  The ABC Claim includes, among other components, (a) the Warrant Claim, which is a claim arising out of the failure of the Debtors to pay amounts asserted to be owed by

---

[4] The amounts alleged to be due under the ABC Claim consist of the following:  (a) $87,225,611.46 in principal; (b) $1,325,806.93 in unpaid interest, including unpaid default interest; (c) $3,750,0055.15 in unpaid fees and costs; (d) $1,744,512.23 as a "call premium" or a "prepayment premium"; and (e) $33,600,000 due under the Warrant Agreement.

the Debtors in connection with an obligation to repurchase warrants for common stock in Centers in the amount of $33.6 million, (b) the Prepayment Claim which is a claim arising out of a "prepayment premium" in the approximate amount of $1.744 million, and (c) the OID Claim, which is a claim for a 2% original issue discount which was never funded by the Lenders but nevertheless included as part of the ABC Claim.  Each of these components is discussed below.

### A.     The Warrant Claim

8.       On or about April 25, 2011, Centers, Corp., as Guarantor, and the warrant holders listed therein (the "Warrant Holders"),[5] entered into a Warrant Agreement (the "Warrant Agreement").   In connection therewith, the Debtors issued warrants to the Warrant Holders which granted the Warrant Holders the right to purchase shares of common stock in Centers in an amount equal to 35% of such common stock, subject to bring increased or decreased pursuant to a certain formula contained in the Warrant Agreement depending on the success of the Debtors' business as well as the existence of certain competition in the industry.  Upon the occurrence of a Trigger Event[6] under the Warrant Agreement, Centers was obligated to repurchase all of the outstanding warrants at a defined Repurchase Price.[7]

9.       If the parties could not agree on the value of Centers for determining the Repurchase Price, then an investment bank would be designated to provide such valuation. Ultimately, Jefferies, LLC was selected to perform valuation services as required under the terms

---

[5] Upon information and belief, the Warrant Holders were all Lenders, or predecessors in interest to the Lenders.

[6] A Trigger Event, as defined in the Warrant Agreement, includes (a) the Maturity Date under the Credit Agreement, (b) the repayment in full of the Obligations, (c) a change of ownership or control of the Debtors, or (d) the date on which a request for an appointment of a receiver is made or the date of a bankruptcy filing for or on behalf of the Debtors.

[7] The Repurchase Price is defined as the result obtained by multiplying the Base Percentage by the Net Company Value.  The Base Percentage (i.e, the amount of common stock covered by the warrants that the Florida Gaming Centers is required to repurchase) is defined as 35%, but if a nearby competitor, Hialeah Race Track Casino, began slot operations, then the Base Percentage would increase by 7.5% to 42.5%.

of the Warrant Agreement.  Based on Jeffries' valuation report for Centers, the Repurchase Price was determined to be $26,845,000.  Thereafter, the Repurchase Price was increased by approximately $7 million because of the occurrence of an event prescribed under the Warrant Agreement (i.e., the commencement of Hialeah Race Track Casino's slot operations on August *14, 2013, just days before the Petition Date).*

10.    *Thus*, the total Repurchase Price, and thus the Warrant Claim, that ABC asserts is owed by the Debtors under the Warrant Agreement to repurchase the warrants held by the Warrant Holders totals $33,600,000.

### B.    The Prepayment Claim

11.    The ABC Claim includes the Prepayment Claim, which is a "call premium" or "prepayment premium" in the amount of $1,744,512.23.  Section 2.08 of the Credit Agreement provides for a prepayment premium in the event that the Debtors pay the debt due to ABC prior to the Maturity Date.

12.    The basis for the Prepayment Claim, however, is not the Debtors' repayment of the debt prior to maturity.  Rather, the Prepayment Claim is asserted by virtue of ABC's acceleration of the Maturity Date when it declared the Debtors in default under the Loan Documents.

### C.    The Original Issue Discount

13.    As part of the Credit Agreement, the Debtors and the Lenders executed a Transaction Fee Letter.  In connection therewith, the Lenders funded the Credit Facility at an original issue discount of 98%, with the Lenders retaining 2% of the amount not funded (or approximately $1,740,000.00), which is the OID Clam.  Thus, while the ABC Claim includes the full principal amount of the credit facility of $87 million, including the OID Claim, in reality,

only 98% of the principal amount of the debt was actually funded.

