UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11

FLORIDA GAMING CENTERS, INC.,                                   Case No. 13-29597-RAM
*et al.*,[1]                                                    (Jointly Administered)

               Debtors.
_____/

**MOTION OF DAVID JONAS, STATE COURT APPOINTED
RECEIVER, TO BE RELIEVED FROM RECEIVERSHIP DUTIES,
INCLUDING THE REQUIREMENT TO MAINTAIN THE SURETY BONDS,
*NUNC PRO TUNC* TO APRIL 30, 2014, THE DATE OF THE CLOSING
OF THE SALE OF THE DEBTORS' ASSETS TO FRONTON HOLDINGS, LLC**

      David Jonas, in his capacity as the state-court appointed receiver (the "Receiver"), by and through his undersigned counsel, and pursuant to the: (i) *Agreed Order Granting, in Part, the Motion of ABC Funding, LLC for an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code and for an Order Directing That David Jonas Remain as Receiver Pursuant to Section 543(d) of the Bankruptcy Code*, dated October 25, 2013 [ECF No. 198] (the "Section 543(d) Order"); (ii) (a) *Final Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Utilize Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Other Relief*, dated October 28, 2013 [ECF No. 201] (the "Final Cash Collateral Order") and (b) the *Supplemental Order* extending the Final Cash Collateral Order through April 30, 2014, dated April 10, 2014 [ECF No. 421] (the "Supplemental Cash Collateral Order" and together with the Final Cash Collateral Order,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Florida Gaming Corporation (0533); Florida Gaming Centers, Inc. (5893); Tara Club Estates, Inc. (9545); and Freedom Holdings, Inc. (4929).

collectively, the "Cash Collateral Orders"); and (iii) section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), files this motion (the "Motion") for an order of the Court relieving the Receiver of all of his duties under the Receiver Order (as defined herein), made applicable to the Debtors' chapter 11 bankruptcy cases pursuant to the Section 543(d) Order, including, but not limited to terminating the surety bonds, *nunc pro tunc* to April 30, 2014, subject to the Receiver preparing, filing and prosecuting any required final report(s), application(s) or other pleading(s) in either the Florida Foreclosure (as defined herein) or this Court, with the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees and expenses, related to such preparation and filing, to be paid by the Debtors as administrative expenses in these chapter 11 cases. In support of this Motion, the Receiver respectfully states as follows:

## BACKGROUND

1.  During 2012, the Honorable Beatrice Butchko ("Judge Butchko") of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade Country, Florida (case no. 12-35064CA58) (the "Florida Foreclosure"), and pursuant to the terms of the *Order Appointing Temporary Receiver Pending Hearing on November 27, 2012* (the "First Receiver Order"), as later amended by the *Agreed Order Appointing Receiver*, entered by Judge Butchko on November 27, 2012 (the "Final Receiver Order" and together with the First Receiver Order, collectively, the "Receiver Order"), appointed the Receiver to manage the "Receivership Property"[2]. The Receivership Property is comprised of substantially all of the property of Florida Gaming Centers, Inc. ("Centers")).

---

[2]    As such term is defined in the Receiver Order.

2.     On August 19, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the clerk of this Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code (the "Chapter 11 Cases").

3.     On August 30, 2013, ABC Funding, LLC (the "Prepetition Agent"), as Administrative Agent for Summit Partners Subordinated Debt Fund IV-A, L.P., Summit Partners Subordinated Debt Fund IV-B, L.P., J.P. Morgan Securities LLC, Locust Street Funding LLC, Canyon Value Realization Fund, L.P., Canyon Value Realization Master Fund, L.P., Canyon Distressed Opportunity Master Fund, L.P., and Canyon-GRF Master Fund II, L.P. (collectively, the "Prepetition Lenders"), filed the *Motion of ABC Funding, LLC for an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code and for an Order Directing that David Jonas Remain as Receiver Pursuant to Section 543(D) of the Bankruptcy Code* [ECF No. 61] (the "Receiver Motion").

4.     On September 9, 2013, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.     On October 25, 2013, the Court entered the Section 543(d) Order granting, in part, the Receiver Motion.  Pursuant to the Section 543(d) Order, the Court authorized the Receiver to remain in possession, custody, and control with respect to the Receivership Property as an excused receiver pursuant to section 543(d)(1) of the Bankruptcy Code and excused the Receiver from complying with the turnover requirements of section 543(a) and (b) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date.  *See* Section 543(d) Order, ¶¶ 2-3.