II.      **The Pending Sale and Related Procedures**

14.      On December 30, 2013, the Court entered an *Order (A) Authorizing and Approving Sale Procedures for the Sale of Substantially all the Debtors' Assets; (B) Approving Debtors' Entry into and Form of Asset Purchase Agreement, Including a Break-Up Fee; (C) Scheduling an Auction and Final hearing to Consider Approval of the Sale; (D) Approving Form and Manner of Notice of Sale Procedures, Auction and Sale Hearing; (E) Authorizing Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (F) Approving the Compromise and Settlement of Claims between Parties to the November 25, 2012 Stock Purchase Agreement* [ECF No. 261] (the "Sale Procedures Order").

15.      The Sale Procedures Order, which incorporate the Sale Procedures attached thereto as Exhibit 2, provide for a Bid Deadline of March 19, 2014, an Auction on March 25, 2014 if Qualified Bids are submitted on a timely basis, and a Sale Hearing on March 26, 2014 at 10:00 a.m.

16.      The Sale Procedures Order further provide that ABC will be permitted to credit bid the total allowed amount of its secured claim outstanding at the time of the Auction, unless otherwise determined by this Court.  The Debtors (in consultation with the Committee) and ABC are required to use their best efforts to cause the allowed amount of the ABC Claim to be determined prior to the Bid Deadline, including pursuant to the Scheduling Stipulation (defined below).  The Bid Procedures also provide that in the event that the ABC Claim is not fixed, or otherwise limited for credit bidding purposes, prior to the Bid Deadline, then ABC will be permitted to credit bid the entire amount of the ABC Claim in connection with the pending sale, inclusive of the Warrant Claim, the Prepayment Claim and the OID Claim.

III.    **The ABC Adversary Proceeding**

        A.     **The Disputed ABC Claim**

17.    On November 8, 2013, the Debtors filed a Complaint against each of the Lenders and ABC, Adversary Number 13-01816 (the "ABC Adversary").[8]  Thereafter, on December 19, 2013, the Debtors filed an Amended Complaint against ABC which removed the individual Lenders as named defendants.[9]  On December 20, 2013, ABC filed its Answer, Affirmative Defenses and Counterclaim.

18.    In the ABC Adversary, the Debtors seek the disallowance of the ABC Claim on various grounds.  On December 30, 2013, the Debtors filed their *Motion for (I) Summary Judgment on Subordination, Prepayment Penalty Claim and Original Issue Discount Claim; and (II) Partial Summary Judgment on Choice of Law Regarding Usury Issues* [ABC Adv., ECF No. 17] (the "Debtors SJ Motion").  On December 30, 2013, ABC also filed its *Motion for Summary Judgment Dismissing Counts I, IV, V, VI and VII of the Adversary Complaint* [ABC Adv., ECF No. 16] (the "ABC SJ Motion").

19.    Pursuant to the Debtors SJ Motion, the Debtors assert, among other things, that: (i) the Warrant Claim is subject to mandatory subordination, to the level of common stock in both Centers and Corp., pursuant to 11 U.S.C. § 510(b); (ii) ABC improperly charged the Prepayment Premium and is not entitled to such amount; and (iii) the OID Claim must be disallowed under 11 U.S.C. § 502(b)(2).

20.    In addition, in the ABC Adversary, the Debtors seek a determination that (i) the

---

[8] The Debtors commenced this action on a timely basis as required by this Court's *Final Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Utilize Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Other Relief* [ECF No. 201].

[9] Pursuant to a Stipulation of Dismissal filed with the Court on December 19, 2013 [ABC Adversary, ECF No. 10], the Lenders and were dismissed from the ABC Adversary.  In connection therewith, the Lenders stipulated, among other things, to be bound by any rulings of this Court with respect to the ABC Claim.

loan transaction with ABC violated Florida's usury laws, and therefore the entire amount of the ABC Claim should be disallowed, and (ii) the ABC Claim be subordinated under 11 U.S.C. § 510(c) due to alleged inequitable conduct by ABC prior to the Petition Date.