6. On April 7, 2014, the Court entered the *Order Under 11 U.S.C. §§ 105, 363 and Fed. R. Bankr. P. 2002, 6004, 6006, 9007, 9019, and 9014 Approving (A) Sale of Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Assumption and Assignment of Executory Contracts to Successful Bidder, and (C) Related Relief* [ECF No. 420] (the "Sale Order"). The Sale Order approved the sale of substantially all of the Debtors' assets to Fronton Holdings, LLC ("Fronton").

7. On April 10, 2014, the Court entered the Supplemental Cash Collateral Order extending the Debtors' use of cash collateral, including the services of the Receiver, through April 30, 2014.

8. On May 2, 2014, the Debtors filed the *Notice of Closing* [ECF No. 468] (the "Notice of Closing"). Pursuant to the Notice of Closing, the Debtors provided notice that the closing on the sale of substantially all of the Debtors' assets took place on April 30, 2014. Among other things, the Notice of Closing indicates that substantially all of the assets of Centers (i.e., the Receivership Property) was sold to Fronton.

## JURISDICTION AND PREDICATES FOR RELIEF

9. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The predicates for the relief requested herein are the Section 543(d) Order, the Cash Collateral Order and section 105(a) of the Bankruptcy Code.

## ARGUMENT

12. Section 105 of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to the Section 543(d) Order, the Collateral Orders and section 105 of the Bankruptcy Code, the Receiver requests an order of the Court relieving the Receiver of all of his duties under the Receiver Order, made applicable to the Chapter 11 Cases pursuant to Section 543(d) Order, including, but not limited to terminating the Surety Bonds, *nunc pro tunc* to April 30, 2014, subject to the Receiver preparing, filing and prosecuting any final receivership report(s), application(s) or other pleading(s) as required in either the Florida Foreclosure or this Court (with the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees and expenses, related to such preparation, filing or prosecuting, to be paid by the Debtors as administrative expenses in the Chapter 11 Cases, subject to further order of the Court).

13. As set forth in the Receiver Order, the Receiver took possession of the real and personal property of Centers which was encumbered by, among other things, the mortgages of the Prepetition Lenders. *See* Receiver Order, ¶¶ 1, 6 (as defined therein, the "Receivership Property"). The Sale Order authorized the sale of substantially all of the Debtors' property, including, but not limited to the Receivership Property, to Fronton. The sale closed on April 30, 2014. The proceeds from the sale are being held by the Debtors, and Mr. Jonas has been retained by Fronton, on a temporary basis, to provide management services during the post-closing time period. Due to the fact that all of the property subject to the Receiver Order, made applicable to the Chapter 11 Cases pursuant to the Section 543(d) Order, was sold to Fronton, the Receiver no

longer has any receivership duties in these Chapter 11 Cases, as of the closing of the sale on April 30, 2014.

14. The Section 543(d) order indicates that further order of this Court is required in order to terminate the duties of the Receiver. Accordingly, the Receiver respectfully requests by this Motion to be relieved of this duties under the Receiver Order, made applicable to the Chapter 11 Cases pursuant to the Section 543(d) Order, *nunc pro tunc* to April 30, 2014, subject to preparing, filing and prosecuting any final receivership report(s), application(s) or other pleading(s) in either the Florida Foreclosure or this Court, with the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees, related to such preparation, filing and prosecuting, to be paid by the Debtors as an administrative expense in the Chapter 11 Cases.

15. Pursuant to the Section 543(d) Order, the Receiver and his counsel have been (i) excused from the requirements of sections 327 and 328 of the Bankruptcy Code, (ii) authorized to follow the procedures to, and are being compensated in the ordinary course pursuant to the terms of the Receiver Order, (iii) excused from following the monthly interim fee order entered in these Chapter 11 Cases, and (iv) authorized to seek approval by final applications for all post-petition compensation pursuant to sections 330 and 331 of the Bankruptcy Code. *See* Section 543(d) Order, ¶ 6. If the Court grants this Motion, the Receiver proposes that he and his counsel file final fee applications with this Court within a month of the later of the entry of this order or the entry of a final order terminating the Florida Foreclosure, per the terms of paragraph 6 of the Section 543(d) Order.