**B.      The Scheduling Stipulation and Scheduling Order**

21.      In connection with the Sale Procedures Order, and in an effort to determine the ABC Claim prior to the Bid Deadline, the Debtors and ABC filed a Stipulated Agreement Establishing Filing Deadlines and Setting Briefing and Hearing Schedule for Adversary Proceeding (the "Scheduling Stipulation") [ABC Adv., ECF No. 9] on December 19, 2013. Pursuant to the Scheduling Stipulation, as modified by this Court's *Order Setting Briefing Deadlines and Setting Hearing on Motions for Summary Judgment* (the "Scheduling Order") [ABC Adv., ECF No. 18], the parties filed dispositive motions on December 30, 2013 (the Debtors SJ Motion and the ABC SJ Motion), response briefs on January 13, 2014 [ABC Adv., ECF Nos. 21 and 22], and reply briefs on January 21, 2014 [ABC Adv., ECF Nos. 25 and 26]. The Court will hold a hearing on the respective motions for summary judgment on January 24, 2014.

**RELIEF REQUESTED AND LEGAL ARGUMENT**

22.      By this Motion, the Committee seeks entry of an order, pursuant to 11 U.S.C. § 363(k), limiting the amount that ABC may credit bid for the purchase of the Debtors' assets in connection with the pending sale process.  At a minimum, the Committee seeks to  exclude from the amount of ABC's credit bid any amounts that consist of (a) the Warrant Claim, (b) the Prepayment Claim, and (c) any portion of the OID Claim that is subject to disallowance pursuant to section 502(b)(2).

23.      Section 363(k) provides that the holder of an allowed claim secured by the

property to be sold may credit bid the amount of such claim, "unless the court for cause orders

otherwise[.]" 11 U.S.C. § 363(k).  This provision "gives courts the discretion to decide what

constitutes 'cause' and the flexibility to fashion an appropriate remedy by conditioning credit

bidding on a case-by-case basis." *In re River Rd. Hotel Partners, LLC*, 2010 WL 6634603, *1

(Bankr. N.D. Ill. Oct. 5, 2010) *aff'd sub nom. River Rd. Hotel Partners, LLC v. Amalgamated*

*Bank*, 651 F.3d 642 (7th Cir. 2011) *aff'd sub nom. RadLAX Gateway Hotel, LLC v.*

*Amalgamated Bank*, 132 S. Ct. 2065 (2012) (*citing In re NJ Affordable Homes Corp.*, 2006 WL

2128624, *16 (Bankr. D.N.J. June 29, 2006)).[10]

24.    Generally, "[c]ourts have found 'cause' under section 363(k) to bar a secured

creditor from credit bidding when the creditor's lien is questioned or otherwise in dispute." *In re*

*Olde Prairie Block Owner, LLC*, 464 B.R. 337, 348 (Bankr. N.D. Ill. 2011) (*citing In re*

*Daufuskie Island Props., LLC*, 441 B.R. 60, 64 (Bankr. D.S.C. 2010)); *see also In re L.L.*

*Murphrey Co.*, 2013 WL 2451368, *5 (Bankr. E.D.N.C. June 6, 2013) (cause exists "when a

sufficient dispute exists regarding the validity of the lien forming the basis of the credit bid.")

(*citing In re Merit Group, Inc.*, 464 B.R. 240 (Bankr. D.S.C. 2011)). As Collier explains:

> Under section 363(k), if the holder's lien or interest is not in
> dispute, the holder may offset its claim against the purchase price.
> If the lien or interest is in bona fide dispute, the holder may not
> exercise an offset. This is because permitting the creditor to 'bid
> in' when its interest is in dispute would enable the creditor to avoid
> proper judicial resolution of the dispute. This would frustrate the
> purpose of the section and overrule case law.