16. In addition, the Receiver Order requires the Receiver to maintain a surety bond in the amount of $100,000 (the "Original Surety Bond") and the Section 543(d) Order requires the Receiver to maintain an additional surety bond in the amount of $3,475,330 (the "Additional

Surety Bond" and together with the Original Surety Bond, collectively, the "Surety Bonds"). *See* Section 543(d) Order, ¶ 6. The expenses related to the Surety Bonds are paid for by the Debtors' estates. Throughout the Chapter 11 Cases, the Receiver has timely maintained the Surety Bonds. As a part of the relief requested in this Motion, the Receiver respectfully requests that the Court terminate the requirement that that Receiver maintain the Surety Bonds and release the surety.

**WHEREFORE**, the Receiver respectfully requests the entry of an order in the form attached hereto as **Exhibit "A"**, (i) relieving the Receiver of all of his duties under the Receiver Order, made applicable to the Chapter 11 Cases pursuant to Section 543(d) Order, including, but not limited to terminating the Surety Bonds, *nunc pro tunc* to April 30, 2014, subject to the Receiver preparing, filing and prosecuting any final receivership report(s), application(s) or other pleading(s) required in either the Florida Foreclosure or this Court, with the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees and expenses, related to such preparation, filing and prosecuting, to be paid by the Debtors as administrative expenses in the Chapter 11 Cases; and (ii) granting such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 6th day of May, 2014, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

Dated:  Miami, Florida
　　　　May 6, 2014　　　　　　　　BERGER SINGERMAN LLP

　　　　　　　　　　　　　　　By:　/s/ Christopher A. Jarvinen
　　　　　　　　　　　　　　　　　　Christopher A. Jarvinen
　　　　　　　　　　　　　　　　　　Florida Bar No. 021745
　　　　　　　　　　　　　　　　　　(cjarvinen@bergersingerman.com)
　　　　　　　　　　　　　　　　　　(A Member of the Firm)

　　　　　　　　　　　　　　　1450 Brickell Avenue, Suite 1900
　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　Telephone: (305) 755-9500
　　　　　　　　　　　　　　　Facsimile: (305) 714-4340

　　　　　　　　　　　　　　　*Counsel for David Jonas, in his Capacity as the State Court Receiver*

**CM/ECF SERVICE LIST**

- Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
  allison@claimsrecoveryllc.com

- David W Baddley on behalf of Interested Party U.S. Securities and Exchange Commission
  baddleyd@sec.gov

- Paul J. Battista, Esq on behalf of Creditor Committee The Official Joint Committee of Unsecured Creditors
  pbattista@gjb-law.com, gjbecf@gjb-law.com

- Paul J. Battista, Esq on behalf of Creditor Committee Unsecured Creditors' Committee
  pbattista@gjb-law.com, gjbecf@gjb-law.com

- Becket and Lee LLP, Esq on behalf of Creditor American Express Travel Related Services Co Inc
  notices@becket-lee.com

- Mark D. Bloom, Esq. on behalf of Interested Party Z Cap Florida Gaming, LLC
  bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

- Ira Bodenstein on behalf of Mediator Robert M. Fishman
  ibodenstein@shawgussis.com

- Franck D Chantayan on behalf of Interested Party William Bennett Collett
  franck@chantayan.com

- Ileana Cruz on behalf of Creditor Miami-Dade County Aviation Department
  cao.bkc@miamidade.gov

- Ileana Cruz on behalf of Creditor Miami-Dade County Tax Collector (Darely)
  cao.bkc@miamidade.gov

- Drew M Dillworth on behalf of Creditor ABC FUNDING, LLC, as Agent for SUMMIT PARTNERS SUBORDINATED DEBT FUND IV-A, L.P., SUMMIT PARTNERS SUBORDINATED DEBT FUND IV-B, L.P., JPMORGAN CHASE BANK, N.A., LOCUST STREET FUNDING LLC, CANYON VALUE
  ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

- Drew M Dillworth on behalf of Defendant ABC FUNDING, LLC, as Agent for SUMMIT PARTNERS SUBORDINATED DEBT FUND IV-A, L.P., SUMMIT PARTNERS SUBORDINATED DEBT FUND IV-B, L.P., JPMORGAN CHASE

BANK, N.A., LOCUST STREET FUNDING LLC, CANYON VALUE
ddillworth@stearnsweaver.com,
mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