3 Collier on Bankruptcy ¶ 363.06[10] (16th Ed. 2013) (citations omitted).

25.    Pursuant to section 363(k), this Court has discretion to limit or condition ABC's

---

[10] Courts have exercised the flexibility that section 363(k) affords them by, for example, (a) precluding credit
bidding altogether, (b) requiring the secured creditor to bid cash to the extent its lien is in dispute, or (c) requiring
the secured creditor to post an irrevocable letter of credit as a precondition to credit bidding. *See Murphrey*, 2013
WL 2451368 (prohibiting credit bid); *In re Diebart Bancroft*, 1993 WL 21423 (E.D. La. 1993) (requiring cash); *In
re Octagon Roofing, LP*, 123 B.R. 583 (Bankr. N.D. Ill. 1991) (requiring letter of credit).

right to credit bid even though the dispute concerning the validity and extent of the ABC Claim has not yet been adjudicated.  Numerous courts have granted such relief where, as here, the validity of the secured creditor's alleged claim is the subject of a bona fide dispute.  *See, e.g., Murphrey*, 2013 WL 2451368 (finding cause to prohibit credit bid based on draft adversary complaint which anticipated disputing validity of liens based on defects in the underlying documents); *In re Daufuskie Island Props., LLC*, 441 B.R. 60 (Bankr. D.S.C. 2010) (trustee and a creditor's separate adversary proceedings, seeking to invalidate mortgage as a preferential transfer and to equitably subordinate mortgage, respectively, constituted cause under section 363(k)); *In re McMullan*, 196 B.R. 818 (Bankr. W.D. Ark. 1996) (prohibiting credit bid where mortgage was obtained in violation of the automatic stay; such transfer was likely void and therefore the "validity of [creditor's] lien and security interests are unresolved.").

26.     In *Murphrey*, for example, the trustee filed a motion to prohibit the secured creditor, which had liens on substantially all of the debtor's assets, from credit bidding on a pending sale pursuant to section 363(k).  2013 WL 2451368 at *1, 5.  The trustee asserted that the validity of the liens were the subject of a bona fide dispute, and in support of the motion submitted a draft adversary complaint alleging that the creditor's underlying security instruments were avoidable pursuant to section 544(a)(3).  *Id.* at *3.  In response, the secured creditor argued that there was no bona fide dispute because there was no pending objection to its proof of claim, and because the bankruptcy court had confirmed the amount of the underlying debt in a related adversary proceeding.  *Id.*  The bankruptcy court agreed with the trustee, granted the sale motion, and precluded the secured creditor from credit bidding, all prior to the commencement of the adversary proceeding.  *Id.*

27.     Here, the Debtors have already commenced the ABC Adversary and filed the

10

Debtors' SJ Motion and related pleadings which challenge the extent, validity, priority and enforceability of several aspects of the ABC Claim. The pending adversary proceeding, the respective motions for summary judgment and responsive pleadings are more than enough support for this Court to determine that the ABC Claim is the subject of a bona fide dispute, and for the Court to exercise its discretion under section 363(k) to limit or condition ABC's ability to credit bid.

28.    To the extent that the Court does not fully resolve the ABC Adversary prior to the Bid Deadline, notwithstanding the Scheduling Stipulation and Scheduling Order, the Committee submits that the Court should at a minimum limit ABC's credit bid by excluding the following components of the ABC Claim: the Warrant Claim, the Prepayment Claim and the OID Claim. However, even if this Court were to resolve the issues raised in the Debtors' SJ Motion and/or the ABC SJ Motion prior to the Bid Deadline, it is entirely likely that one or both of the Debtors or ABC will appeal any such ruling, thereby creating uncertainty as to the amount of the ABC Claim and therefore the appropriate amount of the ABC credit bid. As a result, the Committee believes that the relief requested in this Motion is necessary in order to have a fair auction and sale process for the Debtors' assets irrespective of the outcome of the initial stages of the ABC Adversary. No party will be harmed or prejudiced by the relief requested herein because the Court can fashion a mechanism, which is discussed below, to protect ABC in the event its claims are ultimately fully allowed after all appeals are exhausted.