- John R. Dodd, Esq. on behalf of Interested Party Z Cap Florida Gaming, LLC
  doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

- Fair Harbor Capital LLc (Knox)
  vknox.fh@verizon.net

- Joseph D Frank on behalf of Creditor Bottling Group, LLC, operating collectively with affiliates and their subsidiaries as Pepsi Beverages Company
  jfrank@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com;jkleinman@fgllp.com

- Allison L Friedman on behalf of Creditor Aristocrat Technologies, Inc.
  ralfriedman@hotmail.com

- Michael A Friedman on behalf of Creditor Committee Unsecured Creditors' Committee
  mfriedman@gjb-law.com, gjbecf@gjb-law.com

- Solomon B Genet, Esq. on behalf of Creditor Miami Casino Management, LLC
  sgenet@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

- Ronald E Gold on behalf of Attorney Frost Brown Todd LLC
  rgold@fbtlaw.com

- Harvey W Gurland, Jr on behalf of Creditor GLP Capital, L.P
  hwgurland@duanemorris.com, nmcastillo@duanemorris.com

- Andrew R Herron on behalf of Creditor Miami Gaming Ventures LLC
  aherron@herronortiz.com, ndrubin@herronortiz.com

- Aaron P. Honaker, Esq. on behalf of Interested Party Florida Gaming Corporation
  lee-sin@salazarjackson.com;pacetti@salazarjackson.com

- Aaron P. Honaker, Esq. on behalf of Interested Party Freedom Holding, Inc.
  lee-sin@salazarjackson.com;pacetti@salazarjackson.com

- Aaron P. Honaker, Esq. on behalf of Interested Party Tara Club Estates, Inc.
  lee-sin@salazarjackson.com;pacetti@salazarjackson.com

- Christopher A Jarvinen on behalf of Other Professional David Jonas
  cjarvinen@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com

- Soneet R. Kapila
  mwalker@kapilaco.com

- Linda M Leali, Esq on behalf of Creditor City of Fort Pierce, Florida
  lleali@lealilaw.com

- Linda M Leali, Esq on behalf of Creditor St. Lucie County
  lleali@lealilaw.com

- David B Marks on behalf of Creditor James Stuckert
  brett.marks@akerman.com, charlene.cerda@akerman.com

- David B Marks on behalf of Creditor Solomon O. Howell
  brett.marks@akerman.com, charlene.cerda@akerman.com

- Robert C Meyer on behalf of Creditor Florida Lemark
  meyerrobertc@cs.com, t.legalassistant@gmail.com;rcmeyer@gmail.com

- Miami-Dade County Tax Collector (Darely)
  mdtcbkc@miamidade.gov

- Barnaby L Min on behalf of Creditor Miami-Dade County Tax Collector (Darely)
  bmin@miamigov.com

- Mindy A. Mora, Esq. on behalf of Stockholder Pride's Capital Fund I, L.P.
  mmora@bilzin.com,
  laparicio@bilzin.com;eservice@bilzin.com;lflores@bilzin.com;gdonaire@bilzin.com

- Glenn D Moses, Esq on behalf of Creditor Committee The Official Joint Committee of Unsecured Creditors
  gmoses@gjb-law.com, gjbecf@gjb-law.com

- Glenn D Moses, Esq on behalf of Creditor Committee Unsecured Creditors' Committee
  gmoses@gjb-law.com, gjbecf@gjb-law.com

- Glenn D Moses, Esq on behalf of Financial Advisor Daniel Stermer
  gmoses@gjb-law.com, gjbecf@gjb-law.com

- Office of the US Trustee
  USTPRegion21.MM.ECF@usdoj.gov

- Craig V. Rasile, Esq. on behalf of Interested Party Silvermark LLC
  craig.rasile@dlapiper.com,
  monica.tucker@dlapiper.com,jacqueline.figueroa@dlapiper.com,rachel.nanes@dlapiper.com

5633015-3                                   11

- Heather L. Ries, Esq. on behalf of Creditor AGS Partners, LLC
  hries@foxrothschild.com, ralbert@foxrothschild.com