29.    **Protections for ABC**.    The Committee recognizes that a situation could occur where ABC elects to credit bid at the sale of the Debtors' assets and the Court, pursuant to this Motion, limits ABC's credit bid right to approximately $90 million by excluding the Warrant Claim, the Prepayment Claim and the OID Claim - but ABC ultimately prevails in the allowance

11

of the ABC Claim, whether on appeal or otherwise, including the Warrant Claim, the Prepayment Penalty and the OID Claim.  Based on the current stalking horse bid of $115 million from Silvermark, LLC, ABC would be able to credit bid approximately $90 million and then bid cash for the balance of its bid, which would exceed $29 million (including the break up fee to Silvermark approved in the Sales Procedures Order).  If ABC succeeded in acquiring the Debtors' assets with such bid, but the litigation over the amount of the ABC Claim was still pending (including on appeal), then the Court could protect ABC's interests by escrowing the cash portion of the purchase price in excess of the credit bid amount (subject to using a portion thereof to pay the break up fee, the fees to the investment banker and other closing obligations) or allowing ABC to post a letter of credit for such cash portion of the purchase price (again subject to ABC paying the break up fee, the fees to the investment banker and other closing obligations).  The Committee submits that such escrow or letter of credit mechanism would allow the auction and sale to proceed, would preserve the bona fide claims asserted against ABC and at the same time would protect ABC in the event it was successful on the allowance of the ABC Claim.[11]

## CONCLUSION

The Court should limit or condition ABC's ability to credit bid at the upcoming sale of the Debtors' assets by not allowing ABC to credit bid any portion of the Warrant Claim, the Prepayment Claim or the OID Claim. The ABC Claim is subject to a bona fide dispute as demonstrated by the allegations in the ABC Adversary Complaint, the Debtors' SJ Motion and

---

[11] Given that the Court has the authority to exclude the entire amount of the ABC Claim from ABC's potential credit bid, the Court can also fashion protection for the estate in the event that (a) ABC is the successful bidder for the Debtors' assets and (b) the Debtors succeed on certain counts of the Amended Complaint, including usury and/or equitable subordination.  In such event, the Court can require in an Order approving such sale to ABC that any final judgment in favor of the Debtors and against ABC in the ABC Adversary shall have a first priority secured position on all of the Debtors' assets so conveyed.

responsive pleadings. As set forth therein, there is a high likelihood that at least certain components of the ABC Claim will ultimately be subordinated under Section 510(b) and/or disallowed. Pursuant to section 363(k), therefore, ABC should not be permitted to credit bid such portions of its secured claim.

      **WHEREFORE**, the Committee respectfully requests that the Court enter an order (i) granting this Motion, (ii) limiting or conditioning ABC's credit bid so as to exclude from such credit bid any amounts allegedly owed on account of the Warrant Claim, the Prepayment Claim and the OID Claim; (iii) implementing a mechanism to protect ABC in the event it is ultimately successful in the allowance of the entirety of the ABC Claim, and (iv) granting such other and further relies as the Court deems appropriate.

                  Respectfully submitted on January 23, 2014.

                  GENOVESE JOBLOVE & BATTISTA, P.A.
                  *Counsel for the Joint Creditors Committee*
                  100 Southeast Second Street, 44th Floor
                  Miami, Florida 33131
                  Telephone: (305) 349-2300
                  Facsimile: (305) 349-2310

                  By:   /s/ Paul J. Battista
                      Paul J. Battista, Esq.
                      Florida Bar No. 884162
                      Glenn D. Moses, Esq.
                      Florida Bar No. 174556
                      Michael A. Friedman, Esq.
                      Florida Bar No. 71828

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all parties on the attached Service List, via First-Class U.S. Mail, facsimile and/or CM/ECF, this 23rd day January, 2014.

/s/  Glenn D. Moses
Glenn D. Moses, Esq.

## SERVICE LIST

**13-29597-RAM Notice will be electronically mailed to:**

David W Baddley on behalf of Interested Party U.S. Securities and Exchange Commission
baddleyd@sec.gov

Paul J. Battista, Esq on behalf of Creditor Committee Unsecured Creditors' Committee
pbattista@gjb-law.com, gjbecf@gjb-law.com

Ileana Cruz on behalf of Creditor Miami-Dade County Aviation Department and Miami-Dade
County Tax Collector (Darely)
cao.bkc@miamidade.gov

Drew M Dillworth on behalf of Creditor ABC FUNDING, LLC, as Agent for SUMMIT
PARTNERS SUBORDINATED DEBT FUND IV-A, L.P., SUMMIT PARTNERS
SUBORDINATED DEBT FUND IV-B, L.P., JPMORGAN CHASE BANK, N.A., LOCUST
STREET FUNDING LLC, CANYON VALUE
ddillworth@stearnsweaver.com,
mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Solomon B Genet, Esq. on behalf of Creditor Miami Casino Management, LLC
sgenet@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Andrew R Herron on behalf of Creditor Miami Gaming Ventures LLC
aherron@herronortiz.com, ndrubin@herronortiz.com