- Luis Salazar, Esq. on behalf of Debtor Florida Gaming Centers, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Debtor Florida Gaming Corporation
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Debtor Freedom Holding, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Debtor Tara Club Estates, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Interested Party Florida Gaming Corporation
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Interested Party Freedom Holding, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Interested Party Tara Club Estates, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Plaintiff Florida Gaming Centers, Inc.
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Luis Salazar, Esq. on behalf of Plaintiff Florida Gaming Corporation
  salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;

Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

- Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
  Steven.D.Schneiderman@usdoj.gov

- Howard S Toland on behalf of Creditor International Sound Corporation
  htoland@mitrani.com

- Holly E Van Horsten on behalf of Creditor International Union, UAW and its Local 8868
  hvanhorsten@phillipsrichard.com

- Stacia A Wells on behalf of Stockholder Pride's Capital Fund I, L.P.
  swells@bilzin.com, eservice@bilzin.com;lflores@bilzin.com;laparicio@bilzin.com

5633015-3                    13

**EXHIBIT "A"
PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FLORIDA GAMING CENTERS, INC., *et al.*,[1] | Case No. 13-29597-RAM (Jointly Administered) |
| Debtors. _____/ | |

**ORDER GRANTING MOTION OF DAVID JONAS, STATE COURT APPOINTED RECEIVER, TO BE RELIEVED FROM RECEIVERSHIP DUTIES, INCLUDING THE REQUIREMENT TO MAINTAIN THE SURETY BONDS, *NUNC PRO TUNC* TO APRIL 30, 2014, THE DATE OF THE CLOSING OF THE SALE OF THE DEBTORS' ASSETS TO FRONTON HOLDINGS, LLC**

**THIS MATTER** came before the Court on the ___ day of May, 2014 at _____ in Miami, Florida to consider the *Motion of David Jonas, State Court Appointed Receiver, to be Relieved From Receivership Duties, Including the Requirement to Maintain the Surety Bonds,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Florida Gaming Corporation (0533); Florida Gaming Centers, Inc. (5893); Tara Club Estates, Inc. (9545); and Freedom Holdings, Inc. (4929).

5633016-3

*Nunc Pro Tund to April 30, 2014, the Date of the Closing of the Sale of the Debtors' Assets to Fronton Holdings, LLC* [ECF No. ___] (the "Motion")[2] filed by David Jonas (the "Receiver"). In the Motion, the Receiver requests an order of this Court relieving the Receiver of all of his duties under the Receiver Order, made applicable to the Debtors' chapter 11 bankruptcy cases pursuant to the Section 543(d) Order, including, but not limited to terminating the Surety Bonds, *nunc pro tunc* to April 30, 2014, subject to the Receiver preparing, filing and prosecuting any required final receivership report(s), application(s) or pleading(s) in either the Florida Foreclosure or this Court, with the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees and expenses, related to such preparation, filing and prosecution, to be paid by the Debtors as administrative expenses in the Chapter 11 Cases.  The Court, having considered the Motion, finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion was proper and sufficient under the circumstances and no other or further notice is necessary; (v) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is

      **ORDERED** that:

      1.      The Motion is **GRANTED**.

      2.      The Receiver is hereby relieved of all of his duties under the Receiver Order, made applicable to the Debtors' chapter 11 bankruptcy cases pursuant to Section 543(d) Order,

---

[2]    Any term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

5633016-3

including, but not limited to the requirement to maintain the Surety Bonds, *nunc pro tunc* to April 30, 2014.

3. The Surety Bonds are hereby cancelled and the surety is discharged.

4. The Receiver is authorized to prepare, file and prosecute any required final receivership report(s), application(s) or other pleading(s) in either the Florida Foreclosure or this Court (collectively, the "<u>Final Pleaadings</u>") and the reasonable fees and expenses of the Receiver, including any reasonable attorneys' fees and expenses, related to the preparation, filing and prosecution of the Final Pleadings, will be paid by the Debtors as administrative expenses in the Chapter 11 Cases, subject to further order of this Court.

5. Within a month of the later of the entry of this Order or the entry of a final order terminating the Florida Floreclosure, the Receiver and his counsel shall file final fee applications pursuant to paragraph 6 of the Section 543(d) Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

**Submitted by:**

Christopher A. Jarvinen, Esq.
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
cjarvinen@bergersingerman.com

*Counsel to David Jonas, State Court Receiver*

**Copies to:**
Christopher A. Jarvinen, Esq.
*(Attorney Jarvinen shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service)*

3

5633016-3