Aaron P. Honaker, Esq. on behalf of Debtor Florida Gaming Centers, Inc.
honaker@salazarjackson.com, lee-sin@salazarjackson.com

Aaron P. Honaker, Esq. on behalf of Interested Parties Freedom Holding, Inc., Florida Gaming
Corporation, Tara Club Estates, Inc., honaker@salazarjackson.com, lee-sin@salazarjackson.com

Christopher A Jarvinen on behalf of Other Professional David Jonas
cjarvinen@bergersingerman.com, efile@bergersingerman.com

Miami-Dade County Tax Collector (Darely)
mdtcbkc@miamidade.gov

1

Glenn D Moses, Esq on behalf of Creditor Committee Unsecured Creditors' Committee
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V. Rasile, Esq. on behalf of Interested Party Silvermark LLC
craig.rasile@dlapiper.com,
monica.tucker@dlapiper.com,jacqueline.figueroa@dlapiper.com,rachel.nanes@dlapiper.com

Luis Salazar, Esq. on behalf of Debtors Florida Gaming Centers, Inc., Florida Gaming
Corporation, Freedom Holding, Inc., Tara Club Estates, Inc., salazar@salazarjackson.com,
jackson@salazarjackson.com;aguilar@salazarjackson.com;gurdian@salazarjackson.com;Lee-
Sin@SalazarJackson.com

Luis Salazar, Esq. on behalf of Interested Parties Florida Gaming Corporation, Freedom Holding,
Inc., Tara Club Estates, Inc., salazar@salazarjackson.com,
jackson@salazarjackson.com;aguilar@salazarjackson.com;gurdian@salazarjackson.com;Lee-
Sin@SalazarJackson.com

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

Howard S Toland on behalf of Creditor International Sound Corporation
htoland@mitrani.com

Joseph D Frank on behalf of Creditor Bottling Group, LLC, operating collectively with affiliates
and their subsidiaries as Pepsi Beverages Company
jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com;jkleinman@fgllp.com

**DEBTORS**
Florida Gaming Centers, Inc.
Florida Gaming Corporation
Freedom Holding, Inc.
Tara Club Estates, Inc.
Attn: W. Bennett Collett, Jr.
3500 NW 37th Avenue
Miami, FL 33142

**DEBTORS COUNSEL / PROFESSIONALS**
Luis Salazar, Esq.
Linda Worton Jackson, Esq.

**U.S TRUSTEE**
Office of the United States Trustee
51 Southwest First Avenue, Room 1204
Miami, FL 33130
Email:USTPRegion21.MM.ECF@usdoj.gov

**SECURED CREDITORS**
Drew Dillworth
150 West Flagler Street

2

Aaron P. Honaker, Esq.
SALAZAR JACKSON, LLP
Two S. Biscayne Blvd., Suite 3760
Miami, FL 33131
Email: Salazar@SalazarJackson.com
Email: Jackson@SalazarJackson.com
Email: Honaker@SalazarJackson.com
Counsel for Debtors

**VIA EMAIL ONLY**
Robert W. Hudson, Esq.
HUDSON & CALLEJA, LLC
3211 Ponce de Leon Boulevard, Suite 102
Coral Gables, FL 33134
Email: rhudson@hudsoncalleja.com
Proposed Special Counsel for Debtors

**VIA EMAIL ONLY**
R. James Straus, Esq.
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Email:  jstraus@fbtlaw.com
Proposed Special Counsel for Debtors

Canyon Distressed  Opportunity Master
Fund, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon-GRF Master Fund II, L.P.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Fund, L.P.
c/o Canyon Capital Advisors LLC
Attn: Chaney Sheffield
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Canyon Value Realization Master Fund, L.P. c/o
Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

Miami, FL 33130
Email: ddillworth@stearnsweaver.com
Local Counsel for ABC Funding, LLC

Marissa D. Kelley, Eq.
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
200 East Las Olas Blvd., Suite 2100
Fort Lauderdale, FL 33301
Email: mkelley@stearnsweaver.com
Counsel for ABC Funding, LLC

Andrew F. O'Neill
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: aoneill@sidley.com
Counsel for ABC Funding, LLC

Dennis M. Twomey
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Email: dtwomey@sidley.com
Counsel for ABC Funding, LLC

ABC Funding, LLC
Attn: James Freeland  and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners Subordinated Debt Fund IV-A,
L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland  and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

Summit Partners  Subordinated  Debt Fund IV- A, L.P.
Summit Partners  Subordinated  Debt Fund IV- B, L.P.
ABC Funding, LLC
Attn:  Summit Partners  SD IV,  L.P.,

3

Attn: Robin W. Devereux, General Partner
222 Berkeley Street, 18th Floor
Boston, MA 02116

J.P. Morgan Securities LLC
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

Summit Partners Subordinated Debt Fund IV-B, L.P.
c/o Summit Partners Credit Advisors, L.P.
Attn: James Freeland and Adam Britt
222 Berkeley Street, 18th Floor
Boston, MA 02116

JPMorgan Chase Bank, N.A.
Attn: Jason Kroll
383 Madison Avenue, 3rd Floor
New York, NY 10017

Ileana Cruz
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128-1993
Email: ileanac@miamidade.gov
Email: cao.bkc@miamidade.gov
Counsel for Miami Dade County-County Tax
Collector

Locust Street Funding LLC
c/o GSO/Blackstone Debt Funds Management
Attn: James Roche
345 Park Avenue, 31st Floor
New York, NY 10154

Miami Dade County Tax Collector
Darely Garcia-Lopez
c/o Miami Dade County Paralegal Unit
Miami Dade Bankruptcy Unit
140 West Flagler Street, Suite 1403
Miami, FL 33130-1575
Email: dgjp@miamidade.gov
Email: MDTCBKC@miamidade.gov

Thomas P. Abbott, Assistant County Attorney
PO Box 025504
Miami, FL 33102-5504
Facsimile: 305-876-7294
Email: TABBOTT@miami-airport.com

S. Oden Howell
6800 Shadwell Place
Prospect, KY 40059
Telephone: 502-491-7985
Facsimile: 502-491-1212
Email: SoHowell@aol.com

**CREDITORS**
Andrew R. Herron, Esq.
Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Email: aherron@herronortiz.com
Email: ndrubin@herronortiz.com
Counsel for Miami Gaming Ventures, LLC

Kim Tharp
2669 Charlestown Rd #D
New Albany, IN 4715

Howard S. Toland, Esq.
1200 Weston Road, Penthouse
Weston, FL 33326
Email: htoland@mitrani.com
Counsel for International Sound Corporation

SHFL Entertainment (Shuffle Master, Inc.)
Attn: Darrell Horton, Credit Manager
6650 El Camino
Las Vegas , NV 89118
Telephone: 702-270-5138
Facsimile: 888-234-3881
Email: DHorton@shfl.com

Miami Gaming Ventures
Attn: Rodney Barreto, Partner

Tampa Bay Downs, Inc.
Attn: Gregory Gelyon, Vice President of Finance

4

235 Catalonia Avenue
Coral Gables, FL 33134
Telephone: 305-444-4648
Facsimile: 305-444-1128
Email: Rodney@barretogroup.com

Florida Lemark Corporation
Attn: Eduardo P. Rodriguez, Vice President
2040 NW 94th Avenue
Doral, FL 33172
Telephone: 305-593-1442
Facsimile: 305-593-0998
Email: Eduardo@FloridaLemark.com

Farmers Bank
P.O. Box 231
Hardinsburg, KY 40143

Freedom Financial Corporation
2669 Charlestown Road #D
New Albany, IN 47150

Division of Pari-Mutuel Wagering
Attn: Leon M Biegalski, Director
1940 North Monroe Street
Tallahassee, FL 32399-1035
Facsimile: 850.488.0550

Florida Department of Revenue
Attn: Bankruptcy Unit
P.O Box 6668
Tallahassee, FL 32314-6668

Florida Department of Revenue
c/o Agency Clerk
501 S. Calhoun Street
Room 201, Carlton Building
Tallahassee, FL 32399

Florida Department of Revenue
8175 NW 12th St, Suite 119
Miami Service Center
Miami, FL 33126-1828

Florida Department of Revenue

P.O Box 2007
Oldsmar, FL 34677
Telephone: 813-855-4401
Facsimile: 813-261-1961
Email:greg@tampabaydowns.com,
pnberube@tampabaydowns.com

**GOVERNMENTAL AGENCIES / TAXING
AUTHORITIES**

Division of Alcoholic Beverages and Tobacco
Attn: Allen Douglas, Director
1940 North Monroe Street
Tallahassee, FL 32399
Facsimile: 850.922.5175

Division of Pari-Mutuel Wagering
Southern Division
1400 West Commercial Boulevard, Suite 165
Ft. Lauderdale, FL 33309-3787

David Baddley
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces N.E, Suite 900
Atlanta, GA 30326-1382
Email: atlreorg@sec.gov
Counsel for U.S. Securities and Exchange
Commission

Securities and Exchange Commission
Eric I Bustillo, Regional Director
801 Brickell Ave., Suite1800
Miami, FL 33131

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, FL 33130

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906

Eric Holder, US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**PARTIES IN INTEREST**

5

5050 West Tennessee Street
Tallahassee, FL 32399-0100

**VIA EMAIL ONLY**
Lance A. Schildkraut,
Esq. DiConza Traurig LLP
630 Third Avenue, 7th Floor
New York, NY 10017
Email: las@dtlawgroup.com

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee,  FL 32399-1050

**VIA EMAIL ONLY**
Gerald D. Kelly, Esq.
Claire E. W. Stewart, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
Email:  gkelly@sidley.com

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

**VIA EMAIL ONLY**
Rachel Nanes, Esq.
DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8563
Facsimile: (305) 437-8131
Email: rachel.nanes@dlapiper.com
Local Counsel for Silvermark, LLC
Email:  craig.rasile@dlapiper.com
Local Counsel for Silvermark, LLC

Internal Revenue Service
Special Procedures- Insolvency
7850 SW 6th Court
Plantation, FL 33324

Thomas R. Kreller
Milbank, Tweed, Hadley & McCloy LLP
601 South Figuerora Street, 30th Floor
Los Angeles, CA 90017
Counsel for Silvermark, LLC

**VIA EMAIL ONLY**
Benjamin R. Nagin, Esq.
Adam McClay, Esq.
SIDLEY AUSTIN, LLP
787 Seventh Avenue
New York, NY 10019
Email: bnagin@sidley.com
Email: amcclay@sidley.com

**VIA EMAIL ONLY**
Linda A. Conahan
GUNSTER, YOAKLEY & STEWART, P.A.
450 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
Email:  lconahan@gunster.com

**VIA EMAIL ONLY**
Alexander D. Silverman, Member
William S. Kogan, General Counsel
SILVERMARK LLC
430 Park Avenue, 5th Floor
New York, NY 10022
Email:  alexs@andalex.com
Email:  wkogan@andalex.com

**VIA EMAIL ONLY**
Etan Mark, Esq.
BERGER SINGERMAN, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Email:  emark@bergersingerman.com
Counsel for David Jonas

**VIA EMAIL ONLY**
Craig V. Rasile, Esq.

**VIA EMAIL ONLY**
Christopher A. Jarvinen, Esq. Berger Singerman LLP

6

DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8539
Facsimile: (305) 437-8131
Email: craig.rasile@dlapiper.com
Local Counsel for Silvermark, LLC

1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
E-mail: cjarvinen@bergersingerman.com
Counsel for David Jonas

**VIA EMAIL ONLY**
Andrew D. Zaron, Esq.
DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8523
Facsimile: (305) 437-8131
Email: andrew.zaron@dlapiper.com
Local Counsel for Silvermark, LLC

**VIA EMAIL ONLY**
David Jonas
4 Overlook Ct.
Medford, NJ 8055
Email: davesjonas@gmail.com

Wells Fargo Bank Deposits Bankruptcy
Wells Fargo Bank NA
2701 NW Vaughn St, 5th Floor
Portland, OR 97210

7